**FILED**

**AUGUST 3, 2010**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

**RECEIVED**

JUN 2 5 2010
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | |
|---|---|
| LESTER DOBBEY, Plaintiff, | ) ) ) |
| v. | ) ) ) |
| MICHAEL RANDLE, JACKIE MILLER, MARCUS HARDY, SHAUN BASS, MARVIN REED, LESLIE TURNER, Defendants. | ) ) ) ) ) ) ) ) |

10 C 3965

Judge Robert M. Dow, Jr

Magistrate Judge Nan R. Nolan

) JURY TRIAL REQUESTED

## COMPLAINT

### PURSUANT TO 42 U.S.C. § 1983

Plaintiff LESTER DOBBEY, pro se, in the above titled caption, complain of Defendants MICHAEL RANDLE, JACKIE MILLER, MARCUS HARDY, SHAUN BASS, MARVIN REED and LESLIE TURNER, as follows:

### NATURE OF THE ACTION

1. This is a civil action brought pursuant to the First, Eigth and Fourteenth Amendments of the United States Constitution, seeking monetary, declaratory and injunctive relief under 42 U.S.C. § 1983.

To redress deprivations of the Plaintiff's Civil Rights which were precipitated by the unlawful and retaliatory acts and omissions ng to act under the

Michael W. Dobbins, Clerk

_Vettina Franklin_

--------------------------------------

(By) DEPUTY CLERK



**August 4, 2010**

--------------------------------------

Date

## JURISDICTION AND VENUE

2. The Court has jurisdiction over htis matter pursuant to 28 U.S.C.§ 1331 and 1343(a)(3). The declaratory and injunctive relief sought is authorized by 28 U.S.C.§§ 2201,2202,and 2284.

3. Venue is proper pursuant to 28 U.S.C.§ 1391(b)(2),in the United States District Court for the Northern District of Illinois because the facts giving rise to the claims in this Complaint occured in this district.

## PARTIES

4. Plaintiff,Lester Dobbey,is an inmate in the custody of the Illinois Department of Corrections ("IDOC"). Plaintiff is housed at the Stateville Correctional Center,Register No. R16237,P.O. Box 112,Joliet,Illinois 60434,Will County.

5. Defendant Michael Randle,is the Director of the Illinois Department of Corrections while Plaintiff was in custody there.

6. Defendant Jackie Miller,is the Administrative Review Board Chairperson for Inmate Issues of the Illinois Department of Corrections while Plaintiff was in custody there.

7. Defendant Marcus Hardy,is the Chief Administrative Officer and Warden of the Stateville Correctional Center while Plaintiff was confined there.

8. Defendant Shaun Bass is the Grievance Officer of Inmate Issues at the Stateville Correctional Center while Plaintiff was in custody there.

-2-

9. Defendant Marvin Reed,was the Assistant Warden of Operations at the Stateville Correctional Center while Plaintiff was confined there.

10. Defendant Leslie Turner,is the Intelligence Officer/Agent of the Internal Affairs Unit at the Stateville Correctional Center while Plaintiff was confined there.

## STATEMENT OF FACTS

11. The Illinois Department of Corrections is the Operative Bureau for Programs,Institutions and Facilities within "IDOC" and is located at 1301 Concordia Court,P.O. Box 19277,Springfield,Illinois 62794-9277.

12. As the Director of "IDOC",Defendant Michael Randle was legally responsible for various divisions,and the responsibilities and duties placed in the Department by the laws of the State of Illinois. Including,but not limited to,Investigating and Resolving Inmate Issues and Complaints in the Department.

13. As the Administrative Review Board Chairperson of "IDOC", Defendant Jackie Miller was legally responsible for Investigating and Resolving Inmate Issues and Complaints in the Department.

14. The Stateville Correctional Center is one of the facilities within the Illinois Department of Corrections and is located at,Route 53,P.O. Box 112,Joliet,Illinois 60434. Stateville Correctional Center is a Maximum-Security Institution.

15. As the Chief Administrative Officer and Warden of the

-3-

Stateville Correctional Center, Defendant Marcus Hardy was legally responsible for the overall operations of the facility, which is included, but not limited to, the welfare of the inmates, as well as the conduct and discipline, for both, inmates and the Officers working in the facility. Defendant Hardy was legally responsible for, including, but not limited to, following the mission of the Stateville Correctional Center, including ensuring that inmates are confined in a "safe, secure and hummane manner" and to "preserve and premote individual rights and responsibilities."

16. As the Grievance Officer of Inmate Issues of Stateville Correctional Center, Defendant Shaun Bass was legally responsible for, among other things, the review, processing of, and investigation of grievances filed by inmates at the "Stateville CC".

17. As the Assistant Warden of Operations of the Stateville Correctional Center, Defendant Marvin Reed was legally responsible for security-operations, among other things, which included, but not limited to, the welfare of, both, inmates and officers working in the facility. Defendant Reed was legally responsible for, among other things, following the mission of Stateville Correctional Center, and ensuring inmates are confined in a "safe, secure and hummane manner" and to "preserve and premote individual rights and responsibilities".

18. As the Intelligence Officer/Agent of the Internal Affairs Unit of the Stateville Correctional Center, Defendant Leslie Turner was legally responsible for, among other things, the safe, secure and hummane confinement of inmates. Defendant Turner was legally respon-

-4-

ible for, but not limited to, the "preserving and promotion of the individual rights of inmates" and to "investigate all acts of omissions and unlawfulness by "IDOC" staff and inmates in the facility" and to "document, record and report all acts that were made knowledgable."

19. On October 11, 2002 Plaintiff was admitted to "IDOC" after being sentenced to serve a term of 51 years imprisonment, by the Honorable Judge Preston L. Bowie of the Circuit Court of Cook County. (People v. Dobbey, Case No. 00-CR-10872).

20. That same day, Plaintiff was processed for Intake Inquiries at the Joliet Correctional Center, of ("IDOC"), and thereafter transferred.

21. Later that night, October 11, 2002 Plaintiff was transferred to the Stateville Correctional Center for Intake Temporary Housing.

22. Sometime in October of 2002 Plaintiff was transferred to the Menard Correctional Center, of ("IDOC"). Plaintiff remained at "Menard CC" from October 2002 until December 2004.

23. On October 8, 2004 the Appellate Court of Illinois, First Judicial District, in People v. Dobbey, Appeal No. 1-02-3452, Vacated Plaintiff's sentence and Remanded the cause. (see, Exhibit-A, Illinois Appellate Court, Order, page 1.).

24. Sometime in December 2004 Plaintiff was transferred from "Menard CC" to "Stateville CC" under Court Writ Status, awaiting a appearance at Court.

25. Plaintiff remained in "Stateville CC" from December 2004

until February 10,2005.

26. On February 10,2005 Plaintiff was transported to the Cook County Circuit Court by "Stateville CC" staff.

27. The same day,February 10,2005 Cook County Circuit Court Judge Preston L. Bowie,retained jurisdiction of Plaintiff and also released that jurisdiction to the Cook County Sheriff,inwhich,the Plaintiff was transferred over to the Cook County Jail. (People v. Dobbey,Case No. 00-CR-10872).

28. On August 25,2005 Plaintiff was sentenced again to the Illinois Department of Corrections,to serve a term of 51 years imprisonment by the Honorable Judge Preston L. Bowie of the Circuit Court of Cook County. (People v. Dobbey,Case No. 00-CR-10872).

29. On or about,August 29,2005 Plaintiff was transferred from the Cook County Jail to,(Giving jurisdiction),"Stateville CC",the Intake Northern Receiving Center ("NRC") for Intake Inquiries upon Plaintiff's Admittance.

30. Sometime in September 2005 Plaintiff was transferred from "Stateville CC" "NRC" to "Stateville CC" Maximum-Security.

31. On or about,September 14,2005 Plaintiff again was trans-ferred from "Stateville CC" to "Menard CC",where Plaintiff remained until March 21,2007.

32. On March 21,2007 Plaintiff was transferred from "Menard-CC" back to "Stateville CC",due to "IDOC" prison officials acted in racially motivated acts,and retaliatory treatment. (see,Dobbey v. Illinois Department of Corrections,et al.,574 F.3d 443).

-6-

33. On January 19, 2008 Plaintiff was assigned as a Skilled Worker for the Educational Department of "Stateville CC" as Clean-Up, receiving a pay rate of $30.00 for 21 days work. (see, Exhibit-B, "IDOC" OTS, Program/Assignment Sheet).

34. On July 21, 2008 Plaintiff's assignment changed to be a Skilled Worker for the Law Library as an Machine Operator, receiving a pay rate of $30.00 for 21 days work. (see, Exhibit-B, "IDOC" OTS, Program/Assignment Sheet).

35. On December 10, 2008 Plaintiff filed a civil action of, PETITION OF MANDAMUS, to the Circuit Court of Will County for the Order of Medical Treatment. (Dobbey v. Illinois Department of Corrections, et al., Civil No. 08-MR-1270) and (see, Exhibit-C, Court Docket, page 1.).

36. Plaintiff's Petition of Mandamus, at the time, still pending, Plaintiff made numerous complaints to prison officials about his medical condition and getting medical treatment that he needed. Plaintiff also exercised his Protected Rights through the filing of Institutional Grievances and following procedure. Plaintiff then also Supplemented his original Petition of Mandamus. (Dobbey v. I.D.-O.C., et al., Civil No. 08-MR-1270) and (see, Exhibit-C, Court Docket, page 1.).

37. Plaintiff made his complaint to, but not limited to, the Defendant Reed on February 5, 2009, while Plaintiff was at work in the Law Library. (Dobbey v. I.D.O.C., et al., Civil No. 08-MR-1270) and (see, Exhibit-D, Amended Petition of Mandamus).

38. On this same day, February 5, 2009 Plaintiff complained to Defendant Reed about his medical problems of seeing Blood in his Stool. (Dobbey v. I.D.O.C., et al., Civil No. 08-MR-1270) and (see, Exhibit-D, Amended Petition of Mandamus the attached exhibits K and M).

39. Defendant Reed then told Plaintiff, "Shit, that shit be happening to me too..." Plaintiff then asked Defendant Reed, "And what, You don't take it serious?" Defendant Reed answered, "Yeah." (Dobbey v. I.D.O.C., et al., Civil No. 08-MR-1270) and (see, Exhibit-D, Amended Petition of Mandamus the attached exhibits K and M).

40. Plaintiff then further explained to Defendant Reed the exams that had previously been performed on him, and all the individuals Plaintiff had spoken with about the medical problems. And Plaintiff continued to explain to Defendant Reed that he didn't want to continue to stop every person that he would see, to the point that he probably would be deemed a pest, nuisance or malingerer. (Dobbey v. I.D.O.C., et al., Civil No. 08-MR-1270) and (see, Exhibit-D, Amended Petition of Mandamus the attached exhibits K and M).

41. Defendant Reed then told Plaintiff, "It's understandable." (Dobbey v. I.D.O.C., et al., Civil No. 08-MR-1270) and (see, Exhibit-D, Amended Petition of Mandamus the attached exhibits K and M).

42. Plaintiff explained to Defendant Reed that he had filed a grievance in October 2008, which was still pending, but that he had not been answered by the Grievance Officer, nor the Health Care Administrator/Designee. (Dobbey v. I.D.O.C., et al., Civil No. 08-MR-

1270) and (see,Exhibit-D,Amended Petition of Mandamus the attached
exhibits K and M).

43. Defendant Reed then asked Plaintiff,"What are you trying
to achieve?" Plaintiff replied,"Further examinations by a Specialist
or either a X-Ray with Barium,a Colonoscopy,a Gastroscopy,a Biopsy,
or any other exam that would give me a scientific medical conclusive
diagnosis of why I see Blood in my Bowels." (Dobbey v. I.D.O.C.,et
al.,Civil No. 00-MR-1270) and (see,Exhibit-D,Amended Petition of
Mandamus the attached exhibits K and M).

44. Finally,Defendant Reed asked Plaintiff to write down his
information Name,ID. number and cell location. Plaintiff complied.
Defendant Reed then told Plaintiff that he would look into the
matter once he goes to the Health Care Unit. Plaintiff never heard
from Defendant Reed again on the issue. (Dobbey v. I.D.O.C.,et al.,
Civil No. 00-MR-1270) and (see,Exhibit-D,Amended Petition of Manda-
mus the attached exhibits K and M).

45. On March 24,2009 Plaintiff's assignment changed for him
to work in the F-House (Disciplinary Segregated Unit) Law Library,
as a Library Research Clerk,receiving a pay rate of $30.00 for 21
days of work. (see,Exhibit-B,"IDOC" OTS,Program/Assignment Sheet).

46. On April 1,2009 Plaintiff filed another grievance within
"Stateville CC" regarding his medical problems and complained with-
in the grievance of the prison officials who he had talked to about
getting medical help,or his grievance answered,but to no avail,
including,but not limited to Defendant Reed. And explained all

-9-

the conversations of each prison official he talked to in detail.
(Dobbey v. I.D.O.C.,et. al.,Civil No. 08-MR-1270) and (see,Exhibit-D,
Amended Petition of Mandamus the attached exhibits K and M).

47. On August 24,2009 Plaintiff filed in the Circuit Court of
Will County his Amended Petition of Mandamus,attaching as an exhibit
the pending grievance of April 1,2009,that included,but not limited
to,the conversation Plaintiff had with Defendant Reed on February 5,
2009. (Dobbey v. I.D.O.C.,et al.,Civil No. 00-MR-1270) and (see,
Exhibit-D,Amended Petition of Mandamus the attached exhibits K and
M).

48. On September 2,2009 at approximately 10:15 am. while the
Plaintiff was in his cell,Internal Affair Officers I.A.-Officer
Harrington,I.A.-Officer Scharwtz and Defendant Turner came to the
Bravo Cell-House to conduct a search of Cells 415 and Cell 416 where
Plaintiff and his cellie William Conner-K66018 resided in. (see,
Exhibits-E,F and G,Plaintiff's Disciplinary Report,Summary Report
and Grievances).

49. Upon being admonished of the search Plaintiff and Conner
were both taken from their cell and searched by way of a "Pat-Down",
then handcuffed and escorted to the Bravo Cell-House Holding Cage/
Bullpen. (see,Exhibit-G,Plaintiff's Grievance).

50. At approximately 12:00 pm. these same Internal Affair
Officers I.A.-Officer Harrington,I.A.-Officer Scharwtz and Defendant
Turner finished searching Plaintiff's and Conner's cell and went

-10-

down to the main floor carrying Conner's Television, Blue Jean Coat, Trimmers and Plaintiff's Radio. (see, Exhibits-E, F and G, Plaintiff's Disciplinary Report, Summary Report, and Grievances).

51. These same Internal Affair Officers I.A.-Officer Harrington ,I.A.-Officer Scharwtz and Defendant Turner then left the Bravo Cell-House. (see, Exhibits-G, Plaintiff's Grievances).

52. Plaintiff then made inquiry to the Bravo Cell-House Lieu-tenant, Lt.Michelle could he and Conner go back to there cells. Where Lt.Michelle told Plaintiff that he and Conner were getting walked to "SEG." (Disciplinary Segregated Unit). (see, Exhibit-G, Plaintiff's Grievances).

53. Plaintiff and Conner then made inquiry as to why were they being walked. Lt.Michelle told Plaintiff and Conner that he didn't know. (see, Exhibit-G, Plaintiff's Grievances).

54. This same day, September 2, 2009 an Officer/Major-Lake and Defendant Reed, within minutes later, came into the Bravo Cell-House, whereas Plaintiff attempted to stop them both. But Defendant Reed told Plaintiff that he would be back. (see, Exhibit-G, Plaintiff's Grievances).

55. Major-Lake and Defendant Reed then proceeded to go to 4 Gallery where Plaintiff and Conner lived. After leaving 4 gallery, and before leaving the building, Plaintiff stopped Defendant Reed and told Defendant Reed his name. (see, Exhibit-G, Plaintiff's Griev-ances).

56. Defendant Reed told Plaintiff that he knew who Plaintiff was and said,"I know who you are,you're the Grievance and Law Suit Man...". Plaintiff replied,"Yeah." (see,Exhibit-G,Plaintiff Grievances).

57. Plaintiff then asked Defendant Reed did he and Conner have a right to know why they were being walked to Segregation. (see,Exhibit-G,Plaintiff's Grievances).

58. Defendant Reed replied,"Yeah." "But you know why this happened to you." Plaintiff responded,"No. I don't know why. I.A. shook down our cell for like two and a half hours,then just left." (see,Exhibit-G,Plaintiff's Grievances).

59. Defendant Reed stated to Plaintiff that he had just talked to Defendant Turner before they came over. Defendant Reed then further stated to Plainitff,"You know you fucked up. Fucking with me with your Grievance." (see,Exhibit-G,Plaintiff's Grievances).

60. Plaintiff then stated to Defendant Reed,"I didn't lie in it." Defendant Reed then told Plaintiff that he was going to go to see what they had found. (see,Exhibit-G,Plaintiff's Grievances).

61. Defendant Reed then whispered to Officer/Major-Lake and stated,"Dobbey had the nerve to put me in his grievance and law suit." Defendant Reed then left out the Building. (see,Exhibit-G, Plaintiff's Grievances).

62. Thereafter,Lt.Michelle walked past the holding cage/bull-pen,where Plaintiff stopped him and told him that Defendant Reed

had told Plaintiff and Conner that they had a right to know why they were being walked to "SEG.". Lt.Michelle told Plaintiff and Conner,"A possible Tattoo Gun." (see,Exhibit-G,Plaintiff's Grievances).

63. Plaintiff then stated,"A possible...Tattoo Gun!!! They either got a Tatto Gun or they don't!" Lt.Michelle then said to Plaintiff,"Well that's what I.A. just called and said. I don't know what's going on,it's beyond me. I just follow Orders." (see,Exhibit-G,Plaintiff's Grievances).

64. Minutes later,Plaintiff's and Conner's Property Boxes were brought from their cell,where Lt.Michelle and an Officer Herbert fixed Plaintiff and Conner bags of clothing items and cosmedics for segregation. (see,Exhibits-G,Plaintiff's Grievances).

65. Plaintiff then asked Lt.Michelle could he get all of his legal material because he had important court deadlines. Lt.Michelle told Plaintiff that Personal Property would send it to him later. (see,Exhibit-G,Plaintiff's Grievances).

66. Plaintiff also asked could he and Conner get an Inventory Sheet,so that he and Conner could know what was in their poperty boxes or what was missing. Lt.Michelle told Plaintiff that Personal Property would get it to them also. (see,Exhibit-G,Plaintiff's Grievances).

67. At approximately 2:30 pm.,Lt.Michelle walked Plaintiff and Conner to the Segregation Unit,"F-House". (see,Exhibit-G,Plaintiff's Grievances).

68. On September 9,2009 Plaintiff was served a Disciplinary Report by an Officer S. Brown,that was written on September 2,2009. (see,Exhibits-E and G,Plaintiff' Grievances and Disciplinary Report).

69. The Disciplinary Report was written by Defendant Turner and witnessed by I.A.-Officer Schwartz. (see,Exhibit-E and G,Plaintiff's Disciplinary Report and Grievances).

70. Plaintiff's Disciplinary Report alleged offenses of a: 308 Contrband/Unauthorized Property and a 402 Health,Smoking or Safety Violations. (see,Exhibits-E and G,Plaintiff's Disciplinary Report and Grievances).

71. The 308 Contraband/Unauthorized Property charge consisted of that: "An altered clear Etron Radio,having attached a white wire to the on board transformer that was not connected there from the manufacturer,inwhich,the radio had to be taken apart in order to connect the wire to the location." (see,Exhibit-E,Plaintiff' Disciplinary Report).

72. The 402 Health,Smoking,or Safety Violations charge consisted of that: "An altered pair of trimmers that didn't have any ID number on it,that were altered to function as a homemade tattoo gun. And that,R/I observed several new tattoos on Plaintiff's right arm that were not present upon admittance 10/11/02. And that,Plaintiff was documented as only having 2 tattoos on his right arm,now there were several." (see,Exhibit-E,Plaintiff's Disciplinary Report).

73. On September 16,2009 the Disciplinary Adjustment Committee

commenced a Hearing on the Disciplinary Report that was filed against Plaintiff on September 2,2009. (see,Exhibit-F,Summary Report).

74. Conducting the Hearing was Officer/Lieutenant,Lt.Franklin and a Ms.Karen Rabideau. (see,Exhibit-F,Summary Report).

75. During this Hearing Lt.Franklin read to Plaintiff the charges against him on the Disciplinary Report,then asked Plaintiff how did he plea. (see,Exhibit-G,Plaintiff's Grievances).

76. Plaintiff plead "Guilty" to the 308 Contraband/Unauthorized Property,as having the wire on his Radio soley for AM/FM reception. (see,Exhibits-F and G,Plaintiff's Summary Report and Grievances).

77. Plaintiff plead "Not Guilty" to the 402 Health,Smoking or Safety Violations,stating that he had No new tattoos and that the majority of the tattoos that he had never were documented by the "IDOC". Plaintiff then showed the Committee his Presentence Investigation Report as an example,demonstrating that prior to him being admitted to "IDOC" the Circuit Court of Cook County had some documentation of a number of his tattoos,but even they did not have a complete description of all his tattoos. (see,Exhibit-G,Plaintiff's Grievances).

78. Plaintiff furthered explained to the Committee that he had never been seen by the Internal Affairs Unit upon his admittance about tattoos because he did not have any gang tattoos. (see,Exhibit-G,Plaintiff's Grievances).

79. Ms.Karen Rabideau then stated aloud,that she had previously

ran into problems like this in the past,where guys did not have gang tattoos,and that tattoos the guys had were never documented then later I.A. comes around and gets them. (see,Exhibit-G,Plaintiff's Grievances).

80. Lt.Franklin then asked Plaintiff,"So you were not seen by I.A. whenever you were admitted in?" Plaintiff answered,"No." Lt.Franklin then stated to Plaintiff,"Well I.A. suppose to take pictures of all tattoos when you are admitted. I'll talk to them about that...To see why No pictures were taken when you first came in." Plaintiff responded,"Okay." Then the Hearing was concluded. (see,Exhibit-G,Plaintiff's Grievances).

81. Plaintiff had not received a Summary report,where then on September 29,2009 Plaintiff made inquiry to his Counselor Cynthia Haris,regarding his Segregation Status. (see,Exhibit-G,Plaintiff's Grievances).

82. Counselor Harris informed Plaintiff that he was found guilty on both charged offenses,the 308 and 402,and sentenced to 3 months Segregation,3 months Commissary Denial,and 3 months C-grade. The plan dates were to end December 2,2009. (see,Exhibit-G,Plaintiff Grievances).

83. On October 3,2009 Lt.Franklin worked in "F-House" (SEG.), as the 3 to 11 pm. Cell-House Lieutenant. Whereas Lt.Franklin then commenced to do rounds and walk around every gallery of the Cell-House. (see,Exhibit-G,Plaintiff's Grievances).

-16-

84. Upon Lt.Franklin reaching Plaintiff's cell. Cell 252,Plain-
tiff stopped Lt.Franklin and made inquiry as to the findings within
Plaintiff'S Disciplinary Hearing. Plaintiff made specific inquiry
about the 402 Health,Smoking,or Safety Violations,inwhich,Plaintiff
was found guilty. (see,Exhibit-G,Plaintiff's Grievances).

85. Plaintiff then reshowed Lt.Franklin the Disciplinary Re-
port and evidence that Plaintiff had submitted. Lt.Franklin told
Plaintiff that he did recall the report and evidence,and that he
had talked to I.A. after the Hearing,and that I.A. gave him some
information based on Plaintiff's initial admittance to "IDOC" on
10/11/02,and that I.A. said Plaintiff had to many tattoos. (see,
Exhibit-G,Plaintiff's Grievances).

86. Plaintiff then explained again to Lt.Franklin that he had
never been seen by I.A.,nor photographed for tattoos upon his admit-
tance to "IDOC" on 10/11/02 or August of 2005. (see,Exhibit-G,Plain-
tiff Grievances).

87. Plaintiff further explained to Lt.Franklin that on Febru-
ary 10,2005 Plaintiff was released from "IDOC" custody,care,control
and jurisdiction,and that the Cook County Jail retained custody,care,
control and jurisdiction of Plaintiff on February 10,2005,due to the
Appellate Court of Illinois,First Judicial District vacating Plain-
tiff's sentence on October 8,2004. (see,Exhibit-G,Plaintiff's Griev-
ances).

88. Plaintiff further explained that he was re-admitted to the

"IDOC" on August 29, or 30, 2005 in which, again he was still never seen or photographed by I.A., in which, he had been admitted to the "IDOC" twice. Plaintiff explained to Lt.Franklin that he had approximately 2 dozen undocumented tattoos. (see, Exhibit-G, Plaintiff's Grievances).

89. At this time of dialogue with Lt.Franklin, Plaintiff did not have the actual Summary Report results and was basing his comments on the information he had receieved from his Counselor Harris. (see, Exhibit-G, Plaintiff's Grievances).

90. As Plaintiff continued to talk to Lt.Franklin, Plaintiff thought that he had also found him guilty of the Altered Trimmers after Plaintiff had attached to his defense statement an affidavit from his cellie Conner. (see, Exhibit-G, Plaintiff's Grievances).

91. Lt.Franklin then told Plaintiff, "Well that don't matter because I didn't Max you out when I.A. told me not to be lieneant. (see, Exhibit-G, Plaintiff's Grievances).

92. Plaintiff then explained to Lt.Franklin how could he Max him out when the said Disciplinary Report was only his second one since 10/11/02, and his first time in "SEG.". Lt.Franklin then told Plaintiff to put in for a time-cut to his Counselor. Thereafter, their conversation was concluded. (see, Exhibit-G, Plaintiff Grievances).

93. On October 15, 2009 Plaintiff filed (3) Grievances regarding Retaliatory Treatment and his Disciplinary Report. (1) Grievance of Emergency to the Warden; (1) Grievance to Counselor Cynthia Harris; and (1) Grievance to the Grievance Officer. (see, Exhibit-G, Plaintiff Grievances).

-18-

94. Plaintiff based his October 15,2009 Grievance on Retaliation from Defendant Reed,upon Defendant Reeds comments against Plaintiff for filing Grievances and Law Suits against Defendant Reed. (see,Exhibit-G,Plaintiff's Grievances) and (see,Exhibit-D, Amended Petition of Mandamus).

95. Plaintiff also based this same Grievance on Defendant. Turner and I.A.-Officer Schwartz falsely charging him with violations without properly investigating first their allegations of the 402 charge. (see,Exhibit-G,Plaintiff's Grievances).

96. Plaintiff also based this same Grievance on the same I.A. members I.A.-Officer Schwartz and Defendant Turner knowing prior to writing the Disciplinary Report against Plaintiff that he was admitted to "IDOC" twice. (see,Exhibit-G,Plaintiff's Grievances).

97. Plaintiff based this same Grievance on that he had all of his tattoos prior to being admitted to "IDOC". (see,Exhibit-G, Plaintiff's Grievances).

98. Plaintiff based this same Grievance on Lt.Franklin finding him guilty on the 402 charge,when Lt.Franklin knew there wasn't any protocol followed when Plaintiff was admitted to substantiate the allegations in the Disciplinary Report. (see,Exhibit-G,Plaintiff's Grievances).

99. Plaintiff based this same Grievance on the I.A. members, per se,Defendant Turner came to search his cell on 9/2/09 in some form of retaliation due to Plaintiff filing grievances and civil litigation. (see,Exhibit-G,Plaintiff's Grievances).

100. Finally, Plaintiff based this same Grievance on him being fired from his legal institutional job. (see, Exhibit-G, Plaintiff's Grievances).

101. Plaintiff requested (8) points for relief of his Grievances dated October 15, 2009. (see, Exhibit-G, Plaintiff's Grievances).

102. (1) That he would like to have the pair of trimmers that he found guilty on expunged. (see, Exhibit-G, Plaintiff's Grievances).

103. (2) That he would like the reviewing personnel, reviewing the grievance, to review his Master File and answer whether or not was he released from "IDOC" custody, care, control and jurisdiction on February 10, 2005. (see, Exhibit-G, Plaintiff's Grievances).

104. (3) That he would like the reviewing personnel, to review his Master File and answer whether or not if he was re-admitted to "IDOC" custody, care, control and jurisdiction on or about August 29, or 30, 2005. (see, Exhibit-G, Plaintiff's Grievances).

105. (4) That based on his re-admittance 8/29 or 30/05, wouldn't the 402 Health, Smoking, or Safety Violations charge have to be based on the re-admittance date rather than the original date he was admitted to "IDOC". (see, Exhibit-G, Plaintiff's Grievances).

106. (5) That he wanted the 402 Health, Smoking, or Safety Violations charge expunged from his record. (see, Exhibit-G, Plaintiff's Grievances).

107. (6) That he wanted his Job back. (see, Exhibit-G, Plaintiff's Grievances).

108. (7) That he wanted I.A.-Officer Schwartz and Defendant

Turner to be suspended for 60 days without pay, and removed from the Internal Affairs Unit, for their lack of professionalism and abuse of authority. (see, Exhibit-G, Plaintiff's Grievances).

109. Not to be Retaliated against. (see, Exhibit-G, Plaintiff's Grievances).

110. On November 7, 2009 Counselor Cynthia Harris responded to Plaintiff's Grievance informing him that he needed to attach to the Grievance a copy of the Disciplinary Report or Summary. (see, Exhibit-G, Plaintiff's Grievances).

111. On December 21, 2009 Defendant Shaun Bass responded to Plaintiff's Grievance stating that, "Based upon a total of all available information, it is recommended that grievance be DENIED. Unable to substantiate this incident occurred any other way than reported." (see, Exhibit-H, Plaintiff's Grievance Officers Response).

112. On December 28, 2009 Defendant Marcus Hardy concurred with the denial of Plaintiff's Grievance. (see, Exhibit-H, Warden Response).

113. On January 7, 2010 Plaintiff submitted an additional Grievance for the appeal of the Grievance Officer and Warden response. (see, Exhibit-I, Plaintiff's Appeal Grievance).

114. Plaintiff stated within this same Grievance, that he had filed a Retaliatory Grievance to Stateville C.C. Grievance Officer based on a Disciplinary Report he was written on 9/2/09. And that the Disciplinary Report charge of 402, which was based on tattoos, should have been expunged. (see, Exhibit-I, Appeal Grievance).

115. Plaintiff further explained that the Grievance Officer

refused to look into his Master File to verify his statement that
on 10/8/04 the Appellate Court of Illinois,1st Judicial District
vacated his sentence to "IDOC",and that on 2/10/05 he was remanded
to Cook County Jail,where "IDOC" lost parent jurisdiction,custody,
care and control of him. (see,Exhibit-I,Appeal Grievance).

116. Plaintiff further explained that his Disciplinary Report
should not have been based on his admittance 10/11/02,but rather
that it should have been based on when he was re-admitted 8/29/05
back to "IDOC". Which made the 402 charge VOID. And that the Griev-
ance Officer did not investigate his claim. (see,Exhibit-I,Appeal
Grievance).

117. Plaintiff explained also,in this same Grievance,that the
Grievance Officer attached to his Grievance and Response a Summary
Report where the Warden signature was not on the Summary Result.
(see,Exhibit-I,Appeal Grievance).

118. Plaintiff requested for the relief,that he wanted the
9/2/09 Disciplinary Report expunged from his record and that he
wanted his institutional job back as a law clerk. (see,Exhibit-I,
Appeal Grievance).

119. On January 25,2010 Defendants Jackie Miller and Defendant
Michael Randle responded to Plaintiff's Grievances. (see,Exhibit-J,
ARB-Response).

120. Defendants Miller and Defendant Randle responded to Plain-
tiff's Grievances by stating that they had reviewed the Disciplin-
ary Report that was written by Defendant Turner,and had reviewed

-22-

the Adjustment Committee recommendation, and reviewed Defendants Bass and Defendants Hardy recommendation. And that based on a total re-view of all available information and a compliance check of the procedural due process safegaurds, the ARB-Office was reasonably satisfied Plaintiff committed the offenses and recommeded the Plain-tiff's grievance be denied. (see, Exhibit-J, ARB-Response).

121. Plaintiff thereafter mailed letters to "IDOC" Officials and the "IDOC" Internal Affair Units admonishing them that he wished to invoke his rights to the constitution and not speak with any of it member or agents without the presence of his attorneys. (see, Exhibit-K, Plaintiff's Letter to Officials).

### VIOLATIONS OF PLAINTIFF'S CONSTITUTIONAL RIGHTS

122. Plaintiff realleges and incorporates by reference Para-graphs 1 through 124 of this Complaint.

123. As outlined above, Plaintiff exhausted his administrative remedies for his allegations through the prison's internal griev-ance process.

124. Plaintiff has rights protected by the First, Eigth and Fourteenth Admendments of the United States Constitution. These rights include the right to free speech, the right to be free from cruel and unusual punishment, and due process of laws.

125. Plaintiff exercised his Constitutional protected rights to free speech and to petition the government for redress by filing grievances and civil action regarding Defendant's Reed conduct in

failing to have Plaintiff's medical problems properly addressed as evidenced by Plaintiff's earlier filed Grievances and Civil Action.

126. Defendant Reed, Assistant Warden, acting under the color of State law, violated Plaintiff's 1st Amendment protected right to free speech and to petition the government for redress of grievances, regarding the Grievances and Civil Action earlier filed, when Defendant Reed initiated other prison officials, per se, Defendant Turner to retaliate and discipline Plaintiff maliciously.

127. Defendant Turner, Internal Affair Intelligence Officer/Agent, acting under the color of State law, violated Plaintiff's 1st and 8th Amendment protected rights to free speech and to petition the government for redress of grievances, and rights to be free from cruel and unusual punishment, when Defendant Turner Turner with all malicious intent retaliated against Plaintiff for Defendant Reed by the discipline and false charges of 402 Health, Smoking, or Safety Violations, where such results of the false charge enforced the punishment of 3 months in the Disciplinary Segregated Unit, 3 months Commissary Denial, and 3 months C-Grade.

128. Defendant Bass, Grievance Officer, acting under the color of State law, violated Plaintiff's 1st and 14th Amendment protected rights to free speech and to petition the government for redress of grievances, and due process, by failing to adequately investigate Plaintiff's October 15, 2009 Grievance regarding the retaliation for his earlier filed Grievances and Civil Action against Defendant Reed, and by fail-

-24-

ing to adequately investigate the false 402 Health,Smoking,or Safety Violations charge by Defendant Turner,which resulted in the punishment of 3 months in the Disciplinary Segregated Unit,3 months Commissary Denial,and 3 months C-Grade,which was instituted soley because Plaintiff exercised his 1st Amendment rights earlier against the Defendant Reed.

Defendant Bass,thereby,retaliated against Plaintiff by permitting and enforcing this retaliatory punishment against Plaintiff,which was instituted soley when Plaintiff exercised his 1st Amendment right in earlier filed Grievances and Civil Action against Defendant Reed.

129. Defendant Hardy,Chief Administrative Officer and Warden,acting under the color of State law,violated Plaintiff's 1st and 14th Admendment protected rights to free speech and to petition the government for redress of grievances,and due process,by failing to adequately investigate Plaintiff's October 15,2009 Grievance regarding the retaliation for his earlier filed Grievances and Civil Action against Defendant Reed,and by failing to adequately investigate the false 402 Health,Smoking,or Safety Violations charge by Defendant Turner,which resulted in the punishment of 3 months in the Disciplinary Segregated Unit,3 months Commissary Denial,and 3 months C-Grade,which was instituted solely because Plaintiff exercised his 1st Amendment rights earlier against Defendant Reed.

Defendant Hardy,thereby also,retaliated against Plaintiff by his permitting and enforcing this retaliatory punishment against Plaintiff,

which was instituted soley when Plaintiff exercised his 1st Amend-
ment rights in earlier filed Grievances and Civil Action against
Defendant Reed.

130. Defendant Miller, Administrative Review Board-Chairperson,
acting under the color of State law, violated Plaintiff's 1st and
14th Amendment protected rights to free speech and to petition the
government for redress of grievances, and due process, by failing to
adequately investigate Plaintiff's October 15, 2009 and January 7,
2010 Grievances regarding the retaliation for his earlier filed
Grievances and Civil Action against Reed, and by failing to adequate-
ly investigate the false 402 Health, Smoking, or Safety Violations
charge by Defendant Turner, which resulted in the punishment of 3
months in the Disciplinary Segregated Unit, 3 months Commissary De-
nial, and 3 months C-Grade, which was instituted soley because the
Plaintiff exercised his 1st Admendment rights earlier against the
Defendant Reed.

Defendant Miller, thereby, retaliated against Plaintiff by the
permitting and enforcing this retaliatory punishment against Plain-
tiff, which was instituted solely when Plaintiff exercised his 1st
Amendment rights in earlier filed Grievances and Civil Action against
Defendant Reed.

131. Defendant Randle, Director of "IDOC", acting under the color
of State law, violated Plaintiff's 1st and 14th Admendment protected
rights to free speech and to petition the government for redress of

grievances, and due process, by failing to adequately investigate
Plaintiff's October 15, 2009 and January 7, 2010 Grievances regard-
ing the retaliation for his earlier filed Grievances and Civil
Action against Defendant Reed, and by failing to adequately investi-
gate the false 402 Health, Smoking, or Safety Violations charge by
Defendant Turner, which resulted in the punishment of 3 months in
the Disciplinary Segregated Unit, 3 months Commissary Denial, and 3
months C-Grade, which was instituted solely because the Plaintiff
exercised his 1st Amendment rights earlier against Defendant Reed.

Defendant Randle, thereby also, retaliated against Plaintiff by
permitting and enforcing this retaliatory punishment against the
Plaintiff, which was instituted solely when Plaintiff exercised his
1st Amendment rights earlier in filed Grievances and Civil Action
against Defendant Reed.

WHEREFORE, Plaintiff prays for judgment against Defendants
as follows:

A. A declaration that the acts and omissions of Defendants
   violated Plaintiff's Constitutionally protected rights;

B. A permanent injunction prohibiting Defendants in further
   retaliatory treatment against Plaintiff;

C. Compensatory damages in the amount of $150,000.00 per
   each Defendant;

D. Punitive damages in the amount of $250,000.00 per each
   Defendant;

E. Plaintiff's cost and fees in prosecuting this action;

F. The expungment of Plaintiff's September 2, 2009 Disciplinary Report by Defendant Turner;

G. The Order to reassign Plaintiff to an institutional job;

H. Any further relief that the Court deems just and proper.

Plaintiff, Lester Dobbey, declares, under the penalty of perjury, that he has read this Complaint, and that the information contained herein, are both true and correct made upon his personal knowledge and belief.

Respectfully Submitted,

/s/

SUBSCRIBED AND SWORN BEFORE ME
ON THIS, 31ST, DAY OF, MARCH,
2010.

K. Mile,

NOTARY PUBLIC.

Lester Dobbey-R16237
Stateville C.C.
Route 53, P.O. Box 112
Joliet, Illinois 60434

OFFICIAL SEAL
SHERWIN K. MILES
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 5-20-2012

-28-

**EXHIBIT-A**

changed or corrected prior to the
time for filing of a Petition for
Rehearing or the disposition of
the same.

FIFTH DIVISION
October 8, 2004

No. 1-02-3452

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court |
| Plaintiff-Appellee, | ) | of Cook County. |
| | ) | |
| v. | ) | No. 00 CR 10872 |
| | ) | |
| LESTER DOBBEY, | ) | Honorable |
| | ) | Preston L. Bowie, |
| Defendant-Appellee. | ) | Judge Presiding. |

ORDER

Defendant, Lester Dobbey, appeals his jury conviction for murder and attempted murder and his consecutive sentence of 45- years' and six-years' imprisonment. Upon appeal, defendant contends that: (1) the trial court erred by admitting gang evidence; (2) the prosecutor made improper remarks during opening statement and closing argument; (3) the trial court failed to conduct an adequate inquiry into defendant's allegations of ineffective assistance of counsel before denying his pro se motion for a new trial; (4) the trial court erred by failing to strictly comply with Supreme Court Rule 401 before allowing defendant to proceed pro se on his posttrial motions; and (5) he received an unconstitutional sentence when the trial court imposed the 25-year sentence enhancement mandated by section 5-8-1(a)(1)(d)(iii) of the Unified Code of Corrections. We vacate defendant's sentence and remand for further posttrial proceedings.

**EXHIBIT-B**

Case: 1:10-cv-03968 Document: 443e030c7fe8fe3f Page 32 of 154 PageID #:207

IDOC#: R16237 DOBBEY, LESTER      1 A M  STA-B -04-16     05/10/2050

```
          ASSIGNMENT        S P    START      ASGN        COMMENTS
--DESCRIPTION/CODE- -T R- --DATE-- -COMMENTS- -DESCRIPTION     RATE

F HOUSE, LAW LIBRARY
STA  7122  03  9115   A Y  03 24 09  LRC/A/1.43   LIBRARY RSRCH CLRK 21 DAYS $30

LIBRARY, MACHINE OPERATO
STA  7026  01  0330   T Y  07 21 08  SKW/A/1.43   SKILLED WORKER     21 DAYS $30

BLACK HEBREW ISRAELITE, PARTICIPANT
STA  5155  02  0009   T N  09 08 08               NOT FOUND

EDUCATION, CLEAN-UP
STA  7004  01  0740   T Y  01 19 08  SKW/A/1.43   SKILLED WORKER     21 DAYS $30
```

NEXT KEY DATA: IDOC #: R16237
PF7: PAGE BACK  PF8: PAGE FWD

**EXHIBIT-C**

Mandamus

2008 MR 001270   Judge: RICHARDSON, JR MARZEL From  0/00/0000 To 99/99/9

| Case Names | Attorney Names | All Entries Fo |
|---|---|---|
| DOBBEY LESTER | Pro Se | |
| VS | | |
| ILLINOIS DEPARTMENT OF CO | | |
| STATEVILLE CORRECTIONAL C | | |

__Date__

12/10/2008 Mandamus Fee Waived  Plaintiff DOBBEY LESTER
Defendant ILLINOIS DEPARTMENT OF CORRECT

12/10/2008 Petition FOR LEAVE TO FILE PETITION OF MANDAMUS
Return Date Jan 09,2009 10:30AM Judge HABEAS CALL

12/10/2008 Petition OF MANDAMUS

12/10/2008 Motion TO PROCEED IN FORMA PAUPERIS

12/10/2008 Exhibit(s)

1/09/2009
        Cause comes on for Leave To File Petition Of Mandamus. Plaintiff is
        given leave to File. Cause continued to 1/22/09, 10:30 A.M.
        Judge:RICHARDSON, JR MARZE   Rep:ELECTRONIC RECORDING     M

1/09/2009
        Copy of Minute Entry mailed to plaintiff of record this date,
        January 28, 2009.
        Document DELMD Was Printed
        Judge:RICHARDSON, JR MARZE   Rep:ELECTRONIC RECORDING     M

1/28/2009 Updating - Matter reset to 2/26/09.
        Due to scheduling error, matter reset for 2/26/09 in courtroom 305 at
        10:30 AM.
        Return Date Feb 26,2009 10:30AM Judge HABEAS CALL

2/26/2009
        Cause comes on for first appearance on the Mandamus call. The
        application to proceed as a poor person is granted. Summons to
        issue.
        Document HCORDENT Not Printed
        Status Apr 23,2009 10:30AM Judge HABEAS CALL
        Judge:RICHARDSON, JR MARZE   Rep:ELECTRONIC RECORDING    Clerk:CCGN  M

2/26/2009
        Letter issued this date, February 26, 2009.
        Document CJDEL Was Printed
        Judge:RICHARDSON, JR MARZE   Rep:ELECTRONIC RECORDING    Clerk:CCGN  M

3/17/2009 Proof/Certificate of service

3/17/2009 Supplemental petition for mandamus

4/23/2009
        No one appears on behalf of the plaintiff. Case is called for

        C O N T I N U E D   O N   N E X T   P A G E

COURT DOCKET — WILL COUNTY CIRCUIT CLERK                    CSP048
Case: Case 1:10-cv-03969 Document 1 Filed 06/25/10 Page 35 of 154 PageID #:210
                                                    Date:  3/22/2010
                    Mandamus                        Time: 13/39/36
                                                    Page:     2
2008 MR 001270  Judge: RICHARDSON, JR MARZELFrom  0/00/0000 To 99/99/9
                                                    User: CCGN

___Date___

4/23/2009 return of service on summon. No proof of service as to defendant.
          Plaintiff to serve summons or the case will be dismissed for want
          of prosecution. Blank summons mailed to Plaintiff. No written order.
          Document HCORDENT Was Printed
          Alias Summons Jun 25,2009 10:30AM Judge HABEAS CALL
          Judge:RICHARDSON, JR MARZE   Rep:ELECTRONIC RECORDING   Clerk:HRTD  M

4/23/2009
          Copy of Minute Entry / Court Order mailed to plaintiff of record
          this date, April 28, 2009.
          Document HCDEL Was Printed
          Judge:RICHARDSON, JR MARZE   Rep:ELECTRONIC RECORDING   Clerk:HRTD  M

5/06/2009 Summons issued for Warden F. Shaw

5/06/2009 Summons Director Roger E. Walker

5/06/2009 Proof of service

5/18/2009 Proof of Service (file-stamped copy returned to plaintiff on 5/20/09)
          FILED BY  Plaintiff DOBBEY LESTER

5/18/2009 Plaintiff's Affidavit/Declaration of Service of Summons FILED BY
          Plaintiff DOBBEY LESTER

5/18/2009 Exhibit(s) A - D

6/24/2009 Proof of Service (file-stamped copy returned to plaintiff) FILED BY
          Plaintiff DOBBEY LESTER

6/24/2009 Declaration For Entry of Default FILED BY  Plaintiff DOBBEY LESTER

6/24/2009 Motion for Default Judgment FILED BY  Plaintiff DOBBEY LESTER

6/25/2009
          Plaintiff does not appear. Defendant has not been served. Cause
          comes on for status on service. Plaintiff has obtained improper
          service. Service must be obtained by Sheriff and cannot be made
          thru the mail. Plaintiff is given additional time to obtain
          service. Matter is continued for further proof of service to
          08/27/2009 at 10:30am. Blank summons mailed to Petitioner this
          date. No written order.
          Document HCORDENT Not Printed
          Status Aug 27,2009 10:30AM Judge HABEAS CALL
          Judge:RICHARDSON, JR MARZE   Rep:ELECTRONIC RECORDING   Clerk:KESE  M

6/25/2009
          Copy of Minute Entry / Court Order mailed to plaintiff of record
          this date, June 26, 2009.
          Document HCDEL Was Printed
          Judge:RICHARDSON, JR MARZE   Rep:ELECTRONIC RECORDING   Clerk:KESE  M

            C O N T I N U E D   O N   N E X T   P A G E

COURT DOCKET - COOK COUNTY CIRCUIT CLERK    CSP048
Case: 1:10-cv-05905   Document #: 1 Filed: 09/23/10 Page 36 of 154 PageID #:211
Date:  3/22/2010
Mandamus                                         Time: 13/39/36
Page:    3
2008 MR 001270   Judge: RICHARDSON, JR MARZEL From   0/00/0000 To 99/99/9
User: CCGN

___Date___

8/24/2009 Letter FILED BY  Plaintiff DOBBEY LESTER

8/24/2009 Proof of service

8/24/2009 Motion to proceed in forma pauperis

8/24/2009 Petition for leave to file petiton of mandamus

8/24/2009 Petition Supplemental Petition of mandamus

8/24/2009 Amended Petition of mandamus

8/25/2009 Proof of service

8/25/2009 Amended Petition of mandamus

8/27/2009
          Assistant Attorney General, Saira Alikhan is present. Plaintiff
          does not appear. Cause comes on for further proof of service. On
          the last court date defendant was ordered to complete proper
          service on defendants. No proper service in file. Matter is
          dismissed for want of prosecution.
          Document HCDMDL Was Printed
          Status:Dismissed Case  Aug 27,2009
          Judge:RICHARDSON, JR MARZE   Rep:ELECTRONIC RECORDING      M

8/27/2009
          Copy of Minute Entry mailed to plaintiff of record this date,
          September 3, 2009.
          Document DELMD Was Printed
          Judge:RICHARDSON, JR MARZE   Rep:ELECTRONIC RECORDING      M

8/27/2009 File is Closed / Dismissed
          Status:Closed  Report:Terminated  Aug 27,2009
          Judge:RICHARDSON, JR MARZE   Rep:ELECTRONIC RECORDING      M

9/08/2009 Summons Returned Served ON STATEVILLE CORRECTIONAL CENTER ON 09/04/09
          LEFT WITH MICHAEL JADROM

10/13/2009 Notice of Motion FILED BY ATTY SAIRA ALIKHAN (CALLED ATTY AS TO NOT A
          REGULAR HABEAS DATE)

10/13/2009 Defendants MOTION TO DISMISS FILED BY ATTY SAIRA ALIKHAN

10/20/2009 Notice of Motion AMENDED
          Motions Oct 29,2009 10:30AM Rm305  Judge RICHARDSON, JR Canceled

10/22/2009
          Defendant present by Assistant Attorney General SAIRA ALIKHAN.
          Matter comes on Saira Alikhan oral motion to strike October 29,
          2009 date.  Motion is granted.  Matter ordered stricken. (no file
          in court/nes)
          Judge:RICHARDSON, JR MARZE   Clerk:NEST  M

C O N T I N U E D   O N   N E X T   P A G E

COURT DOCKET WILL COUNTY CIRCUIT CLERK                    CSP048
Case: Case 1:10-cv-03965 Document 1 Filed 06/25/10 Page 37 of 154 PageID #:212
                                                    Date:  3/22/2010
                        Mandamus                    Time: 13/39/36
                                                    Page:    4
     2008 MR 001270  Judge: RICHARDSON, JR MARZELFrom  0/00/0000 To 99/99/9
                                                    User: CCGN

   Date
10/26/2009 Docket Sheet Letter
           Document HCDSL Was Printed

10/26/2009 Letter FILED BY  Plaintiff DOBBEY LESTER
           Judge:RICHARDSON, JR MARZE    Clerk:CCGN  M

11/03/2009 Letter FILED BY  Plaintiff DOBBEY LESTER

 3/18/2010 Letter FILED BY  Plaintiff DOBBEY LESTER

 3/18/2010
           Document HCDSL Was Printed
           Judge:RICHARDSON, JR MARZE    Clerk:CCGN  M

**EXHIBIT-D**

IN THE

CIRCUIT COURT OF WILL COUNTY

CIVIL LAW DIVISION

LESTER DOBBEY,                    )
Plaintiff,                        )
                                  )
-VS-                              ) Case No. 08-MR-1270
                                  )
I.D.O.C./STATEVILLE C.C.,         )
Defendants.                       )

PROOF OF SERVICE

To: Circuit Court of Will County    To: Will County Sheriff Office
    14 West Jefferson Street            14 West Jefferson Street
    Joliet,Ill. 60432                   Joliet,Ill. 60432

To: Warden-Anthony Ramos            To: Director-Michael Randle
    Route 53/P.O. Box 112               1301 Concordia Ct./P.O. Box
    Joliet,Ill. 60434                   19277,Springfield,Ill. 62794

PLEASE TAKE NOTICE,that on August 18,2009,I have placed in the insti-
tutional mail at Stateville Correctional Center,for the U.S. Postal
Service,properly addressed to the parties listed above: (1) Summons
to Warden-A. Ramos,attached with Amended Mandamus ; (1) Summons to
Director-M.Randle,attached with Amended Mandamus.

PLEASE TAKE NOTICE,that I ask this Clerk Office to Seal Stamp the
Summons and forward the Summons and Mandamus' to the Will County
Sheriff Office,where the Sheriff can Issue and Service the Summons
upon both parties listed above.

SUBSCRIBED AND SWORN BEFORE ME
ON THIS, 18th, DAY OF, August,          /s/
2009.                                   Lester Dobbey-R16237
                                        Stateville C.C.
                                        P.O. Box 112
NOTARY PUBLIC.                          Joliet,IL 60434

OFFICIAL SEAL
PHYLLIS BAKER
Notary Public - State of Illinois
My Commission Expires Feb 07, 2011

IN THE

CIRCUIT COURT OF WILL COUNTY

CIVIL LAW DIVISION

LESTER DOBBEY,                    )
Plaintiff,                        )
                                  )
-VS-                              )  Case No. 08-MR-1270
                                  )
I.D.O.C./STATEVILLE C.C.,         )
Defendants.                       )

PROOF OF SERVICE

To: Circuit Court of Will County   To: Warden-Anthony Ramos
    14 West Jefferson Street           Route 53/P.O. Box 112
    Joliet,Ill. 60432                  Joliet,Ill. 60434

To: Director-Michael Randle
    1301 Concordia Court
    Springfield,Ill. 62794

PLEASE TAKE NOTICE,that on August 18,2009,I have placed in the insti-
tutional mail at Stateville C.C.,for the U.S. Postal Service,properly
addressed to the parties listed above: (5) copies Amended Mandamus
Petition,(2) which were sent to this Clerk to have Summons Sealed
and forwarded to Will County Sheriff Office to be served.
PLEASE TAKE NOTICE,that I ask this Clerk for a Filed Stamped copy
of this Amended Mandamus Petition,for my personal,pro se,File.

SUBSCRIBED AND SWORN BEFORE ME        /s/
ON THIS,18th,DAY OF, August,              Lester Dobbey-R16237
2009.                                     Stateville C.C.
                                          P.O. Box 112
                                          Joliet,Ill. 60434
NOTARY PUBLIC.

OFFICIAL SEAL
PHYLLIS BAKER
Notary Public - State of Illinois
My Commission Expires Feb 07, 2011

IN THE

CIRCUIT COURT OF WILL COUNTY

CIVIL LAW DIVISION

LESTER DOBBEY,　　　　　　　　　)
Plaintiff,　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　)
-VS-　　　　　　　　　　　　　　　) Case No. 08-MR-1270
　　　　　　　　　　　　　　　　　)
I.D.O.C.,et al.,　　　　　　　　　)
Defendants.　　　　　　　　　　　)

AMENDED PETITION OF MANDAMUS

　　　　The plaintiff,Lester Dobbey,pro se,moves to amend his peti-
tion of mandamus to cure deficiencies therein his original and
supplemental petition of mandamus,and not waiving any further def-
iciencies that may need to be cured.

　　　In Support Thereof,It Is Stated:

　　　1. Plaintiff,Lester Dobbey,petition of mandamus was filed in
this court on December 10,2008,along with a motion to proceed in
forma pauperis.

　　　2. On March 17,2009 plaintiff's supplemental petition of
mandamus was filed in this court.

　　　3. Plaintiff now comes before this court to cure the defi-
ciencies in his initial filed petition of mandamus and his supple-
mental petition of mandamus,before the service of summons upon
the defendants in this cause of action.

　　　4. Plaintiff's action in this cause is set forth against
I.D.O.C. and Stateville Correctional Center in the challenge of

-1-

their duty to provide Adequate Medical Care and Treatment to all offenders in their custody, pursuant to 735 ILCS 5/14-101 et. seq.

## EXHAUSTION OF REMEDIES

On September 18, 2008 plaintiff filed an institutional Emergency Grievance to the Chief Administrative Officer of Stateville Correctional Center, Terry McCann. And on September 29, 2008 this same CAO-Terry McCann, deemed plaintiff's Emergency Grievance not an emergency. Plaintiff thereafter filed the same Emergency Grievance to the I.D.O.C.'s Administrative Review Board for the appeal of CAO-Terry McCann's, denial on October 3, 2008. This Boards Chairperson-Jackie Miller, also denied plaintiff's appeal attempt on the 9th day of October 2008. (see, Exhibit-A).

On October 12, 2008 plaintiff filed an Secondary Grievance regarding the same medical issues to Stateville C.C.'s Counselor-Karen Rabideau. This Counselor-Karen Rabideau responded to said grievance on October 14, 2008, stating that the grievance could not be resolved at counselor level so it would be forwarded to the HCU (Health Care Unit) Administrator/Designee to ensure handling. And that a copy would be forwarded to the STA (Stateville) Grievance Officer to log in and ensure handling. (see, Exhibit-B).

On October 20, 2008 plaintiff's Secondary Grievance was received by the STA Grievance Office. On March 23, 2009 Grievance Officer-Margaret Thompson reviewed and responded to said grievance,

based on the response of a Medical response received on February
24, 2009, per Liping Zhang, MD, inwhich, The writer (MD) reviewed the
offender medical records, and stated that he received proper care
for his chronic back pain. And further stated that, It appeared that
the grievance issue had been resolved.

The Grievance Officer stated: This Grievance Officer has no
medical expertise or authority to contradict the doctor's recomm-
endations/diagnosis. Inwhich the Grievance Officer Recommended: No
further action was necessary at the time. The Chief Administrative
Officer-Frank Shaw, responded: I concur, on March 27, 2009. (see,
Exhibit-B).

Plaintiff appealed the denial of said Secondary Grievance
to the I.D.O.C.'s Administrative Review Board, inwhich, Chairperson-
Jackie Miller, responded: This office has determined the issue will
be addressed without a formal hearing.

Per Dr. Zhang, Offender received proper care for his chronic
back pain.

The Grievance Officer's report (0301) and subsequent recom-
mendation dated March 23, 2009 and approval by the Chief Administrat-
ative Officer on March 27, 2009 have been reviewed.

Based on a total review of all available information, it is
the opinion of this office that the grievance be denied as the of-
fender's medical needs are being addressed by the Stateville Corr-
ectional Center Administration, in accordance with established poli-
cies and procedures. Inwhich, Director-Roger E. Walker Jr., concurred.
(see, Exhibit-B).

-3-

On April 1,2009,plaintiff filed a Third Grievance regarding the same issues as being Ongoing.to Stateville's Counselor-Karen Rabideau. This Counselor responded on April 6,2009,stating that, this grievance cannot be resolved at counselor level so will be forwarded to HCU (Health Care Unit) Administrator/Desingee A/W (Assistant Warden) Hosey,again. Copy will also be sent to STA (Stateville) Grievance Officers to log in and ensure handling. Dobbey has,in fact,filed before and still needs medical treatment. (see,Exhibit-M).

Plaintiff has not had any further responses from the HCU Administrator/Designee A/W-Hosey,nor from the STA Grievance Officers, regarding said grievance. (see,Exhibit-F).

## EXHAUSTION ANALYSIS

"When prison officials fail to respond to a prisoner's grievance,however,then administrative remedies are considered unavailable, and the prisoner is deemed to have exhausted those remedies. Lewis v. Washington,300 F.3d 829,833 (7th Cir.2002)(citing Foulk v. Charrier,___f.3d___,(citation omitted))." "When administrative remedies are effectively made unavailable by the actions of prison officials, the prisoner may file suit without pursuing those unvailable remedies to conclusion. If the rule were otherwise,the prison officials could prevent the filing of lawsuits by simply refusing to respond to prisoner's grievances. The courts has previously held that when a prisoner does his best he can to bring his problems to the attent-

-4-

ion of the proper authorities through a grievance process and the evidence shows that the grievance were ignored, then the prisoner has satisfied the P.L.R.A.'s exhaustion requirement. Hardy v. Aguinaldo, No. 02 C 3614, 2002 WL 31017611, at 3-4 (N.D.Ill., Sept. 10, 2002)..."

"In one case, after seven months without a response, another judge in this district found that amount of time to be more than reasonable to respond to the Grievance. Smith v. Boyle, No. 02 C 2788, 2003 WL 174189, at 3 (N.D.Ill., Jan. 27, 2003)."

Plaintiff asserts that he has been filing Grievances regarding the same medical problems since September 2008, and herebeit, that it is now August 2009, without any detailed responses to the plaintiff's medical problems. Therefore, plaintiff moves this Court to take action.

## STATEMENT OF FACTS

On September 18,2008 plaintiff,Lester Dobbey,filed an Emergency Grievance to the Warden/Chief Administrative Officer of Stateville Correctional Center-Terry L. McCann,regarding the Medical Treatment and the Failure to Attend to Medical Needs. (see,Exhibit-A).

Within the Emergency Grievance it was stated: "I am writing this grievance on Stateville C.C.'s Health Care Unit and their delay and unresponsive methods in the care of inmate's medical concerns and needs,per se,myself. It has been approximately over 2 months since I have been writing "Request Slips" to the Health Care Unit to be examined for a condition I am having which could be possibly "Ulcerative Colitis,Chron's Disease,Inflammatory Bowel Disease or Hemorrhoids". (see,Exhibit-A).

I began writing the "Request Slips" in middle July. And as stated,was not seen at the time. And as July had past and some of August began to past without medical attention,I began to record each time each time I submitted Request Slips either by institutional mail,the medical box in Bravo Cell-House,or when I was called over to the Health Care Unit for other Purposes. (see,Exhibit-A).

Dates that I noted of submitted Request Slips were: 8-11-08; 8-17-08; 8-21-08; 8-24-08; 8-25-08; 8-28-08; 8-31-08; 9-4-08; 9-5-08; 9-9-08; 9-10-08; 9-14-08; 9-16-08; 9-18-08; and in the Request Slips I explained that I had been on-and-off,having adominal pains,

mild-constipation, strain, swelling and loss of blood, during times
of defecation. And as I had been constantly seeking medical attent-
ion, I had not been seen or attended to by any medical personnel,
and continued to go through the difficulties, which began to trigger
my nerves. (see, Exhibit-A).

I explained that it had been real unconfortable for the
ordinary activities, such as sitting and walking. And that the
stress was aggravating my nerves. Which had become a vicious cycle.
And that the condition and symptoms were making me anxious, because
the symptoms were painful and unpredictable. And that sometimes it
even felt like a sharp object was in my adomen. (see, Exhibit-A).

And Request Relief (on Emergency Grievance): that I would
have liked to be fully examined by a Licensed Doctor to find out
my problem, and thereafter would like to be treated for the problem
accordingly. And Secondly, wanted the Health Care-Director or Admin-
istrator to design some type of effective system, inwhich, an inmate
myself, per se, would not have to submit Request Slips for 2 or more
months and still not be seen until that person has to write an grie-
vance. And Third, that someone should have been reprimanded for the
Delay or No Response, by the Health Care Unit. (see, Exhibit-A).

This said Emergency Grievance was denied by the CAO/Warden-
Terry L. McCann, on September 29, 2008. (see, Exhibit-A).

On September 30, 2008 plaintiff was on a call-pass to see
Mental Health Pyschologist-Dr.Fink, and as plaintiff was in the
H.C.U.'s holding cage, CAO/Warden-McCann, walked into the H.C.U.,

inwhich, plaintiff stopped him and admonished him about the Emer-
gency Grievance that he had filed to him, and how he denied it.
McCann then made inquiry as to the nature of the grievance, as
plaintiff then told him it was about problems he was having with
Blood in his Stool. McCann then told the H.C.U.'s Door Officer-
C/O. Banks, to make sure that plaintiff didn't leave until he had
been seen by a Doctor. C/O. Banks, complied. (see, Exhibit-B).

    After seeing Dr. Fink, plaintiff was sent to the Emergancy
Room, inwhich, he was seen by Physician Assistant-L. Williams and
Licensed Practioner Nurse-S. Barnett, which then inquiry was made
as to what problems plaintiff was having. Plaintiff stated that
he was having Blood in the Stool, Adominal Pains, Back Pains and
Sleep Deprivation. P.A.-Williams told plaintiff that she could
help him out with two out of the three problems. P.A.-Williams,
then performed multiple physical examinations by rubbing on the
plaintiff's stomach, feeling for possible ulcers and or any other
distorted feeling. Inwhich, P.A.-Williams concluded that everything
felt normal. P.A.-Willaims then asked plaintiff what color was the
Blood that he sees? Plaintiff did not know the specific color at
the time. P.A.-Williams then expressed how important it was to know
what color the Blood is, as plaintiff then told her that the next
time he would take notice, and let her know. (see, Exhibit-B and   ).

    Thereafter, P.A.-Williams performed other physical exams by
way of conducting a Hemoculture Exam, a Prostate Check, and a check
for External and Internal Hemorrhoids. P.A.-Williams found No sign

of Blood, neither any External , nor Internal Hemorrhoids. There-
after, P.A.-Williams rubbed plaintiff's Back to see if she could
feel anything abnormal in the muscle, as she found the muscles to
be normal. Plaintiff then explained to P.A.-Williams, that it felt
like more of a Bone problem, and further explained that he had
often made certain normal moves, inwhich, he would move and get stuck
in a leaning position, as he would immediately feel a sharp pain go
shoot up in his Spine, which would leave him feeling momentarily
Paralized. (see, Exhibit-B).

P.A.-Williams then checked plaintiff's Medical File and
took notice that he had not had a Physical or Labortory Test since
the year 2005, and also took notice that plaintiff had been writing
various Request Slips, but did not know why he had not been put on
a Call-Line. P.A.-Williams then ordered for plaintiff to take a
Urine and Blood Test. And logged him in for a follow-up. (see, Exhi-
bit-B).

On October 7, 2008 plaintiff was placed and went to Call-Line
to the E.R. for the follow-up, inwhich, plaintiff was seen by the
Dr.L. Zhang. Plaintiff explained to her the problems he was having
and the pyhsical examinations P.A.-Williams, had performed. And also
further explained that he taken a Blood and Urine Test. Dr.Zhang,
reviewed the results and concluded that both Test were okay, and
that ultimately, plaintiff was alright. Dr.Zhang then told plaintiff
advice for his adominal pains, and that he should rub the painful
area (100) One Hundred times a day, and that she would prescribe

-9-

some Muscle Relaxers, which would help with the pains and stress, then concluded the follow-up. (see, Exhibit-B).

On October 10,2008, plaintiff received a pack of 10,10MG Cyclobenzaprine tablets. (see, Exhibit-B).

On October 12,2008 plaintiff filed a Secondary Grievance, because his problems that he complained of were still Ongoing, in regards to Blood in the Stool, Back Pains and Abdominal Pains, and emphasized that he did not feel all correct measures were taken in the Health Care Unit. (see, Exhibit-B).

In plaintiff's Relief Request, he stated: For "Any and all further examinations which could render a diagnosis to my condition, including but not limited to: an Biopsy, Colonoscopy, Gastroscopy and a X-Ray with Barium, and if Stateville C.C. could not provide the Specialist needed to perform the requested examinations, that I be examined at a Community Hospital that could provide the adequate Medical Care needed. (see, Exhibit-B).

On November 11,2008, a H.C.U.-CMT took a medical note that plaintiff wrote a letter to H.C.U. about plaintiff' Back Hurting, and that Tylenol was not working, and the pain was getting worse. (see, Exhibit-C).

On November 22,2008, plaintiff went to the H.C.U. and was seen by Dr.Zhang about his Back Pains, inwhich, pains were not at all treated. (see, Exhibit-C).

On November 27,2008 plaintiff stopped CAO/Warden-McCann, as he walked through the Bravo Cell-House with Deputy Director-Pierce, and reminded Warden McCann about his Medical Problems, and that the Health Care Unit was failing to Diagnose his condition. And further explained to Warden-McCann that he had written a Grievance that had been submitted approximately two months. Inwhich, Warden-McCann, told plaintiff, "The Grievance will take care of itself, just go to chow, it's Thanksgiving. And thereafter, Warden-McCann walked off. (see, Exhibits-D, E, F, G, H, I and J).

On January 13, 2009 at approximately 9:30 a.m., as Internal Affair Officer-Kissell, walked 4 gallery in the Bravo Cell-House, (inwhich, plaintiff is housed in Bravo-416), plaintiff stopped this I/A Officer-Kissell, and told Kissell of his medical conditions whereas he was seeing Blood in his Stool, and how that he had been previously seen, but the problem was Ongoing. Plaintiff further had explained to Kissell that he had filed a grievance in October 2008, regarding the matter, but had not received any responses from the Grievance Officers, nor the H.C.U. Administrator/Designee, and that he felt he needed further examinations. I/A Officer-Kissell, then wrote down plaintiff's Name, I.D. Number and Cell Location, and told plaintiff that he would look into the matter. Plaintiff never heard anything back from Kissell. (see, Exhibit-K).

On January 17, 2009 at approximately 7:56 a.m., plaintiff stopped a H.C.U. CMT, who plaintiff knows as (Joe), who was walking 4 gallery in the Bravo Cell-House, (inwhich, plaintiff is housed in Bravo-416). Plaintiff explained to Joe his medical condition of seeing Blood in the Stool, then further showed Joe a sample of toilet tissue that the plaintiff had preserved, which contained Blood from his Stool. Plaintiff continued to explain to Joe that he had the problem since atleast July of the year 2008, and that he had been seen by P.A.-Mrs.Williams, who had examined him by way of a Hemo-Exam, which upon that exam she found no signs of Blood, no internal or external hemorrhoids, and that, that was his reason for preserving the toilet tiisue sample. CMT-Joe then told plaintiff that he would

have plaintiff called over to the Health Care Unit on the 19th day
of January 2009. CMT-Joe then asked for plaintiff's Name,I.D. No.,
and wrote down plaintiff's cell location. Plaintiff never was call-
ed to the Health Care Unit upon plaintiff admonishing CMT-Joe of
his medical problems. (see,Exhibit-K).

On January 20,2009 at approximately 3:41 p.m.,plaintiff
stopped I.D.O.C. Deputy Director-Pierce and Major-J. Thomas,as
they both walked together 4 gallery in the Bravo Cell-House,(inwhich,
plaintiff is housed in Bravo-416),and explained to them his medical
conditions and the exams that had been performed,regarding Blood in
his Stool,and that it still was an Ongoing problem. Plaintiff,then
explained to them that he had filed grievances,and had a grievance
pending with the Grievance Officers and the H.C.U. Administrator/
Designee since October 2008,but had not received any responses. The
Deputy Director-Pierce then ordered Major-Thomas to take down plain-
tiff's Name,I.D. Number and Cell Location. Major-Thomas then told
plaintiff that his grievance had to be answered,and that he would
talk to Assistant Warden-Mark Hosey. Plaintiff never heard anything
back from either Deputy Director-Pierce,nor Major-Thomas,nor the
Assistant Warden-Hosey. (see,Exhibit-K).

On January 28,2009 at approximately 11:30 a.m.,plaintiff was
in the Bravo Cell-House Bullpen,(holding cage),awaiting to go back
to his work assignment from a lunchbreak,I/A Officer-Kissell,came
inside the front door of the Bravo Cell-House,where plaintiff then
stopped Kissell,and asked him did he investigate his concern of his

-12-

condition,and the grievance that plaintiff had filed in October 2008,which he at the time had never received any responses.  I/A Officer Kissell again asked plaintiff for his identification card and wrote down plaintiff's Name,I.D. Number and Cell Location. Then Kissell told plaintiff that he was going directly to check on the matter once he left the cell-house. Plaintiff never heard back from I/A Officer Kissell. (see,Exhibit-K).

Plaintiff believes on the night of January 28,2008,plaintiff received a package of medicine named Docusate,which contained 60 capsules. The package directed plaintiff to take (2) capsules by mouth daily for 30 days. Plaintiff asserts that he complied with directions,but the problem continued to be Ongoing. (see,Exhibit-K).

On February 5,2009,while working at his work assignment in the Law Library,plaintiff observed Assistant Warden-Marvin Reed, come into the Law Library,inwich,plaintiff stopped A/W-Reed and told  him of the problems that he was experiencing with Blood in his Stool,which in return A/W-Reed,told plaintiff,"Shit,that shit be happening to me too!" Plaintiff then asked A/W-Reed,"And what, you don't take it serious?" A/W-Reed,replied,Yeah... Plaintiff then explained to him the exams that had been performed,and that the problem was still Ongoing. And further explained to A/W-Reed that he did not want to continuously stop every medical personnel that he would see until he would be deemed a Pest,Nuisance or Malingerer. A/W-Reed,replied,"That's understandable." (see,Exhibit-K).

Plaintiff also explained to A/W-Reed that he had filed a

Grievance in October 2008, that was still pending, but had not been answered by the Grievance Officers, nor the Health Care Unit Administrator/Designee. Assistant Warden-Reed then asked plaintiff what was he trying to achieve, which plaintiff told him further examinations by a Specialist, and either an X-Ray with Barium, a Colonoscopy, a Gastroscopy, or a Biopsy, or any other exam that would give a Scientific Medical Conclusive Diagnosis of why he would see Blood in his Stool. Assistant Warden-Reed, then asked plaintiff to write down his information, Name, I.D. Number and Cell Location. Plaintiff, complied. Assistant Warden-Reed, then told plaintiff that he would look into the matter once he goes to the Health Care Unit. Plaintiff never heard again from Assistant Warden-Reed, regarding the matter. (see, Exhibit-K).

On March 2, 2009, plaintiff received a Health Care Pass for his Birthday Physical, but the Pass was Cancelled due to the Bravo Cell-House being on a Level One Lock Down. (see, Exhibit-L).

On March 4, 2009, plaintiff received another Health Care Pass for his Birthday Physical, and again the Pass was Cancelled due to the Bravo Cell-House being on Level One Lock Down still, in which, the plaintiff was housed in Bravo 416. (see, Exhibit-L).

On March 21, 2009, while plaintiff was on the Yard on the Basketball Court, a basketball bounced in plaintiff's direction, where then he reached to grab the ball, and felt a sharp pain shoot up his Spine, whereas, he felt immediately a momentarily paralizing feeling in his Back, and felt his Back swell-up, and began to feel as if his

-14-

Body was crooked. (see,Exhibit-M).

Plaintiff,went to the entrance of the Yard and explained the pains to an Officer-Durant,who called on his radio for medical personnel. Minutes later a H.C.U.-CMT,came to the Yard and transported plaintiff to the H.C.U. via wheel chair for an evaluation. (see,Exhibit-M).

Plaintiff was seen by Dr.L. Zhang. Plaintiff explained to Dr.Zhang that he had been previously seen for the same Back injury, where he had experienced pain,swelling,and a momentary paralizing feeling,and that he had filed a grievance and other documents on the matter. Dr.Zhang then had plaintiff take off his shirt,as she made inquiry as to where was the pain . Plaintiff told her in his upper-mid-section of his Back,and that the pain felt as if a disk was slipped. Dr.Zhang then took the point of her hand and went down the left,right,and center of plaintiff's Spine. Dr.Zhang then told plaintiff that he had Scoliosis. Plaintiff then requested for an X-Ray,the Dr.Zhang then scheduled plaintiff for the X-Ray on March 24,2009. (see,Exhibit-M)

Plaintiff,then further complained to both the Dr.Zhang and the CMT (Joe) who was also present,that he was still experiencing Blood in his Stool,and explained that he had been seen twice already, but never had never received any remedy,and that was the reason why he stopped the CMT (Joe) on 1/17/09,and showed him the toilet tissue sample with Blood from his Stool. And explained that he had received medication by the name of Docusate/Colace,but the problem was still

Ongoing. (see,Exhibit-M).

Plaintiff further explained to them both that when he had been seen by Dr.Zhang once before,she had told him to rub his stomach a hundred times a day,and that he would be alright. Dr.Zhang then asked plaintiff had he been checked for Hemorrhoids,inwhich, plaintiff explained that P.A.-Mrs.Williams had told him that he did not have Internal,nor External Hemorrhoids. Dr.Zhang then asked plaintiff was he engaging in Anal-Sex. Plaintiff answered her definitely not,No. Dr.Zhang then asked one of the CMT's did they find plaintiff's Chart/File,inwhich,it could not be found at the time. (see,Exhibit-M).

Dr.Zhang then gave plaintiff medication by the name of Methocarbamol,which consisted of 30 tablets at 750 MG. Thereafter,plaintiff was told that since his Chart/File could not be found at the time,he would be called back over for an Evaluation on March 25, 2009. (see,Exhibit-M).

On March 24,2009,plaintiff went on his call-pass for the X-Ray on his Back. (see,Exhibit-M).

On March 25,2009,plaintiff went on his call-pass to the Health Care Unit for the Evaluation in the E.R.,but the Evaluation was cancelled without explaination,and was set for rescheduling for April 1,2009. Although,an H.C.U.-LPN-S. Barnett,wrote a medical note on this same day of March 25,2009,that plaintiff was a No Show for his appointment,which is contrary to facts. (see,Exhibit-N).

On the night of March 25,2009,after taking the medication

-16-

Methocarbamol,plaintiff began to experience a slight numbness in his upper-left shoulder,as his lower body from his waist down began to tremble,as he also felt a mild pressure in his chest. (see,Exhibit-M).

On March 27,2009,plaintiff experienced the same numb feeling in his same shoulder,and felt the same pressure in his chest after taking the medication Methocarbamol,and felt moodish,inwhich,then plaintiff stopped taking the medication,and endured the pains in his Back. (see,Exhibit-M).

On April 1,2009,plaintiff went on his call-pass to the H.C.U., for his Birthday Physical. Upon being interviewed for the physical, plaintiff was interviewed by (Jennifer) Oncarnauon,inwhich,plaintiff explained to her that he was experiencing Back Pains and Blood in his Stool. This Nurse took note. (see,Exhibit-M and O).

Thereafter,plaintiff was seen by Dr.Zhang for the Physical. Dr.Zhang checked plaintiff's Eyes,Ears,Knees and Heart,and began to ask plaintiff a series of questions,which included,but was not limited to,had plaintiff experienced Diarrhea. Plaintiff told her that he had just experienced Diarrhea,whereas he was taking approximately 8 to 10 Diarrhea Bowel Movements in one night,for approximately 3 to 4 days. Plaintiff then asked the Dr.Zhang,could that been caused by the Birds that live in the Cell-House,taking their Bowels and droping it all over. Dr.Zhang told plaintiff that it wasn't anything to worry about,because everybody around the institution had the same thing. Plaintiff then made inquiry as to the Evalua-

-17-

tion that he was scheduled for. Dr. Zhang then asked plaintiff about
his back, and how was it feeling. Plaintiff responded, that it was
still irretated, and further told her about the medicine she had
given him, and how he had felt numbness in his arm, pressure in his
chest, and the trembles in his lower body. Plaintiff further about
the X-Ray that he had taken, and made the inquiry as to whether or
not had she the results yet. Dr. Zhang told plaintiff that she did
not have the results yet. Dr. Zhang then asked where directly was
the pain. Plaintiff showed her, and explained that the pain felt
like it was on the inner side of his Spine. Dr. Zhang then told
plaintiff the X-Ray probably wouldn't show exactly where the pro-
blem was, because she had experienced the same problem with her own
Back, but not the paralizing feeling, and that she had seen a Chiro-
practor, and thereafter, she didn't have the problem anymore. Plain-
tiff then asked could he see a Chiropractor. Dr. Zhang told plaintiff
that he did not need a Chiropractor, and that all plaintiff needed to
do was some stretching. Plaintiff then asked how was it that he does
not need a Chiropractor, but a Chiropractor helped her problem go
away. Dr. Zhang insisted that all plaintiff needed was to do some
stretching. Plaintiff then asked Dr. Zhang could he get a CAT Scan
or an MRI. Dr. Zhang then told plaintiff, everybody wants a MRI, and
that it is hard to get because he has to go through security. Plain-
tiff further asked her could she atleast mark it down that he had
asked for it. Dr. Zhang told plaintiff don't worry about it, just do
some stretching. (see, Exhibit-M).

-18-

Dr. Zhang then closed plaintiff's File, plaintiff then asked her could she write down the instructions she had given him, which Dr. Zhang then told plaintiff that he didn't need instructions, just stretch. Ultimately, plaintiff's Physical was concluded. (see, Exhibit-M).

Plaintiff filed a Third Grievance regarding his Ongoing medical problems, and as his Relief Requested: (1) He would like a CAT Scan and or MRI; (2) He would like to be seen by a Private Orthopedic Specialist, inwhich, an expert opinion could be determined of the Pains and paralizing feelings; (3) He would like Chiropractic Therapy for his Back; (4) He would like further exams as requested in his previous filed grievance dated October 12, 2008, which was not addressed properly; (5) He would like to be seen at Stateville C.C.'s Health Care Unit with a standard of care, as other medical caretakers would show to their patients privately. (see, Exhibit-M), (Third-Grievance, dated: April 1, 2009).

On June 10, 2009, plaintiff had an In-House/Call-Pass, for Sick-Call, inwhich he was seen by P.A.-Mrs. Williams. Plaintiff was on the schedule for having a Cold. Plaintiff then further complained of Back Pains, and Blood in his Stool as being Ongoing. P.A.-Williams then scheduled plaintiff for Laboratory Testing of a Stool Specimen, and told plaintiff that she would see about getting him in Therapy, but it would take approximately three months for him to be seen. Plaintiff then was told that he should receive some Muscle Relaxers and Tylenol, and Analgesic Balm, which is a muscle pain reliever cream. (see, Exhibit-P).

-19-

On June 30,2009,plaintiff went to the H.C.U. for the Lab.
Testing. Upon seeing the Lab. Technician,plaintiff explained that
he couldn't move his Bowels at the time. The Lab. Technician (Jane
Doe),told plaintiff that she would reschedule him for Thursday on
July 2nd. (see,Exhibit-P).

On July 1,2009,plaintiff saw this same Lab. Technician (Jane
Doe),while plaintiff was at his work assignment in the F-House,Seg-
ragation Unit. Plaintiff asked her could he talk to her,inwhich,he
then explained to her that he had just seen her on the day prior
for a Stool sample,and that he wasn't able to move his Bowels,and
asked her was it possible for him to take the Specimen Container
back to his cell where he then could return the container once he
had a sample. She told plaintiff that she couldn't allow that,but
what she could do is have him admitted to the H.C.U.'s Infirmary
overnight. Plaintiff agreed. (see,Exhibit-P).

On July 17,2009,plaintiff went to the H.C.U. for a Mental
Health Group Session,inwhich,while he was waiting, he saw this same
Lab. Technician (Jane Doe),and stopped her and asked her about the
scheduling of his admittance to the H.C.U. Infirmary. The Lab.Tech-
nician (Jane Doe),told plaintiff that she had thought that he had
came up already. Plaintiff explained that he had not,she then told
plaintiff that she would check on it. (see,Exhibit-P).

On July 24.2009,plaintiff went to the H.C.U. for another
Mental Health Group Session,which,again while he was waiting,he

saw the same Lab. Technician (Jane Doe), and again asked about the
scheduling of his admittance into the H.C.U. Infirmary, which she
told plaintiff that he was scheduled for the upcoming Sunday night.
The plaintiff then received a Call-Pass, and went to the H.C.U.'s
Infirmary on July 26,2009, and submitted a Stool sample. Plaintiff
was thereafter released on the following day July 27,2009. (see,
Exhibit-P).

    On August 6,2009, while plaintiff was at his work assignment
in F-House Segragation Unit, plaintiff talked to P.A.-Mrs.Williams
and explained to her about his Back Pains, and told her how she had
previously prescribed him with Flexadrile and Tylenol, which he was
out of, and ask could he be given some more because of the Ongoing
Pains. Mrs.Williams then wrote down plaintiff's information, Name,
I.D. Number and Cell-Location. Plaintiff never received anything
or heard anything from Mrs.Williams. (see, Exhibit-Q).

    On August 9,2009, plaintiff wrote a letter to the H.C.U., and
explained that he was experiencing Back Pains, whereas, he was feel-
ing a small pinch on his Spine, and that he was experiencing Abdomi-
nal Pains, whereas, he felt a sharp needle like feeling from the front
of his stomach to his tailbone. Plaintiff never received any type
of a response. (see, Exhibit-Q).

    On August 11,2009, while plaintiff was in his cell-416 in the
Bravo Cell-House, he stopped a H.C.U.-CMT (John Doe), on the 3 to 11pm
shift, and explained to the CMT about his Back Pain feeling a small
pinch on his Spine, and the Abdominal Pain feeling like a sharp nee-

dle was sticking him in the stomach,from the front to his tailbone. And further explained to the CMT that he had been submitting Sick-Call Request Slips in the Cell-House Medical Box,but had not been called or seen. This CMT (John Doe),told plaintiff not to put any more request in the cell-house medical box,and for him to write to Dr.Gosh through the institutional mail. (see,Exhibit-Q).

On August 12,2009,while plaintiff was in his cell-416 in the Bravo Cell-House,this same CMT (John Doe),while walking on the 4 gallery,stopped and asked plaintiff was he the person complaining of the Back and Abdominal Pains,plaintiff said,Yes. Inwhich,CMT (John Doe),then asked plaintiff did he want some Tylenol,plaintiff said,Yes. This CMT (John Doe),then gave plaintiff a package of 10 tablets of Acetaminophen at 325 mg. (see,Exhibit-Q).

On August 14,2009,plaintiff went to the H.C.U. to see the Menatl Health-Dr.Woods,inwhich,plaintiff explained to Dr.Woods both the Back Pain of feeling a small pinch on his Spine and the Abdominal Pain feeling like a sharp needle was sticking him in the stomach from the front to his tailbone. Dr.Woods took note,then walked plaintiff to the E.R. in the H.C.U.,. P.A.-Mrs.Williams was seeing a patient,whereas,she told plaintiff to wait in the H.C.U.'s Bullpen. As plaintiff awaited in the bullpen,the H.C.U. Sergeant came and told plaintiff that Mrs.Williams said for him to write down his problem and that he would be seen later. Plain-was not seen. (see,Exhibit-Q). And Plaintiff's Pains are Ongoing. (see,Exhibit-Q).

-22-

5. Plaintiff asserts that his Medical Problems have been Ongoing since atleast July 2008, and that the Illinois Department of Corrections and Stateville Correctional Ceneter, has not excersized their power and duty to have all necessary medical measures taken to preserve plaintiff to useful citizenship. (see, Chapter 730 of the Illinois Compiled Statutes) 730 ILCS 5/3-2-2, 5/3-6-2, and 5/3-7-2).

6. Pusuant to the Illinois Department of Corrections, Admini-strative Directive No. 04.03.103, under, Paragraph 6.(a) Health Care shall review offender sick call request within 24 hours of receipt. Medical emergencies shall be addressed as they occur. (b) Upon determination that a nursing evaluation is appropriate, health care staff shall schedule an evaluation. The evaluation shall take place within three days. (see, Exhibit-R).

Plaintiff clearly has shown that these I.D.O.C. Directives clearly are not followed. (also see, 20 Ill.Adm.Code 415 and 504).

7. Plaintiff's medical problems have been Ongoing for approx-imately 1yr., whereas he clearly demonstrated by the record that he has been seeing the same medical personnel who has not been efficient enough to properly treat plaintiff's Ongoing medical problems. When it comes to an inmates health, I.D.O.C./Stateville C.C. is obligated pursuant to 730 ILCS 5/3-2-2, 5/3-6-2, 5/3-7-2, and 20 Ill.Adm.Code 415 and 504, to properly treat that inmate. In this case plaintiff has not been properly treated, and he continues to suffer due to the I.D.O.C./Stateville C.C.'s Negligence.

8. Plaintiff contends that the refusal to provide him with Adequate Medical Treatment and Care, violate Statutory Laws of this State of Illinois, including, but not limited to the Illinois State Constitution, and the United States Constitution 8th and 14th Amendments.

9. WHEREFORE, the plaintiff prays this Court will issue an ORDER OF MANDAMUS compelling the defendants to:

(1) Provide Adequate Medical Care and Treatment to plaintiff by properly excersizing all mearsure available to find the accurate diagnosis for plaintiff's medical problems that he has described in this complaint and I.D.O.C. institutional grievances.

10. Plaintiff, Lester Dobbey, declares, under the penalty of perjury, pursuant to 28 USC 1746, 18 USC 1621 or 735 ILCS 5/1-109, that he has read the abovementioned facts in this complaint, and that the information is both true and correct to his knowledge and belief.

Respectfully,

/s/

Lester Dobbey-R16237
Stateville C.C.
P.O. Box 112
Joliet, IL 60434

SUBSCRIBED AND SWORN BEFORE ME
ON THIS, 18th, DAY OF, August,
2009.

NOTARY PUBLIC.

OFFICIAL SEAL
PHYLLIS BAKER
Notary Public - State of Illinois
My Commission Expires Feb 07, 2011

-24-

EXHIBIT-A

ILLINOIS DEPARTMENT OF CORRECTIONS

## OFFENDER'S GRIEVANCE

| Date: Sept. 18, 2008 | Offender: Lester Dobbey (Please Print) | | ID#: R16237 |
|---|---|---|---|
| Present Facility: Stateville C.C. | | Facility where grievance issue occurred: Stateville C.C. | |

**NATURE OF GRIEVANCE:**

☐ Personal Property    ☐ Mail Handling    ☐ Restoration of Good Time    ☐ Disability **Failue To**
☐ Staff Conduct    ☐ Dietary    ☒ Medical Treatment    ☐ HIPAA **Attend To**
☐ Transfer Denial by Facility    ☐ Transfer Denial by Transfer Coordinator    ☒ Other (specify) **Medical Needs.**

☐ Disciplinary Report: _____/_____/_____
            Date of Report                       Facility where issued

Note:    Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
     Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
     Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
     Chief Administrative Officer, only if EMERGENCY grievance.
     Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary
     administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief
     Administrative Officer.

Brief Summary of Grievance: I am writing this grievance on the Stateville C.C.'s
Health Care Unit and their delay and unresponsive methods in the
care of inmate's medical concerns and needs, per se, myself. It has
been approximately over 2 months since I have been writing Request
Slips to the Health Care Unit to be examined for a condition I am
having which could be possibly "Ulcerative Colitis, Crohn's Disease,
Inflammatory Bowel Disease or Hemorrhoids".

     I began writing the Request Slips in middle July. And
as stated, I have never been seen. And as July had past and some of
August began to past without medical attention I began to record
each time I submitted Request Slips either by institutional
mail, the medical box in Bravo Cell-House or when I was called over
to the Health Care Unit for other purposes.     (continue on back page)

☐ Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

_____ signature       R16237     9 · 18 · 08
       Offender's Signature             ID#           Date
          (Continue on reverse side if necessary)

| Counselor's Response (if applicable) | |
|---|---|
| Date Received: ___/___/___ | ☐ Send directly to Grievance Officer    ☐ Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277 |
| Response: | |

_____       _____    _____
Print Counselor's Name            Counselor's Signature       Date of Response

| EMERGENCY REVIEW | |
|---|---|
| Date Received: 9·29·8 | Is this determined to be of an emergency nature?   ☐ Yes; expedite emergency grievance   ☒ No; an emergency is not substantiated. Offender should submit this grievance in the normal manner. |

**RECEIVED**

OCT - 3 2008     _T. McCann ev_        9 · 29 · 8
               Chief Administrative Officer's Signature          Date

OFFICE
INMATE ISSUES

Distribution: Master File; Offender              Page 1                  DOC 0046 (Rev. 3/2005)

) Dates that I noted of submitted Request Slips are: 8-11-08; 8-17-08; 8-21-08; 8-24-08; 8-25-08; 8-28-08; 8-31-08; 9-4-08; 9-5-08; 9=9-08; 9-10-08; 9-14-08; 9-16-08; and 9-18-08 the same day as I write this grievance.

In the Request Slips I explained that I have been on-and-off,abdominal pain,mild-constipation,strain,swelling and loss of blood during times of defecation. And as I have been constantly seeking medical attention,but have not been seen or attended to by any medical personnel,I repeatedly continue to go through these difficulties of strain and swelling and loss of blood and abdominal pain,which has been triggering my nerves.

It has been real uncomfortable for ordinary activites for myself,such as sitting and walking. I have been feeling fatigue at times and very stressful. And even the stress aggravates the condition and my nerves. And it seems as if the link between my stress and my condition has become a vicious cycle. My condition and its symp-toms has made me anxious,because the symptoms are painful and are unpredictable. Sometimes it even feels as if a sharp object is in my abdomen.

Relief Requested: I would like to be fully examined by a licensed Doctor to find out my problem,then I would like to be treated for that problem accordingly. Secondly,I want the Health Care-Director or Administrator to design some type of effective system,inwhich,an inmate,myself,per se,should not have to submitt Request Slips for 2 or more months and still do not be seen until that person has to write a grievance. Third,someone should be reprimanded for the Delay or No Response by the Health Care Unit.



**Illinois**
**Department of**
**Corrections**

**Rod R. Blagojevich**
Governor

**Roger E. Walker, Jr.**
Director

Stateville Correctional Center / Rt. 53 / P.O. Box 112 / Joliet, IL  60434 / Telephone: (815) 727 -3607 / TDD: (800) 526-0844

# M E M O R A N D U M

DATE:  9:29-08

TO:  Dobbey R16237

FROM:  M. Thompson, C.C. II
Grievance Office

SUBJECT:  **ATTACHED GRIEVANCE -**

The attached grievance is being returned for the following reason:

_____  It needs to be rewritten and submitted to your counselor on the attached Committed
Person's Grievance Report.

_____  It was not filed within 60 days of discovery of the incident, occurrence, or
problem which gives rise to the grievance as required in DR 504F, Grievance
Procedures for Committed Persons.

__X__  Issue needs to be discussed with your counselor for possible resolution / need to
have counselor provide a response.

_____  No issue outlined in grievance.

_____  It appears that no attempt has been made to resolve the issue as required by DR
504F.

_____  Issue is currently being reviewed by _____

_____  Issue previously addressed.  No justification for further action.

_____  Other:                    _____ Forward to Administrative Review Board
P.O. Box 19277
Springfield, IL. 62794-9277

cc:  File

ILLINOIS DEPARTMENT OF CORRECTIONS

## Administrative Review Board
### Return of Grievance or Correspondence

Offender: _Dabney_ _Lester_ MI ___ ID# _R16237_
          Last Name        First Name

Facility: _Sta_

☐ Grievance (Local Grievance # (if applicable): _____) or ☐ Correspondence

Received: _0308_ Regarding: _medical_
          Date

The attached grievance or correspondence is being returned for the following reasons:

**Additional information required:**

☑ Use the Committed Person's Grievance Report, DOC 0047 (formerly DC 5657), including the Grievance Officer's and Chief Administrative Officer's response, to appeal.

☑ Provide a copy of the Committed Person's Grievance, DOC 0046 (formerly DC 5657) including the counselor's response if applicable).

☐ Provide date(s) of disciplinary report(s) and facility where incident(s) occurred.

☐ Unable to determine nature of grievance or correspondence; submit additional specific information. Please return the attached grievance or correspondence with the additional information requested to: Administrative Review Board
Office of Inmate Issues
1301 Concordia Court
Springfield, IL 62794-9277

**Misdirected:**

☐ Contact your correctional counselor regarding this issue.

☐ Request restoration of Good Conduct Credits (GCC) to Adjustment Committee. If request is denied, utilize the inmate grievance process outlined in Department Rule 504 for further consideration.

☐ Contact the Record Office with your request or to provide additional information.

☐ Personal property issues are to be reviewed at your current facility prior to review by the Administrative Review Board.

☐ Address concerns to: Illinois Prisoner Review Board
319 E. Madison St., Suite A
Springfield, IL 62706

**No further redress:**

☐ Award of Meritorious Good Time (MGT) and Statutory Meritorious Good Time (SMGT) are administrative decisions; therefore, this issue will not be addressed further.

☐ Not submitted in the timeframe outlined in Department Rule 504; therefore, this issue will not be addressed further.

☐ This office previously addressed this issue on ___/___/___
                                                      Date

☐ No justification provided for additional consideration.

**Other** (specify): _____

Completed by: _____  _JMiller_  _10.9.08_
              Print Name        Signature      Date

DOC 0070 (10/2001)
(Replaces DC 710-1274)

Distribution: Offender; Inmate Issues

**EXHIBIT-B**

# OFFENDER'S GRIEVANCE

| Date: October 12, 2008 | Offender: (Please Print) Lester Dobbey | |
|---|---|---|
| Present Facility: Stateville C.C. | Facility where grievance issue occurred: | Stateville C.C. |

**NATURE OF GRIEVANCE:**

☐ Personal Property    ☐ Mail Handling    ☐ Restoration of Good Time    ☐ Disability

☒ Staff Conduct    ☐ Dietary    ☒ Medical Treatment    ☐ HIPAA

☐ Transfer Denial by Facility    ☐ Transfer Denial by Transfer Coordinator    ☐ Other (specify): _____

☐ Disciplinary Report: ____/____/____     Facility where issued
          Date of Report

Note: Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
     Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
     Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
     Chief Administrative Officer, only if EMERGENCY grievance.
     Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary
     administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief
     Administrative Officer.

**Brief Summary of Grievance:** On September 18, 2008, I filed an Emergency Grievance to

Warden-Terry L. McCann, regarding the Medical Treatment and the Failure

to Attend to Medical Needs.

       Within the Emergency Grievance it was stated: " I am writing

this grievance on Stateville C.C.'s Health Care Unit and their delay

and unresponsive methods in the care of inmate's medical concerns

and needs, per se, myself. It has been approximately over 2 months

since I have been writing 'Request Slips' to the Health Care Unit to

be examined for a condition I am having which could be possibly

" Ulcerative Colitis, Crohn's Disease, Inflammatory Bowel Disease or

Hemorrhoids".

       I began writing the Request Slips in middle July. And as stated,

I have never been seen. And as July had past and some of August began

☐ Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

_____        R16237   10, 12, 08
Offender's Signature        ID#      Date
(Continue on reverse side if necessary)

---

**Counselor's Response** (if applicable)

| Date Received: 10, 14, 08 | ☐ Send directly to Grievance Officer | ☐ Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277 |
|---|---|---|

Response: This grievance cannot be resolved at counselor level so will
be forwarded to HCU Administrator I desire to ensure
handling. A copy will be forwarded to STA Griev officer is to
log in and ensure handling.

K Rabideau CO2        K Rabideau      10, 14, 08
Print Counselor's Name        Counselor's Signature      Date of Response

---

**EMERGENCY REVIEW**

Date Received: ____/____/____     Is this determined to be of an emergency nature?
     ☐ Yes; expedite emergency grievance
     ☐ No; an emergency is not substantiated. Offender should submit this grievance in the normal manner.

_____                  _____
Chief Administrative Officer's Signature            Date

Distribution: Master File; Offender               Page 1               DOC 0046 (Rev. 3/2005)
                                    Printed on Recycled Paper

mitted Request Slips either by institutional mail, the medical box in Bravo Cell-House, or when I was called over to the Health Care Unit for other purposes.

Dates that I noted of submitted Request Slips are: 8-11-08; 8-17-08; 8-21-08; 8-24-08; 8-25-08; 8-28-08; 8-31-08; 9-4-08; 9-5-08; 9-9-08; 9-10-08; 9-14-08; 9-16-08; and 9-18-08 the same day as I wrote this grievance.

In the Request Slips I explained that I have been on-and-off, having adominal pain, mild-constipation, strain, swelling and loss of blood during times of defecation. And as I have been constantly seeking medical attention, but have not been seen or attended to by any medical personnel, I repeatedly continue to go through these difficulties of , which has been triggering my nerves.

It has been real uncomfortable for ordinary activities for myself, such as sitting and walking. I have been feeling fatigue at times and very stressful. And even the stress aggravates the condition and my nerves. And it seems as if the link between my stress and my condition has become a vicious cycle. My condition and its symptoms has made me anxious, because the symptoms are painful and unpredictable. Sometimes it even feels like a sharp object is in my adomen.

Relief Requested: (Was) I would like to be fully examined by a Licensed Doctor to find out my problem, then I would like to be treated for that problem accordingly. Secondly, I want the Health Care-Director or Administrator to design some type of effective system, inwhich, an inmate, myself per se, should not have to submit Request Slips for 2 or more months and still not be seen until that perosn has to write a grievance. Third, someone should be reprimanded for the Delay or No Response by the Health Care Unit."

This Emergency Grievance was deemed, "Not an Emergency, and that I should submit the grievance in the normal manner, to be discussed with the counselor for possible resolution, that counselor can give a response." Ultimately it was denied on September 29, 2008, by the Warden-Terry L. McCann.

On September 30, 2008 I was on a call-pass to see Dr. Fink, and as I was in the H.C.U.'s holding cage, Warden-McCann walked into the Health Care Unit, inwhich, I stopped him and admonished him about the Emergency Grievance that I had filed to him and how he had denied it. He then made inquiry as to what the grievance was about, and I told him it was about problems I'm having with my Bowels and Blood. He then told the H.C.U. door officer c/o Banks, to make sure I did not

**OFFENDER'S GRIEVANCE**

| Date: October 12, 2008 | Offender: Lester Dobbey (Please Print) | ID#: R16237 |

| Present Facility: Stateville C.C. | Facility where grievance issue occurred: Stateville C.C. |

**NATURE OF GRIEVANCE:**

- [ ] Personal Property
- [x] Staff Conduct
- [ ] Transfer Denial by Facility
- [ ] Disciplinary Report: _____
- [ ] Mail Handling
- [ ] Dietary
- [ ] Transfer Denial by Transfer Coordinator
- [ ] Restoration of Good Time
- [x] Medical Treatment
- [ ] Disability
- [ ] HIPAA
- [ ] Other (specify): _____

_____ / _____
Date of Report

Facility where issued

**Note:** Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

**Complete:** Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
Chief Administrative Officer, only if EMERGENCY grievance.
Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

**Brief Summary of Grievance:** leave until I see a Doctor, c/o Banks complied.

After seeing Dr.Fink, I was sent to the E.R. in which, I was seen by P.A.-Ms.Williams, who then made inquiry as to what problems was I having. I elaborated on the Bowels and Blood, Adominal Pains, Back Pain and Sleep Deprivation that I was encountering. She then said that she could help out with two out of the three problems. Ms.Williams then performed some physical examinations by rubbing on my stomach to see if she could feel anything or a possible ulcer. She then said that everything felt normal, and then asked me what color does the blood come out, in which, I did not know at the specific time. She told me that it was important to know what color the blood is, and I told her that the next time it happens I would take notice, and let her know. Thereafter, Ms.Williams performed another physical examination,

- [ ] Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

_____ Offender's Signature

R16237 10-12-08
ID#                Date

(Continue on reverse side if necessary)

---

**Counselor's Response (if applicable)**

Date Received: 10, 14, 08

- [ ] Send directly to Grievance Officer
- [ ] Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277

Response: * Answered on Page 1 *

K Rabideau ccr
Print Counselor's Name

_____ Counselor's Signature

10,14,08
Date of Response

---

**EMERGENCY REVIEW**

Date Received: ___ / ___ / ___

Is this determined to be of an emergency nature?
- [ ] Yes; expedite emergency grievance
- [ ] No; an emergency is not substantiated. Offender should submit this grievance in the normal manner.

_____ Chief Administrative Officer's Signature

___ / ___ / ___
Date

by doing a prostate check and a check for external and internal hemorrhoids. She found No hemorrhoids and that my prostate was okay, she then rubbed my back to see if she could feel anything that was abnormal in the muscle,and I told her it was more of a bone problem, and explained to her that I had made certain normal moves,inwhich,I would move and get stuck in a leaning position as I immediately would feel a sharp pain shoot up in my spine,and I would feel momentarily paralized.

Ms.Williams then checked my Medical File and took notice that I had not had labortory test since the year 2005,and also took notice that in the back of my file there were numerous Request Slips that I had been writing and did not know why I had not been put on call-line. She then ordered for me to give a blood and urine sample for test to see if something would come up,inwhich,a determination could be made as to the problems I was having. Then she logged me in for a follow-up.

On October 7,2008,I was placed on call-line to the E.R. for the follow-up,inwhich,I was seen by Ms.Zhang. I explained to her the problems I was having,the physical examinations Ms.Williams had performed,and that I had taken a blood and urine test to see if anything would appear. She reviewed the test results and concluded that nothing was wrong with the blood or urine,and that ultimately I was alright. Then she told me for the adominal pains I should rub the painful area 100 times a day,and that she was going to prescribe some muscle relaxers for me,which should help with the pains I am having and it should help with some of my stress,inwhich,was the conclusion of my follow-up.

On October 10,2008,I received a pack of 10,10MG Cyclobenzaprine tablets.

I am writing this grievance because I am still having the Bowels and Blood problem,and the pains in my back and adominal pains, and I don't feel that all correct measures were taken within this Health Care Unit's power to diagnos my condition.

Relief Requested: Any and all further examinations which can render a diagnosis to my condition,including,but not limited to a; Biopsy,Colonoscopy,Gastroscopy and a X-ray with Barium,and if the Health Care Unit of Stateville C.C. cannot provide the specialist needed to perform these examinations,that I be examined at a Community Hospital that can provide the adequate attention needed.

## Grievance Officer's Report

**Date Received:** October 20, 2008          **Date of Review:** March 23, 2009          **#** 0301

                                                                                          R16237

Lester Dobbey

**Nature of Grievance: Medical Tx**

**Facts Reviewed:** Grievant alleges he has been having abdominal pains, and loss of blood while deficating. Has repeatedly asked to be seen to no avail.

**Grievance written:** 10-12-08

**Sent to HCU:** 10-14-08

**Medical response received:** 03-03-09   02/24/09 *ms*

Per Liping Zhang, MD: The writer reviewed the offender medical records. He received proper care for his chronic back pain.

It appears that this grievance issue has been resolved.

This Grievance Officer has no medical expertise or authority to contradict the doctor's recommendation/diagnosis.

**Recommendation:** No further action necessary at this time.

Margaret Thompson                                          *Margaret Thompson*
_____                        _____
Print Grievance Officer's Name                              Grievance Officer's Signature
(Attach a copy of Committed Person's Grievance, including counselor's response if applicable)

## Chief Administrative Officer's Response

**Date Received:** 3-27-09          ☑ I concur   ☐ I do not concur   ☐ Remand

**Comments:**

_____                        3-27-09
Chief Administrative Officer's Signature                     Date

## Committed Person's Appeal To The Director

I am appealing the Chief Administrative Officer's decision to the Director. I understand this appeal must be submitted within 30 days after the date of the Chief Administrative Officer's decision to the Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277. (Attach a complete copy of the original grievance, including the counselor's response, if applicable, and any pertinent documents.)

_____          _____          _____
Committed Person's Signature                    ID#                        Date

**Rod R. Blagojevich**
Governor

# Illinois
### Department of
# Corrections

**Roger E. Walker Jr.**
Director

Stateville Correctional Center / P.O. Box 112 / Joliet, IL 60434 / Telephone: (815) 727-3607 TDD: (800) 526-0844

## MEMORANDUM

**Date:**      January 15, 2009

**To:**         Grievance Office

**From:**      Liping Zhang, MD

**Subject:**   Medical Grievance for Dobbey, Lester R16237

Offender Dobbey IDOC # R16237 grievance response dated 10/12/08.

The writer reviewed the offender medical records. He received proper care for his chronic back pain.

LZ:jrw

Cc: File



# Illinois
## Department of
# Corrections

**PAT QUINN**
Governor

**Roger E. Walker Jr.**
Director

1301 Concordia Court / P.O. Box 19277 / Springfield IL 62794-9277 / Telephone: (217) 558-2200 / TDD: (800) 526-08

April 17, 2009

Lester Dobbey
Register No. R16237
Stateville Correctional Center

Dear Mr. Dobbey:

This is in response to your grievance received on April 9, 2009, regarding medical (treatment-abdomina pains-10/12/08), which was alleged to have occurred at Stateville Correctional Center. This office has determined the issue will be addressed without a formal hearing.

Per Dr. Zhang, Offender received proper care for his chronic back pain.

The Grievance Officer's report (0301) and subsequent recommendation dated March 23, 2009 and approved by the Chief Administrative Officer on March 27, 2009 have been reviewed.

Based on a total review of all available information, it is the opinion of this office that the grievance be denied as the offender's medical needs are being addressed by the Stateville Correctional Center Administration, in accordance with established policies and procedures.

FOR THE BOARD: _____
Jackie Miller
Administrative Review Board
Office of Inmate Issues

CONCURRED: _____
Roger E. Walker Jr.
Director

4/24/09

cc: Warden Shaw, Stateville Correctional Center
Lester Dobbey, Register No. R16237

EXHIBIT-C

**ILLINOIS DEPARTMENT OF CORRECTIONS**

**Offender Outpatient Progress Notes**

_____ S T A  N R C _____ Center

Offender Information:

Dobby _____ Leeter _____ ID#: B16237

| Date/Time | Subjective, Objective, Assessment | Plans |
|-----------|-----------------------------------|-------|
| 11-18-09 10¹⁵/am | Cont Note: S)"/c | P) to MDSC scheduled for 11-22-08. |
| | O) Pt writes letter stating is back is hurting tylenol not working it's getting worse | |
| | A) Back Pain | |
| | mD note | Shoo has cont |
| 11-22-8 10³⁰ A | S= here for back pain. flexeril helps these pain. makes me go to sleep, | P/. prevent injury instruct while lifting bend legs instead of bend back. 2. reassurance |
| wt 145 BP 141/85 | | |
| hr 63 | O: ox3 NAD not in acute pain. gait steady. Rom of back wnl A back pain, positional | |

Printed on Recycled Paper    DOC 0084 (Eff. 9/2002) (Replaces DC 7147)

**EXHIBIT-D**

STATE OF ILLINOIS )
)SS
COUNTY OF W I l l )

## AFFIDAVIT

I, LESTER & DOBBEY being first duly sworn under oath depose and state that the foregoing is true and correct and made upon my personal knowledge and I am competent to testify thereto.

That on NOVEMBER 27, 2008 I was in my Cell At Stateville Correctional Center, Bravo House Cell #2116, in which, I observed the WARDEN - TERRY L. McCann And Deputy Director PIERCE Walking on 2 Gallery in which, I Stopped Warden - McCann and told him About my Bowel And Blood Problem And that when he had made the Health Care see me they didn't do Enough to diagnose me, So I Filed A Grievance trying to get a diagnosis to my problem. He then told me that the Grievance will take care of it, And that I Should Just go to chow Because it was Thanksgiving. Then he walked Off with the Deputy Director.

AFFIANT

SUBSCRIBED AND SWORN TO BEFORE ME
THIS 5th DAY December, 20 08

NOTARY PUBLIC

OFFICIAL SEAL
PHYLLIS BAKER
Notary Public - State of Illinois
My Commission Expires Feb 07, 2011

**EXHIBIT-E**

Exhibit - E

## AFFIDAVIT

On the date of Nov. 27, 2008 I keith L. Williams was housed in cellhouse B, cell location 415. That on the morning of the above date I witness Warden McCann and the Deputy Director as they made rounds on 2 gallory. I then heard my neighbor Lester Dobbey holler down to 2 gallory and speak with these gentlemen in reguards to medical problems that he was having, and that, he had filed a grievance on the grounds of his medical problem and had not receive treatment or a response to his grievance. The Warden said to my neighbor that his grievance would be token care of and that it was Thanksgiving to go eat. I keith Williams state under the penalty of perjury 28 U.S.C 1746 that the above statement is true and will come to court and testify the same.

Keith L. Williams

keith L Williams

EXHIBIT-F

Exhibit - F

*Affidavit*

That on november 27, 2008 I, Terrell Thomas heard my neighbor stop the warden McCann and the Deputy Director as they were walking on 2 gallery in B-house and tell him about medical problem that he was having and that he had a grievance in for over a month. the warden told him that the grievance will be taken care of and said its thanksgiving go eat then he walked away.

I write this information in this affidavit on my own free will, under the penalty of perjury 28 U.S.C 1746 that this is all true. and I will testify to it.

R 32998
TERRELL THOMAS

**EXHIBIT-G**

Exhibit - E

County of Will )

## AFFIDAVIT

I, Rickey Robinson-El #K82958, depose and state that the following is true and correct, made upon my personal knowledge and belief; if called to be a witness I am competent to testify.

1.) On November 27, 2008 while in my cell, I heard a few guys holler over the gallery, "Warden in the cell-house".

2.) Being alert that the Warden was in the cellhouse. I soon thereafter observed Warden McCann and the Deputy Director walking through B-House on 2 gallery.

3.) My neighbor "Lester Dobbey" stopped the Warden as he crossed past his line of sight.

4.) As I can remember Lester Dobbey was making the Warden aware of a medical issue. That he was without a diagnosis. That he had grieved the issue 2 months ago and hadn't heard any thing, nor had he been seen.

5.) Warden McCann told him he would take care of it a proceeded about his business.

Further Affiant Sayeth not.

I do Rickey Robinson-El, the undersigned declare the penalty of Perjury according to 28 U.S.C. 1746; 18 U.S.C. 1621 that this Affidavit is true and correct as I know it to be.

/s/ Rickey Robinson-El © ucc 1-207
Affiant; Rickey Robinson-El without Recourse
secured party creditor

EXHIBIT-H

STATE OF ILLINOIS }
COUNTY OF WILL }

Exhibit.

## AFFIDAVIT

I, Israel Ruiz, declare under the penalty of perjury, that the information contained is both true and correct, and if called as a witness I will testify that:

ON Thanksgiving Day November 27, 2008 I was waiting to go to lunch when Warden McCann and the Depty Dirrector came through B-House. My neigbor Lester Dobbey stoped the warden and started talking about his medical problems and that he wasn't diagnosed and that he had a grievance in for almost (2) two months and still havent been seen. Warden McCann told him that the grievance would be taken care of then walked off.

I declare under the penalty of perjury, 28 USC 1746, 18 U.S.C 1621 that this AFFidavit is true and correct

_Israel Ruiz_
AFFIANT

Israel Ruiz #K83131
State Ville CC
P.O BOX 112
Joliet IL 60434

**EXHIBIT-I**



# AFFIDAVIT

4-08

I Andre Patterson bear witness that on Thanksgiving day, right before lunch, Warden McCann walking through B-house (2 gallery). While walking through I overheard inmate Dobbey, who is in 416 (I am in 215), stop the warden and voice an issue concerning lack of medical attention, as well as a grievance about the same issue, which had been filed a couple months prior. Warden McCann then preceded to say, "The grievance will take care of itself ..... it's thanksgiving, go eat!"

Andre Patterson #R04398

B-215

I declare under the penalty of perjury, pursuant to 28 U.S.C. 1746 and 18 USC 1621 that the forgoing is true and correct, and if called as a witness I am competent to he stated information.

**EXHIBIT-J**

# Affidavit

I, Nicolas Martinez, declare under the penalty of perjury, that the information contained is both true and correct, and if called as a witness I will testify that:

On Thanksgiving Day November 27, 2008 I was waiting to go to lunch when warden Mc Cain and the deputy director came through B House. My cellie, Lester Dobbey stoped the warden and started talking about his medical problems and that he wasn't diagnosed and that he had a grievance in, for almost (2) two months and still haven't been seen. Warden Mc Cann told him that the grievance would be taken care of then walked off.

I declare under the penalty of perjury, 28 U.S.c 1746, 18 USC 1621 that this Affidavit is true and correct.

*Nicolas Martinez*

Nicolas Martinez
ID# R40397

**EXHIBIT-K**

STATE OF ILLINOIS )
               ) SS 
COUNTY OF WILL   )

### AFFIDAVIT OF LESTER DOBBEY

     I, Lester Dobbey, being first duly sworn under oath, depose, and state that the foregoing is both true and correct, made upon my personal knowledge and belief, and if called as a witness I am competent to testify hereto that: On September 18, 2008, I filed a Emergency Grievance to Warden-Terry L. McCann, regarding the Medical Treatment and the failure to attend to Medical Needs, due to I was seeing Blood in my Bowels. This same grievance, I forwarded to the Administrative Review Board for further review, inwhich, the grievance was denied review on October 9, 2008 by Jackie Miller.

     On October 12, 2008 I filed a Secondary Grievance to my Counselor-Karen Rabideau, regarding the same issues I was having with Blood in my Bowels, but included further details after the initial filing of my Emergency Grievance. On October 14, 2008, I was advised by this same Counselor-Karen Rabideau, that said grievance could not be resolved at Counselor level, so the grievance was forwarded to the H.C.U. (Health Care Unit) Administrator/Designee to ensure handling. And a copy was forwarded to Stateville Grievance Officers to log in and ensure handling.

     Please Take Notice, that it is now March of the year 2009, and I still have not been provided with an response from Stateville Grievance Officers, nor have I received a response from the H.C.U. Administrator/Designee, and my condition is Ongoing.

     Please Take Notice, that between the initial filing of my

Affidavit of Lester Dobbey

Secondary Grievance, I have spoke with several I.D.O.C. Officials in regards to my condition, and the lack of responses from my Secondary Grievance that had been filed in October of the year 2003, whereas I have not had any appropriate resolutions yet.

On January 13, 2009 at approximately 9:30 a.m. as Internal Affair Officer-Kissell walked 4 Gallery in the Bravo Cell-House, (inwhich, I am housed in Bravo-416), I stopped him and told him of my condition with seeing Blood in my Bowels, and how I had previously seen, but the problem was Ongoing. I further explained to him that I had filed a grievance back in October 2008, but had not received any responses from Grievance Officers, nor the H.C.U. Administrator/Designee, and that I felt I need some further type of examinations. I/A Officer-Kissell then wrote down my Name, I.D. Number and Cell-Location, and told me that he would look into it. I did not hear anything back from I/A Officer-Kissell.

On January 17, 2009 at approximately 7:56 a.m., I stopped a Medical Technician, (who name I believe to be, Joe), who was walking 4 Gallery in the Bravo Cell-House, (inwhich, I am housed in Bravo-416), and upon myself stopping him, I explained my condition to him, then also showed him a sample of toilet tissue that I had preserved which contained Blood from my Bowels. I further explained to him that it had been a problem for me since atleast July of the year 2008, and that I had been seen by P.A.-Mrs. Williams, who examined me, and found No Internal or External Hemoroids, and commenced what I believe to be a Hemoculture Exam, but No signs of Blood was detected, and told him that was the reason I preserved the toilet tissue sample.

## Affidavit of Lester Dobbey

He then told me that he would have me called over to the Health Care Unit that upcoming Monday, which would have been the 19th. I was never called or seen.

On January 20, 2009, at approximately 3:41 p.m., I stopped the Deputy Director-Pierce and a Major-J.Thomas, as they walked 4 Gallary in the Bravo Cell-House, (inwhich, I am housed in Bravo-416), and explained to them my condition and the exam that had been performed by P.A.-Mrs.Williams, regarding the Blood in my Bowels, and that it was still an Ongoing problem, and that I had filed Grievances, and that I also had a grievance pending with the Grievance Officers and the H.C.U. Administrator since October of the year 2008, but had not received any responses. Then Deputy Director-Pierce ordered Major-J.Thomas to take down my information and check on the situation, which Major-J.Thomas complied, and wrote down my Name, I.D. Number and Cell-Location, and told me that my grievance had to be answered, and he would talk to Assistant Warden-Mark Hosey. I never heard anything from either the Deputy Director-Pierce, Major-J.Thomas or Assistant Warden-Hosey, to this present date.

On January 28, 2009 at approximately 11:30 a.m., as I was in the Bravo Cell-House (Holding Cage), awaiting to go back to my work assignment from a lunchbreak, Internal Affair Officer-Kissell came inside the front door of the Bravo Cell-House, where I then stopped him and asked him did he investigate into my concern regarding my Blood in my Bowels, and the grievance that I had filed in October of 2008, that I had not received any responses. He then asked to

3 of 5.

**Affidavit of Lester Dobbey**

Medical Conclusive Diagnosis of why I see Blood in my Bowels.

Assistant Warden-Reed, then asked me to write down my information, Name, I.D. Number and Cell-Location. I complied. Assistant Warden-Reed then told me that he would look into the matter once he goes to the Health Care Unit. But to this date, I have never heard from Assistant Warden-Reed, regarding the matter.

Also, to this present date, I still have never received any received any responses from the Grievance Officers, nor the Health Care Unit Administrator/Designee for further examinations, and my Blood in my Bowels is still Ongoing.

I, Lester Dobbey, depose and state, that this affidavit is both true and correct, made upon my klnowledge and belief, under the penalty of perjury 735 ILCS 5/1-109.

SUBSCRIBED AND SWORN BEFORE ME
ON THIS, 16th, DAY OF, March,
2009

_Phylle Baker_

NOTARY PUBLIC.

/s/ _____
AFFIANT, Lester Dobbey
Register No. R16237
Stateville C.C.
P.O. Box 112
Joliet, IL 60434

OFFICIAL SEAL
PHYLLIS BAKER
Notary Public - State of Illinois
My Commission Expires Feb 07, 2011

## Affidavit of Lester Dobbey

see my identification card and wrote down my Name, I.D. Number, then asked for my Cell-Location. He then told me that he was going direct- ly to check on it once he left the Cell-House. I never heard back from I/A Officer-Kissell.

I believe on this same night of January 28, 2009 I received a package of Medicine named, Docusate, which contained 60 capsules. The package directed me to take (2) capsules by mouth daily for 30 days. I have complied, and the problem is still Ongoing.

On February 5, 2009 while working at my assignment in the Law Library, Assistant Warden-Marvin Reed, came into the Law Library, in- which, I stopped him and told him of my problems that I was experienc- ing with the Blood in my Bowels, which he then told me, quote, "Shit, that shit be happening to me too..." I then asked him, quote, "And what, you don't take it serious?" He said , Yeah. I further stated and explained to him the exam that had been performed on me, and all the people I had talked to about my problem. And further explain- ed to him that I didn't want to continuously stop every person that I see, and then they probably would deem me as a pester, nuisance or a malingerer. Assistant Warden-Reed told me that it understandable.

I further explained to him that I had filed a grievance in October of the year 2008, that was still pending, but I had not been answered by the Grievance Officers, nor the Health Care Unit Admini- strator/Designee. Assistant Warden-Reed then asked me what was I trying to achieve, which I told him further examinations by a Specialist, and either an X-Ray with Barium, a Colonoscopy, a Gastro- scopy, or a Biopsy, or any other exam that would give me a Scientific

**EXHIBIT-L**

**STATEVILLE CORRECTIONAL CENTER**
Notification Of Appointment to HCU

Page# _____ 3-2-09

Name __Dabbey__    Number __R16237__    Date _____9

Cell# __B416__   Time to Report __9.00__   Assignment _____

| | | | | |
|---|---|---|---|---|
| __ Lab | __ X-Ray | __ Dietician | __ Seizure Clinic | __ Other |
| __ E.N. | __ OPHTH | __ Infirm Adm | __ Diabetic Clinic | |
| __ P.T. | __ ORTHO | __ M.D. in E.R. | __ Hypertensive Clinic | |
| __ OPT | __ Dental | __ Asthma Clinic | __ Infec. Control Nurse | |
| __ POD | X Physicals | __ Surgery Clinic | __ Mental Health | |

Special Instructions:

__ NPO -(Nothing By Mouth After 12:00 Midnight)

*(handwritten)* BRAVO HOUSE WENT ON
LEVEL #1 LOCK-DOWN 3-1-09
ON ABOVE DATE CAN I PLEASE
GET RESCHEDULED.

__ I Accept This Pass
_____
Inmate Signature

__ I Refuse This Assignment
_____
Inmate Signature
If you are on a psychotropic medication, This will be discontinued or
Tapered off.  If you do not come to your next scheduled appointment.

__ Reason for Refusal _____

Witness _____
CMT Signature

** If You fail to keep this appointment (NO SHOW) you will have to **
Re-schedule your own appointment thru the CMT.

__ No Show

Attempts to deliver this pass made at the following times:

P.N.'S _____ Reason not delivered _____

Midnights _____ Reason Not delivered _____

__ R.N. Notified of inability to deliver Pass
Signature of CMT _____ P.M. _____ M.N. _____ A.M.
Signature of R.N. _____ P.M. _____ M.N. _____ A.M.

Time inmate departed Assignment _____ Officer _____
TIME Inmate Arrived at HCU _____ Officer _____
Time inmate departed HCU _____ Officer _____
Time Inmate Arrived Assignment _____ Officer _____

IL 426- DCA 2234  Revised 04/93

White-- Inmate
Yellow--Provider

STATEVILLE CORRECTIONAL CENTER      Page#_____
Notification Of Appointment to HCU

Name **Dobbey**     Number **R16237**     Date **3-4-09**

Cell# **B4lco**   Time to Report **9AM**     Assignment _____

| | | | | |
|---|---|---|---|---|
| __ Lab | __ X-Ray | __ Dietician | __ Seizure Clinic | __ Other |
| __ E.R. | __ OPHTH | __ Infirm Adm | __ Diabetic Clinic | |
| __ P.T. | __ ORTHO | __ M.D. in E.R. | __ Hypertensive Clinic | |
| __ OPT | __ Dental | __ Asthma Clinic | __ Infec. Control Nurse | |
| __ POD | ✓ Physicals | __ Surgery Clinic | __ Mental Health | |

Special Instructions:

__ NPO -(Nothing By Mouth After 12:00 Midnight)

*BRAVO HOUSE ON LEVEL #1*
*Lock down, CAN I*
*PLEASE get RESCHEDULED*

**X** I Accept This Pass
_____
Inmate Signature

__ I Refuse This Assignment
_____
Inmate Signature

If you are on a psychotropic medication, This will be discontinued or
Tapered off.  If you do not come to your next scheduled appointment.

__ Reason for Refusal_____

__ Witness_____
CMT Signature

** If You fail to keep this appointment (NO SHOW) you will have to  **
Re-schedule your own appointment thru the CMT.

__ No Show

Attempts to deliver this pass made at the following times:

P.N.'S _____ Reason not delivered _____

Midnights_____ Reason Not delivered _____

__ R.N. Notified of inability to deliver Pass
Signature of CMT_____ P.M._____ M.N._____ A.M.
Signature of R.N._____ P.M._____ M.N._____ A.M.

Time inmate departed Assignment_____ Officer_____
TIME Inmate Arrived at HCU_____ Officer_____
Time Inmate departed HCU_____ Officer_____
Time Inmate Arrived Assignment_____ Officer_____

IL 426- DCA 2234  Revised 04/93      White-- Inmate
                                      Yellow--Provider

**EXHIBIT-M**

ILLINOIS DEPARTMENT OF CORRECTIONS

**Offender Outpatient Progress Notes**

_____ S T A N R C _____ Center

| Offender Information: | | |
|---|---|---|
| Last Name: Dobbey | First Name: Lester | MI: | ID#: R16237 |

| Date/Time | Subjective, Objective, Assessment | Plans |
|---|---|---|
| 3-21-09 11 pm | CMT Note | ① transported to |
| ⑤ | "My back went out – it hurting bad" | HCU via wheel chair for |
| ⑥ | A~X3 – 120/80 R18 ambulated | MO Eval |
| ⑦ | P/O Back pain | ① Barnes cont |

Chart not available

ILLINOIS DEPARTMENT OF CORRECTIONS

**Offender Outpatient Progress Notes**

S T A N R C _____ Center

| Offender Information: | | |
|---|---|---|
| Dobbey | Lester | ID#: R16237 |
| Last Name | First Name | MI |

| Date/Time | Subjective, Objective, Assessment | Plans |
|---|---|---|
| 3/2/19 11:30pm | MD Note. | P1. T-Spine x-ray |
| | S: severe left side back pain x 6 month. | 2 Robaxin 750mg in 5 po cong. |
| | O: D × 5 NAD | 3. Push oral fluid. |
| BP 129/87 | Scoliosis and | 4. √ CBC. H. pylori cmp. (consider) |
| HR 58 | muscle spasm seen | if not done |
| | left side. No edema | |
| | N/o deformity. No local | |
| | tenderness | |
| | A Scoliosis. left side | [signature] MD |
| | back pain. | |
| | | |
| | | |
| | | |
| | | |

DOC 0084 (Eff. 9/2002) (Replaces DC 7147)

Case: 1:10-cv-08965 Document #: 7 Filed: 08/03/10 Page 106 of 154 PageID #:281
Case: 1:09-cv-03905 Document #: 7 Filed: 08/06/2510 Page 106 of 154

Exhibit - M
1 of 8.

ILLINOIS DEPARTMENT OF CORRECTIONS
## OFFENDER'S GRIEVANCE

| Date: April 1, 2009 | Offender: Lester Dobbey (Please Print) | ID#: R16237 |
|---|---|---|

| Present Facility: Stateville C.C. | Facility where grievance Issue occurred: Stateville C.C. |
|---|---|

**NATURE OF GRIEVANCE:**

☐ Personal Property ☐ Mail Handling ☐ Restoration of Good Time ☐ Disability

☒ Staff Conduct ☐ Dietary ☐ Medical Treatment ☐ HIPAA

☐ Transfer Denial by Facility ☐ Transfer Denial by Transfer Coordinator ☐ Other (specify)

**Deliberately Indifferent To: Medical Needs and Care**

☐ Disciplinary Report: _____

Date of Report          Facility where issued

**Note:** Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc) and send to:

Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.

Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.

Chief Administrative Officer, only if EMERGENCY grievance.

Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

**Brief Summary of Grievance:** This grievance is a continuation of the inadequate medical treatment I have been enduring since the filing of another grievance that I filed on the medical treatment on October 12, 2008. The complaint is based on myself steadily complaining and not adequately being treated for a Back Problem and Blood in my Stool, which has been Ongoing since approximately July of the year 2008.

I have spoke to several I.D.O.C. staff members in regards to my condition, and the lack of responses to my grievance from October 12, 2008, where No resolutions have been made for my conditions.

On January 13, 2009 at approximately 9:30 a.m. as Internal Affair Officer-Kissell walked 4 Gallery in the Bravo Cell-House, (inwhich, I am housed in Bravo-416), I stopped him and told him of my condition

(continue on back)

☐ Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

_____   R16237   4/1/09
Offender's Signature                    ID#        Date

(Continue on reverse side if necessary)

---

**Counselor's Response (if applicable)**

| Date Received: 4-5-09 | ☐ Send directly to Grievance Officer | ☐ Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277 |
|---|---|---|

Response: This grievance cannot be resolved at Counselor Level so will be forwarded to HCU Admin Resp. + Atw Tracy again. Copy will also be sent to STA Griev. Officers to log it and ensure handling. Dobbey has in fact filed before and still needs medical treatment. SRabideau CC2

SRabideau CC2                    _____        4-6-09
Print Counselor's Name            Counselor's Signature    Date of Response

---

**EMERGENCY REVIEW**

| Date Received: _____ | Is this determined to be of an emergency nature? | ☐ Yes; expedite emergency grievance. ☐ No; an emergency is not substantiated. Offender should submit this grievance in the normal manner. |
|---|---|---|

_____                    _____
Chief Administrative Officer's Signature              Date

Distribution: Master File; Offender                    Page 1                    DOC 0046 (Rev. 3/2005)

Printed on Recycled Paper

ILLINOIS DEPARTMENT OF CORRECTIONS

**OFFENDER'S GRIEVANCE**

3 of 8.

| Date: April 1, 2009 | Offender: (Please Print) Lester Dobbey | ID#: R16237 |
|---|---|---|

| Present Facility: Stateville C.C. | Facility where grievance issue occurred: Stateville C.C. |
|---|---|

**NATURE OF GRIEVANCE:**

Deliberately Indifferent To Medical Needs and Care.

- [ ] Personal Property
- [x] Staff Conduct
- [ ] Transfer Denial by Facility
- [ ] Mail Handling
- [ ] Dietary
- [ ] Transfer Denial by Transfer Coordinator
- [ ] Restoration of Good Time
- [x] Medical Treatment
- [ ] Disability
- [ ] HIPAA
- [ ] Other (specify):

- [ ] Disciplinary Report: _____/_____/_____
  Date of Report        Facility where issued

**Note:** Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

**Complete:** Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:

    **Counselor,** unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
    **Grievance Officer,** only if the issue involves discipline at the present facility or issue not resolved by Counselor.
    **Chief Administrative Officer,** only if EMERGENCY grievance.
    **Administrative Review Board,** only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary
    administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief
    Administrative Officer.

**Brief Summary of Grievance:** check on it once he left the Cell-House. I never heard

back from I/A Officer-Kissell.

    I believe on this same night of January 28,2009 I received a

package of medicine named Docusate,which contained 60 capsules. The

package directed me to take (2) capsules by mouth daily for 30 days.

I complied,but the problem is still Ongoing.

    On February 5,2009,while working at my assignment in the Law

Library,Assistant Warden-Reed,came into the Law Library,inwhich,I

stopped him and told him of my problems that I was experiencing with

Blood in my Bowels,which he then told me,quote,"Shit,that shit be

happening to me too..." I then asked him,quote,"And what,you don't

take it serious?" I then further explained to him that I had received

(continue on back)

- [ ] Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

| Offender's Signature | ID# R16237 | Date 4, 1, 09 |
|---|---|---|

(Continue on reverse side if necessary)

---

**Counselor's Response (if applicable)**

| Date Received: _____/_____/_____ | [ ] Send directly to Grievance Officer | [ ] Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277 |
|---|---|---|

Response: _____

_____

_____

_____

_____

| Print Counselor's Name | Counselor's Signature | Date of Response _____/_____/_____ |
|---|---|---|

---

**EMERGENCY REVIEW**

| Date Received: _____/_____/_____ | Is this determined to be of an emergency nature? | [ ] Yes; expedite emergency grievance |
|---|---|---|
| | | [ ] No; an emergency is not substantiated. Offender should submit this grievance in the normal manner. |

| Chief Administrative Officer's Signature | Date _____/_____/_____ |
|---|---|

ILLINOIS DEPARTMENT OF CORRECTIONS
**OFFENDER'S GRIEVANCE**

5 of 8.

| Date: April 1, 2009 | Offender: (Please Print) Lester Dobbey | ID#: R16237 |
|---|---|---|

| Present Facility: Stateville C.C. | Facility where grievance issue occurred: Stateville C.C. |
|---|---|

**NATURE OF GRIEVANCE:**

- ☐ Personal Property
- ☒ Staff Conduct
- ☐ Transfer Denial by Facility
- ☐ Mail Handling
- ☐ Dietary
- ☐ Transfer Denial by Transfer Coordinator
- ☐ Restoration of Good Time
- ☒ Medical Treatment
- ☐ Disability
- ☐ HIPAA
- ☐ Other (specify)

**Deliberately Indifferent To Medical Needs and Care.**

☐ Disciplinary Report: _____
Date of Report / Facility where issued

**Note:** Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
Chief Administrative Officer, only if EMERGENCY grievance.
Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary
administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief
Administrative Officer.

Brief Summary of Grievance: **mid-section of my Back,and that the pain I was feeling**

**felt as if I had a slipped disk. Dr.Zhang then took the point of her**

**hand and went down the left,right and center of my spine. She then**

**diagnosed me as having Scoliosis. I then asked her could I have an**

**X-Ray taken,and she agreed by scheduling me for one.**

**I further told Dr.Zhang and the CMT-Joe,that I was still experi-**

**encing Blood in my Bowels,and explained to them that I had been pre-**

**viously seen twice,but had not received any remedy when I was seen**

**and that was the reason why I had stopped CMT-Joe,and showed him the**

**sample of toilet tissue with Blood and Bowels. And that I had received**

**some medication by the name of Docusate/Colace,but the problem**

**was still Ongoing. I further explained to them both that when I had**

**(continue on back)**

☐ Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

Offender's Signature _____ ID# R16237 Date 4/1/09

(Continue on reverse side if necessary)

---

**Counselor's Response (if applicable)**

Date Received: ___/___/___    ☐ Send directly to Grievance Officer    ☐ Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277

Response:

_____

Print Counselor's Name _____ Counselor's Signature _____ Date of Response ___/___

---

**EMERGENCY REVIEW**

Date Received: ___/___/___    Is this determined to be of an emergency nature?    ☐ Yes; expedite emergency grievance
☐ No; an emergency is not substantiated. Offender should submit this grievance in the normal manner.

Chief Administrative Officer's Signature _____ Date

**ILLINOIS DEPARTMENT OF CORRECTIONS**

## OFFENDER'S GRIEVANCE

7 of 8.

| Date: April 1, 2009 | Offender: (Please Print) Lester Dobbey | ID#: R16237 |
|---|---|---|

| Present Facility: Stateville C.C. | Facility where grievance issue occurred: Stateville C.C. |
|---|---|

**NATURE OF GRIEVANCE:**

Deliberately Indifferent To Medical Needs and Care.

- [ ] Personal Property
- [x] Staff Conduct
- [ ] Transfer Denial by Facility
- [x] Mail Handling
- [ ] Dietary
- [ ] Transfer Denial by Transfer Coordinator
- [ ] Restoration of Good Time
- [x] Medical Treatment
- [ ] Disability
- [ ] HIPAA
- [x] Other (specify)

- [ ] Disciplinary Report: _____/_____/_____       _____
                              Date of Report          Facility where issued

Note: Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:

Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.

Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.

Chief Administrative Officer, only if EMERGENCY grievance.

Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

**Brief Summary of Grievance:** been caused by the Birds that live in the Cell-House taking their bowels and dropping them all over. She then said that it wasn't anything to worry about, because everybody around the institution had it. I then began to ask her about the Evaluation that I was suppose to be scheduled for. She then commented on my Back and how was it feeling. I told her that it was still irretated, and further told her about the medicine she gave me, (Methocarbemol), and how I had felt numbeness in my arm, pressure in my chest, and trembles in my lower body. I told her that I had took the X-Ray, and asked her did she have the Results. She said that she did not have the results yet. She then asked me directly where was the pain, I showed her, and explained to her that it

**Relief Requested:** felt like it was on the inner side of my spine. She then told me that

_____ (continue on back)

- [ ] Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

_____          R16237          4-1-09
Offender's Signature                ID#              Date

(Continue on reverse side if necessary)

---

### Counselor's Response (if applicable)

| Date Received: _____/_____/_____ | [ ] Send directly to Grievance Officer | [ ] Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277 |
|---|---|---|

Response: _____

_____

_____

_____

| _____ | _____ | _____/_____/_____ |
| Print Counselor's Name | Counselor's Signature | Date of Response |

---

### EMERGENCY REVIEW

| Date Received: _____/_____/_____ | Is this determined to be of an emergency nature? | [ ] Yes; expedite emergency grievance [ ] No; an emergency is not substantiated. Offender should submit this grievance in the normal manner. |
|---|---|---|

_____
Chief Administrative Officer's Signature                    Date

**EXHIBIT-N**

ILLINOIS DEPARTMENT OF CORRECTIONS

## Offender Outpatient Progress Notes

## Stateville Correctional Center

Offender Information:

Lobby _____ _____ ID#: R16237
Last Name                    First Name          MI

| Date/Time | Subjective, Objective, Assessment | Plans |
|---|---|---|
| 3-25-9 120p | LPN note I/m was Ø show for appt. ———— Nanette PN | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

**EXHIBIT-O**

ILLINOIS DEPARTMENT OF CORRECTIONS

**Offender Medical History**

**Stateville Correctional Center**

☐ Reception History
☐ Periodic History

Date: 4, 1, 09

Time: 10:50 ☐ a.m. ☐ p.m.

**Offender Information:**

Last Name: DOBBEY
First Name: LESTER
MI:
ID#: R16237

Race: ☐ White ☑ African American ☐ Asian American ☐ Hispanic ☐ Native American ☐ Other
Gender: ☐ Male ☐ Female
Date of Birth: 10, 22, 58

| Subjective: | Past Medical History / History of Present Illness / Family History | | | |
|---|---|---|---|---|
| Condition | Yes | No | Family History | Explanation |
| Allergies | | ✓ | | |
| Smoking | | ✓ | | |
| Pediculosis | | ✓ | | |
| Seizures | | ✓ | | |
| Asthma | | ✓ | | |
| Cardiac/HTN | | ✓ | | |
| Diabetic | | ✓ | | |
| Communicable Disease | | | | |
| a. Hepatitis/Jaundice | ☐ | ☑ | | |
| b. Hx + PPD/Active TB | ☐ | ☑ | | |
| c. STD | ☐ | ☑ | | |
| d. HIV +/AIDS | ☐ | ☑ | | |
| Surgeries | ☐ | ☑ | | |
| Hx of Psych Tx | ☐ | ☑ | | |
| a. Past Suicide Attempt | ☐ | ☑ | | |
| b. Current Suicidal ideation | ☐ | ☑ | | Hx MARIJUANA USE |
| Recent Drug/ETOH use | ☐ | ☐ | | |
| Mobility Problems | | | | |
| a. Assistive Devices | ☐ | ☑ | | |
| b. Prosthetics | ☐ | ☑ | | |
| c. Specialized Equipment | ☐ | ☑ | | |
| Other Medications | ✓ | | | MUSCLE RELAXANT |
| History of Sexual Abuse or Predator | | ✓ | | |
| Oriented x3 | ✓ | | | |
| Other: | | ✓ | | PAIN ON BACK / BLOOD ON STOOL 2 DAYS AGO |

Objective: T: 98.6  P: 73  ☑ regular ☐ irregular  R: 16  ☑ regular ☐ irregular  B/P: 142/72
Height: 5'7  Weight: 189  Vision: RT 20/ 25  LT 20/ 25  Corrected: RT 20/___  LT 20/___
Behavioral appearance and mental status, Evidence of deformity, trauma, and skin conditions. _____ WEARS READING GLASS

Assessment: Hx MARIJUANA USE
NKDA
LAB - 11/29/08

Plan: (Check and complete as appropriate)
1. Physical Examination: ☐ Urgent ☑ Routine
2. Mental Health Referral: ☐ Urgent ☐ Routine
3. Health Information Given: ☑ Yes ☐ Refused
4. PPD Results: ☐ Positive ☐ Negative
5. Chest X-ray performed: ☐ N/A ☐ Yes ☐ No
6. Other: _____

Date PPD Administered: / /  Date PPD Read: / /
Reading: _____ mm  By: _____

ENCARNACION
Print Name of Interviewer

_____
Signature

**R & C Use Only**

LAB: _____  Sickle Cell: ☐ Yes ☐ No  Dental: _____  Panorex: _____
EKG: _____  CXR: _____  Female Only:  PAP: _____  Mamo: _____

Distribution: Offender's Medical Record

DOC 0092 (Eff. 9/2002)

**EXHIBIT-P**

Exhibit - P

State of Illinois )
                  ) SS
County of Will    )

## AFFIDAVIT OF LESTER DOBBEY

    I, Lester Dobbey, being first duly sworn under oath, depose, and state that the foregoing is both true and correct, made upon my personal knowledge and belief, and if called as a witness I am competent to testify hereto that: On June 10, 2009, I had a In House/ Call-Pass, for Sick-Call, in which, I was seen by P.A.-Mrs. L. Williams. I was seen because of a cold. But while I was seen, I complained about my Back being in Pain, and that I was still seeing Blood in my Stool. Mrs. Williams then scheduled me for a Labortory Test for a Stool Sample, and then told me she would see about getting me in Therapy, but it would take like three months. She then told me that she would order me some Muscle Relaxers, Tylenol and Muscle/Pain Reliever Cream. Eventually I did receive the order.

    On June 30, 2009, I went to the Health Care Unit for the Labortory Test. I told the Lab. Technician that I couldn't use the bathroom at the specific time. I don't know her name, but she told me that she would reschedule me on that thursday July 2nd.

    On July 1, 2009, I saw the same Lab. Technician, while I was at my work assignment in F-House, Segragation Unit. I asked her could I talk to her and explained that I was just seen by her on the day before for a Stool Sample, but I couldn't use the bathroom, then I asked her if it was possible to take Lab. cup back to my cell, then return it once I used it. She then told me she couldn't allow that, but what she could do is have me admitted to the Health

Exhibit - P

**Affidavit of Lester Dobbey (page 2.)**

Care Unit's Infirmary overnight. I told her that would work.

On July 17,2009,I went to the Health Care Unit for a Mental Health Group Session,and while I was waiting in the bullpen,I saw the same Lab. Technician,and I stopped her and asked her about when was I going to get admitted to the Infirmary. She said that she thought that I had came up already. I told her that I had never been called,she then said that she was going to check on it.

On July 24,2009,I went to the Health Care Unit for another Mental Health Group Session,and I saw the same Lab.Technician again, while I was waiting,and asked her about myself getting admitted to the Infirmary. She then told me that I was scheduled for Sunday night. I then got a call-pass for the Infirmary on July 26,2009, I stayed overnight and submitted the sample. I was released the next day July 27,2009.

The abovementioned is both true and correct,and I declare this under the penalty of perjury.

SUBSCRIBED AND SWORN BEFORE ME
ON THIS, _18th_, DAY OF, _August_,
2009.

_Phyllis Baker_

NOTARY PUBLIC.

/s/
Affiant-Lester Dobbey
Stateville C.C.
P.O. Box 112
Joliet,IL 60434

OFFICIAL SEAL
PHYLLIS BAKER
Notary Public - State of Illinois
My Commission Expires Feb 07, 2011

**EXHIBIT-Q**

Exhibit - Q

State of Illinois )
                  ) SS
County of Will    )

## AFFIDAVIT OF LESTER DOBBEY

I, Lester Dobbey, being first duly sworn under oath, depose, and state that the foregoing is both true and correct, made upon my personal knowledge and belief, and if called as a witness I am competent to testify hereto that: On August 6, 2009, while I was at my work assignment in F-House Segragation Unit, I talked to the P.A.-Mrs.L. Williams, and explained to her about my Back being in Pain, and told her that she had once before gave me Flexadrile and Tylenol, and that I didn't have anymore, and could I get some more. She then wrote down my information name, I.D. number and cell-location, but I never heard back from her.

On August 9, 2009 I wrote a letter to the Health Care Unit, and explained that my Back was in Pain, and that I was feeling a small pinch on my Spine, and I was having Abdominal Pains, where it felt like a sharp needle was sticking through me from the front of my stomach to my tailbone. I never received a response.

On August 11, 2009, while I was in my cell-416 in Bravo House, I stopped a Medical Technician (Med. Tech.), who name I don't know, on the 3 to 11 p.m. shift, and explained to him about my Back Pain feeling a small pinch on my Spine, my Abdominal Pain feeling like a sharp needle sticking me from the front of my stomach to my tailbone. And I told him that I had put in request slips to be seen, but I never got called. He told me not to put the request slips in the cell-house sick-call box, and that I should write to

Exhibit - Q

## Affidavit of Lester Dobbey (page 2.)

Dr.Gosh,directly through the institutional mail.

On August 12,2009,while I was in my same cell,I saw the same Med.Tech. walking down the gallery,which then he stopped and asked me was I the person complaining about my Back and Stomach. I told him,Yeah. He then asked me did I want some Tylenol. I said, Yeah,you can give me some. He then gave me a package of 10 tablets of Acetaminophen at 325 mg.

On August 14,2009,I went to the Health Care Unit to see Mental Health Dr.Woods. I then explained to him about my Back Pain feeling a small pinch on my spine,and my stomach feeling like a sharp needle sticking me from the front of my stomach to my tailbone. Dr.Woods then wrote down what I was saying,then walked me over to the Emergency Room (E.R.),to see P.A.-Mrs.L. Williams,but she was seeing a patient,so she told me to wait in the bullpen. While I was waiting in the bullpen,the H.C.U. Sergeant came and told me to write down what was wrong with me,and I will be seen later. Minutes later I was sent back to my cell-house. Which all my medical problems are still Ongoing.

SUBSCRIBED AND SWORN BEFORE ME
ON THIS, 18th DAY OF, August,
2009.

_____
NOTARY PUBLIC.

/s/ _____
Affiant-Lester Dobbey
Stateville C.C.
P.O. Box 112
Joliet,IL 60434

OFFICIAL SEAL
PHYLLIS BAKER
Notary Public - State of Illinois
My Commission Expires Feb 07, 2011

**EXHIBIT-R**

| | | | Number | 04.03.103 |
|---|---|---|---|---|
| **Illinois** | | | Page | 1 of 6 |
| Department of | | ***ADMINISTRATIVE*** | | |
| **Corrections** | | ***DIRECTIVE*** | Effective | 4/1/2007 |

| Section | 04 | Programs and Services |
|---|---|---|
| Subsection | 03 | Medical and Health Care |
| Subject | 103 | Offender Health Care Services |

## I. POLICY

### A. Authority

730 ILCS 5/3-2-2, 5/3-6-2, and 5/3-7-2

20 Ill. Adm. Code 415 and 504

### B. Policy Statement

The Department shall ensure offenders have access to adequate health care.

## II. PROCEDURE

### A. Purpose

The purpose of this directive is to establish a uniform procedure for the provision of health care services to offenders in correctional facilities.

### B. Applicability

This directive is applicable to all adult Level One through Level Seven and juvenile Level One through Level Four correctional facilities within the Department.

### C. Internal Audits

An internal audit of this directive shall be conducted at least annually.

### D. Designees

Individuals specified in this directive may delegate stated responsibilities to another person or persons unless otherwise directed.

### E. Definition

Chronic illness - those diseases as listed in accordance with Administrative Directive 04.03.105, and medical conditions that require long term follow up as determined by the medical director.

HIV (Human Immunodeficiency Virus) - see Administrative Directive 04.03.115.

Specialty Service - includes non-routine services and items including, but not limited to, off-site consultations, off-site x-rays, non-formulary medications, and medical equipment.

| ADMINISTRATIVE DIRECTIVE | Effective 4/1/2007 | Page 2 of 6 | Number 04.03.103 |
|---|---|---|---|

**F.** **Requirements**

The Chief Administrative Officer shall develop a written procedure covering the provision of health care services within the facility. The procedure shall be dated and signed by the Chief Administrative Officer and the designated health care authority for the facility and approved by the Agency Medical Director. The procedure shall provide for the following.

1. **Direction**

   The health care services program shall be directed by a designated health authority whose scope of duties are detailed in a written agreement, contract, or job description that is reviewed annually and revised when necessary.

2. **Scope of Services**

   a. The method by which all offenders of a facility, regardless of custody status or other factors, can obtain health services at the level of self care, first-aid, emergency care, clinic care, infirmary care, and hospitalization shall be identified and described. (This may include the services provided by an outside or community hospital.)

   b. The method for providing a health education program, health maintenance program, chronic and convalescent care, continuing care, and emergency care shall be identified and described.

3. **Offender Access**

   a. All offenders shall have daily access to health care personnel and be referred to a facility physician, physician's assistant, or nurse practitioner as needed.

   b. Offenders shall be referred for specialty services if determined medically necessary.

      (1) If a facility physician, physician's assistant, or nurse practitioner deems specialty services necessary, a Medical Specialty Service Referral and Report, DOC 0254, shall be submitted to the facility Medical Director.

      (2) The facility Medical Director shall review the referral and make a determination and:

         (a) If denied, shall be forwarded to the facility Health Care Unit Administrator for a Utilization Review in accordance with Administrative Directive 04.03.125.

         (b) If approved, submit the referral to the Utilization Management Unit of the facility's health care vendor. The referral may be made in writing or verbally through a collegial review. Verbal reviews shall be documented on the progress notes in the offender's medical record.

| ADMINISTRATIVE DIRECTIVE | Effective 4/1/2007 | Page 3 of 6 | Number 04.03.103 |
|---|---|---|---|

       (c)    The vendor's Utilization Management Unit will review the referral and must submit a written response to the facility Medical Director within five working days.

          i.    If the response is not received within the five working days, the facility Medical Director shall advise the Health Care Unit Administrator who shall contact the Agency Medical Director.

          ii.    The response shall be placed in the consultation section of the offender's medical file.

          iii.    If the referral is approved, the facility Medical Director shall ensure services are scheduled and the course of treatment is initiated.

          iv.    If the referral is denied, the facility Medical Director shall forward the referral to the facility Health Care Unit Administrator for a Utilization Review in accordance with Administrative Directive 04.03.125.

   (3)    If approved, health care staff shall schedule the pending specialty service.

   (4)    If denied, the facility Medical Director shall notify the offender in writing on the Medical Special Services Referral Denial or Revision, DOC 0255.

**NOTE:** Any member of the staff responsible for offender's care may request a Utilization Appeal directly to the Agency Medical Director in all cases of denials from the vendors Utilization Management Unit.

  c.    Offender shall be offered testing for HIV and related counseling by medical personnel upon arrival at the parent institution following transfer from reception and classification and again prior to transfer to a transition center or prior to release, discharge, or parole. Consent for testing or refusal shall be documented on the DOC 0215.

  d.    Health care personnel shall conduct rounds in segregation or confinement units daily to ensure adequate offender access.

  e.    A physician, physician's assistant, or nurse practitioner shall make rounds in the segregation or confinement units at least once per week.

4.    **Offender Notification**

  a.    Offenders shall be informed of the following:

    (1)    All offenders may participate in sick call; and

**Illinois** Department of **Corrections**

| ADMINISTRATIVE DIRECTIVE | Effective 4/1/2007 | Page 4 of 6 | Number 04.03.103 |
|---|---|---|---|

(2)     The procedures for gaining access to health services and for filing a complaint regarding health services.

b.     In the event the offender does not understand English, he or she shall be informed of the foregoing in a language that he or she understands.

5.     **Medical Treatment**

a.     When an offender is incapable of giving consent, medical treatment, including medication, may be given against an offender's will where approved by the Chief Administrative Officer or the Duty Administrative Officer (no designees) when in the opinion of an Illinois licensed physician immediate treatment is required:

(1)     To protect the offender from a physical condition threatening to cause death, damage or impairment of bodily functions, or disfigurement, and the offender is incapable of giving consent.

(2)     Where death of the offender or serious permanent bodily injury is likely to result in the near future if treatment is not provided.

b.     The physician's opinion and recommendation and the Chief Administrative Officer's or the Duty Administrative Officer's approval shall promptly be documented on an Offender Medical Emergency Consent Waiver, DOC 0095, and placed in the offender's medical record.

c.     The involuntary administration of psychotropic medication shall comply with Department Rule 415.70. The physician's opinion and order shall be documented on an Emergency Involuntary Administration of Psychotropic Medication, DOC 0097, and placed in the offender's medical record.

6.     **Review of Sick Call Requests**

a.     Health care staff shall review offender sick call requests within 24 hours of receipt. Medical emergencies shall be addressed as they occur.

b.     Upon determination that a nursing evaluation is appropriate, health care staff shall schedule an evaluation. The evaluation shall take place within three days.

7.     **Co-Payment for Non-emergency Medical Services in Adult Facilities**

a.     Offenders in adult facilities who request non-emergency treatment shall pay the Department a $2.00 co-pay per visit. Services are non-emergency services when requested by the offender and determined to be non-emergent by the examining medical personnel such as a Certified Medical Technician, Dentist, Mental Health Professional, Nurse, Nurse Assistant, Physician, or Physician's Assistant. An offender who has been diagnosed with a chronic illness shall be exempt from the $2.00 co-pay for treatment of the chronic illness at the regularly scheduled chronic illness clinic visit.

**Illinois** Department of **Corrections**

| ADMINISTRATIVE DIRECTIVE | Effective 4/1/2007 | Page 5 of 6 | Number 04.03.103 |
|---|---|---|---|

b. At the time of the non-emergency evaluation, the offender shall be required to sign an Offender Authorization for Payment, DOC 0296, authorizing the deduction of the co-pay from present or future funds in his or her trust fund account. Justification for the co-pay shall be documented in the progress notes. Indigent offenders as defined in 20 Ill. Adm. Code 415.30 shall be exempt from the co-payment.

c. When the evaluation is provided, the Health Care Unit shall submit the DOC 0296 to the business office for processing in accordance with Administrative Directive 02.42.105.

8. **Health Care Planning for General Population Offenders**

a. Health care staff shall identify offenders who have health conditions that require health care planning.

b. Prior to release from the facility, health care staff shall complete health care planning for each offender as indicated and offer counseling and testing for HIV free of charge.

c. To ensure no interruption in the treatment of offenders being released, discharged, or transferred to a transition center, health care staff shall either:

(1) Provide a two week supply of the medication and a prescription for an additional two week supply; or

(2) Make an appointment on behalf of the offender with the appropriate specialty in the community and provide the offender with the quantity of medication that will supply the offender until said appointment.

d. If medication is released in a non-child resistant package, health care staff shall ensure:

(1) A sticker stating "Package NOT child resistant" is affixed to the package.

(2) The Child Resistant Packaging Waiver, DOC 0145, is completed and the offender signs or the offender's refusal to sign is documented.

(3) The medication is released to the offender. Refusal to sign the DOC 0145 shall not prevent release of medication.

e. Following completion of the health care planning, a note shall be placed:

(1) On the Offender Medical Problem List, DOC 0088, indicating that health care planning has been completed.

(2) In the progress notes describing the health care plan and indicating that the plan was discussed with the offender.

**Illinois** Department of **Corrections**

| **ADMINISTRATIVE DIRECTIVE** | Effective 4/1/2007 | Page 6 of 6 | Number 04.03.103 |
|---|---|---|---|

f. The Health Care Planning portion of local procedures shall be reviewed, and revised and re-approved annually at the time of the Quality Improvement Committee Meeting as described in Administrative Directive 04.03.125.

9. **Review of Health Complaints**

a. Reports of health problems or other medical complaints made by offenders shall be reviewed within 24 hours, or immediately in the event of an emergency, by designated trained staff. Appropriate referrals to scheduled or unscheduled health services shall be made as needed.

b. When an offender request for non-emergency medical attention results in referral to a primary care physician by the screening medical personnel, the primary care evaluation shall take place within 72 hours or upon the next scheduled visit by a primary care physician.

Authorized by:

Roger E. Walker, Jr.
Director

<u>Supersedes</u>:
04.03.103                    AD                    1/1/2006

EXHIBIT-E

F. 252

**ILLINOIS DEPARTMENT OF CORRECTIONS**
**Offender Disciplinary Report**

Date: 9/4/2009

Stateville Correctional Center
Facility

**Type of Report:**
☒ Disciplinary    ☐ Investigative

Offender Name:    DOBBEY, LESTER                    ID #:    R16237

**Offense Information:**

Observation Date:    9/2/2009    Approximate Time:    12:30    ☐ a.m. ☒ p.m.    Location:    Unit B-416

**Offense(s): DR 504:**    308 -Contraband/Unauthorized Property, 402- Health, Smoking, or Safety Violations

**Observation:** (NOTE: Each offense identified above must be substantiated.) On the above date and approximate time, Reporting Investigator conducted a search of cell # 416, in Unit B. According to the Offender Tracking System, Inmates LESTER DOBBY, R16237 and WILLIAM CONNER, K66018 reside there. Upon searching the cell, an altered clear Etron radio was recovered. The radio has a white wire attached to the on board transformer that was not connected there from the manufacturer. The radio has DOBBEY'S ID number engraved on it. The radio had to be taken apart in order to connect the wire to this location. Additionally, an altered pair of trimmers were recovered that did not have any number etched on it. The trimmers were altered to function as a homemade tattoo gun. R/I also observed several new tattoos on DOBBEY'S right arm that were not present upon admittance 10/11/02. DOBBEY was documented as only having 2 tattoos on his right arm, now there are several.

**Witness(es):** D. Schwartz

☐ Check if Offender Disciplinary Continuation Page, DOC 0318, is attached to describe additional facts, observations or witnesses.

| L. TURNER | 5327 | _Turner_ | 9/4/2009 | 1:30 | ☐ a.m. ☒ p.m. |
|-----------|------|-----------|----------|------|-------|
| Reporting Employee (Print Name) | Badge # | Signature | Date | Time | |

**Disciplinary Action:**

**Shift Review:** ☒ Temporary Confinement    ☐ Investigative Status    Reasons: Nature

_AKE_                                    _____    9/6/9
Printed Name and Badge #        Shift Supervisor's Signature        Date
                                (For Transition Centers, Chief Administrative Officer)

**Reviewing Officer's Decision:** ☐ Confinement reviewed by Reviewing Officer    Comment: Appropriate
☐ Major Infraction, submitted for Hearing Investigator, if necessary and to Adjustment Committee
☐ Minor Infraction, submitted to Program Unit
MATER LEMIG #771        _____    9/8/9
Print Reviewing Officer's Name and Badge #        Reviewing Officer's Signature        Date

☒ **Hearing Investigator's Review Required** (Adult Correctional Facility Major Reports Only):
S Brown 2793        _____    9-8-09
Print Hearing Investigator's Name and Badge #        Hearing Investigator's Signature        Date

**Procedures Applicable to all Hearings on Investigative and Disciplinary Reports**
You have the right to appear and present a written or oral statement or explanation concerning the charges. You may present relevant physical material such as records or documents.

**Procedures Applicable to Hearings Conducted by the Adjustment Committee on Disciplinary Reports**
You may ask that witnesses be interviewed and, if necessary and relevant, they may be called to testify during your hearing. You may ask that witnesses be questioned along lines you suggest. You must indicate in advance of the hearing the witnesses you wish to have interviewed and specify what they could testify to by filling out the appropriate space on this form, tearing it off, and returning it to the Adjustment Committee. You may have staff assistance if you are unable to prepare a defense. You may request a reasonable extension of time to prepare for your hearing.

☐ Check if offender refused to sign

_____    _____    _____
Offender's Signature        ID#

_B_____        2793        _____
Serving Employee (Print Name)    Badge #        Signature    ☐ a.m. ☐ p.m.

_9-9-09_        _77_
Date Served        Time Served

☐ I hereby agree to waive 24-hour notice of charges prior to the disciplinary hearing.

_____    _____
Offender's Signature        ID#

EXHIBIT-F

## STATE OF ILLINOIS - DEPARTMENT OF CORRECTIONS
### ADJUSTMENT COMMITTEE
### FINAL SUMMARY REPORT

| Name: DOBBEY, LESTER | IDOC Number: R16237 | Race: BLK |
|---|---|---|
| Hearing Date/Time: 9/16/2009 10:45 AM | Living Unit: STA-F -04-47 | Orientation Status: N/A |
| Incident Number: 200901881/1 - STA | Status: Final | |

| Date | Ticket # | Incident Officer | Location | Time |
|---|---|---|---|---|
| 9/2/2009 | 200901881/1-STA | TURNER, LESLIE G | B-HOUSE | 12:30 PM |

| Offense | Violation | Final Result |
|---|---|---|
| 308 | Contraband/Unauthorized Property | Guilty |
| 402 | Health,Smoking Or Safety Violations | Guilty |

| Witness Type | Witness ID | Witness Name | Witness Status |
|---|---|---|---|
| No Witness Requested | | | |

### RECORD OF PROCEEDINGS
Inmate Dobbey present, hearing conducted. Dobbey states he's guilty of offense 308 because he did have the wire as an antenna, but is not guilty of offense 402. He further states he has no new tattoos and that there are many not documented. Dobbey bought a copy of a pre sentence investigation (pgs seven attached to ticket). Dobbey written statement is attached.

### BASIS FOR DECISION
Officer Inmate L. Turner stated in his disciplinary report. He conducted a cell search of cell B-416 occupied by Inmate Dobbey and Inmate William Conner K66018. Turner said upon searching the cell, an altered clear Eiron radio was recovered. The radio has a white wire attached to the on board transformer that was not connected there from the manufacturer. The radio was Inmate Dobbey ID number engraved on it. The radio had to be taken apart in order to connect the wire to this location. Trimmers were recovered, but his cellmate Conner took responsibility for the trimmers. Turner stated that he also observed several new tattoos on Dobbey right arm that was not present upon admittance/reception. In regards Dobbey was documented as only having tattoos on his right arm which were three mask faces. Dobbey stated to the Committee, he's guilty for the wire as an antenna on the Television. Dobbey stated he has no new tattoos, he always had more then two tattoos on his right arm. The OTS physical profile inquiry when Dobbey came into IDOC system showed him with only two mask faces and the presentence invest report banded it that Dobbey came to the Committee only. (both had electrical faces on right arm. Dobbey has several other tattoos on his right arm, other then the tattoo (no more's documented). This Committee is satisfied that Dobbey is guilty of the indicated charges. Dobbey was identified by his IDOC ID card.

*10/1/02 ADMIN*

### DISCIPLINARY ACTION (Consecutive to any prior's)

| RECOMMENDED | FINAL |
|---|---|
| 3 Months C Grade | 3 Months C Grade |
| 3 Months Segregation | 3 Months Segregation |
| 3 Months Commissary Restriction | 3 Months Commissary Restriction |
| Other Discipline:Nature of incident | |

### Signatures
**Hearing Committee**

| | | Signature | Date | Race |
|---|---|---|---|---|
| FRANKLIN, JOHNNIE L - Chair Person | | | 09/16/09 | BLK |
| RABIDEAU, KAREN M | | | 09/16/09 | WHI |

Recommended Action Approved

### Final Comments: N/A

# STATE OF ILLINOIS – DEPARTMENT OF CORRECTIONS
## ADJUSTMENT COMMITTEE
## FINAL SUMMARY REPORT

**Name:** DOBBEY, LESTER     **IDOC Number:** R16237     **Race:** BLK

**Hearing Date/Time:** 9/16/2009   10:45 AM     **Living Unit:** STA-F-04-47     **Orientation Status:** N/A

**Incident Number:** 200901881/1 - STA     **Status:** Final

---

MARCUS HARDY / AAR 9/21/2009                        09/21/09

Chief Administrative Officer             Signature             Date

The committed person has the right to appeal an adverse decision through the grievance procedure established by Department Rule 504: Subpart F.

CLEO JOHNSON                     9/22/2009         10:45 AM

Employee Serving Copy to Committed Person         When Served   -   Date and Time

**EXHIBIT-G**

ILLINOIS DEPARTMENT OF CORRECTIONS
## OFFENDER'S GRIEVANCE

| Date: 10/15/09 | Offender: (Please Print) LESTER DOBBEY | ID#: R16237 |
| Present Facility: Stateville C.C. | Facility where grievance issue occurred: Stateville C.C. | |

**NATURE OF GRIEVANCE:**

| ☐ Personal Property | ☐ Mail Handling | ☐ Restoration of Good Time | ☐ Disability | Retaliatory |
| ☒ Staff Conduct | ☐ Dietary | ☐ Medical Treatment | ☐ HIPAA | Treatment |
| ☐ Transfer Denial by Facility | ☐ Transfer Denial by Transfer Coordinator | ☒ Other (specify) | | By A/W Reed |

☒ Disciplinary Report: 9 , 2 , 09 _____ Stateville C.C.
                    Date of Report                Facility where issued

Note:     Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
Chief Administrative Officer, only if EMERGENCY grievance.
Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary
administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief
Administrative Officer.

Brief Summary of Grievance: On 9/2/09, at approx. 10:15 A.M., (3) Internal Affair
officers #/a Turner, #/a Harrington and #/a Schwartz came to
Brand House to cells #415 and #416, in which, I and William
Conner #K66018 resided in, to shakedown. We were patted-
down, handcuffed and walked to the cell-house bullpen/holding cage.
At approximately 12:30 pm, these same I/A officer left off 4 gallery
and came down stairs with William Conner's Television, Trimmers and
Blue Jean Coat, and my Radio. These I/A officers were stopped
and asked questions about the items they were confiscating. Then
they left the building.
_____ Minutes later Lt. Michelle walked past in which he
was stopped and asked could we go back to our cells. He
then said, Yeah, whoever is in cell #415 can go back →
                                                        Back page

☐ Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

_____            R16237          10, 15, 09
Offender's Signature                    ID#              Date

(Continue on reverse side if necessary)

---

| **Counselor's Response (if applicable)** | | |
| Date Received: 11 , 5 , 09 | ☐ Send directly to Grievance Officer | ☐ Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277 |
| Response: | | |

_____        _____        _____
Print Counselor's Name              Counselor's Signature              Date of Response

---

| **EMERGENCY REVIEW** | | |
| Date Received: ___/___/___ | Is this determined to be of an emergency nature? | ☐ Yes; expedite emergency grievance ☐ No; an emergency is not substantiated. Offender should submit this grievance in the normal manner. |

_____                                        ___/___/___
Chief Administrative Officer's Signature                              Date

Distribution: Master File; Offender                    Page 1                    DOC 0046 (Rev. 3/2005)

Printed on Recycled Paper

ILLINOIS DEPARTMENT OF CORRECTIONS
**OFFENDER'S GRIEVANCE**

| Date: 10/15/09 | Offender: (Please Print) LESTER DOBBEY | ID#: R16237 |
|---|---|---|

| Present Facility: Stateville C.C. | Facility where grievance issue occurred: Stateville C.C. |
|---|---|

**NATURE OF GRIEVANCE:**

| ☐ Personal Property | ☐ Mail Handling | ☐ Restoration of Good Time | ☐ Disability | Retaliatory |
| ☒ Staff Conduct | ☐ Dietary | ☐ Medical Treatment | ☐ HIPAA | Treatment |
| ☐ Transfer Denial by Facility | ☐ Transfer Denial by Transfer Coordinator | | ☒ Other (specify): | By A/W Reed |

☐ Disciplinary Report: ___9, 2, 09___  ___Stateville___
                        Date of Report      Facility where issued

**Note:** Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

**Complete:** Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
    **Counselor,** unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
    **Grievance Officer,** only if the issue involves discipline at the present facility or issue not resolved by Counselor.
    **Chief Administrative Officer,** only if EMERGENCY grievance.
    **Administrative Review Board,** only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary
    administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief
    Administrative Officer.

**Brief Summary of Grievance:** that were not there on my right arm upon my

Admittance 10/11/02. Are not True.

_____ Whoever documented

my tattoos on 10/11/02 did not write down completely

describing "all" my tattoos. They wrote down partial identi-

fying my tattoos. I never had seen I/A on my Admittance

nor was any pictures taken of my tattoos upon my Admittance

10/11/02.

_____ Then February 10, 2005 I was released from I.D.O.C.

custody, care, and control, due to my sentence being vacated by

~~_____~~ the Appellate Court of Illinois, First Judicial District. I

was then remanded to the Cook County Department of Corrections on

2/10/2005. And after being Resentenced on August 25, 2005

☐ Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

_____  R16237  10, 15, 09
Offender's Signature          ID#        Date

(Continue on reverse side if necessary)

| **Counselor's Response** (if applicable) | | |
|---|---|---|

Date Received: 11, 5, 09   ☐ Send directly to Grievance Officer   ☐ Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277

Response: inmates grievance is related to
discipline. Inmate may attach a copy
of his ticket or summary to this grievance
and forward all documents to the grievance
officer for review. C. Harris

C. HARRIS   _____   11/7/09
Print Counselor's Name   Counselor's Signature   Date of Response

| **EMERGENCY REVIEW** | | |
|---|---|---|

Date Received: ___/___/___   Is this determined to be of an emergency nature?   ☐ Yes; expedite emergency grievance
                                                                                ☐ No; an emergency is not substantiated. Offender should submit this grievance in the normal manner.

_____   ___/___/___
Chief Administrative Officer's Signature   Date

Distribution: Master File; Offender                    Page 1                    DOC 0046 (Rev. 3/2005)
                                            Printed on Recycled Paper

I WAS SENTENCED BACK to PRISON. I WAS then Admitted back to I.D.O.C. on or about August 28 or 30th 2005, in which, FOR A SECOND time I WAS NEVER SEEN by I.A., NOR photographed, NOR questioned About Tattoos.

Now I have been written A FALSE disciplinary Report For having to many tattoos, because I.A. did not follow their mandated protocol when I WAS Admitted to I.D.O.C 10/11/02 Nor, 8/29,30/05. In which, the "402" charge Should have been based on my Readmittance in August 2005.

Assistant Warden Reed used these I.A. OFFICERS AS his personal Hitmen to write me A FALSE charge because I put him in my grievance previously, And to get me Fired.

Relief Requested: I want the 402 Health, Smoking or Safety Violations, expunged From my Record. And I want my institutional Job back AS A Law Library Research Clerk. And NOT to be Further Retaliated Against For writing Grievances.

ILLINOIS DEPARTMENT OF CORRECTIONS
## OFFENDER'S GRIEVANCE

| Date: October 15, 2009 | Offender: (Please Print) LESTER DOBBEY | ID#: R16237 |
|---|---|---|

| Present Facility: Stateville C.C. | Facility where grievance Issue occurred: Stateville |
|---|---|

**NATURE OF GRIEVANCE:**

- ☐ Personal Property
- ☑ Staff Conduct
- ☐ Transfer Denial by Facility
- ☐ Mail Handling
- ☐ Dietary
- ☐ Transfer Denial by Transfer Coordinator
- ☐ Restoration of Good Time
- ☐ Medical Treatment
- ☐ Disability
- ☐ HIPAA
- ☑ Other (specify): Retaliation

14-209
2482 mt
60

☑ Disciplinary Report: 9 / 2 / 09    Stateville CC
Date of Report    Facility where issued

Note: Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
Chief Administrative Officer, only if EMERGENCY grievance.
Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

Brief Summary of Grievance: ON September 2, 2009 Internal Affair Officers I/A Turner, I/A Harrington, and I/A Schwartz, came to Brand Cell House at approximately 10:15 a.m., and conducted a shake-down (search) of cell # 415 and # 416, in which I resided in. Along with Inmate William Conner # K66018. Upon Admonishing Mr. Conner and myself of the Shake-down (Search), we both were taken out of our cell # 416 and searched by way of a "Pat Down". Thereafter, we were handcuffed and walked to the cell House holding cage/bullpen.

At approximately 12:30 p.m. these same I.A. Officers left off of 4 gallery and came to the main floor, carrying Mr. Conner's television, a Big garbage bag with Mr. Conner's (Book)

☐ Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

Offender's Signature    R16237    10, 15, 09
ID#    Date

(Continue on reverse side if necessary)

---

**Counselor's Response (if applicable)**

Date Received: ___/___/___    ☐ Send directly to Grievance Officer    ☑ Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277

Response:

Print Counselor's Name    Counselor's Signature    Date of Response

---

**EMERGENCY REVIEW**

Date Received: ___/___/___    Is this determined to be of an emergency nature?    ☐ Yes; expedite emergency grievance
☐ No; an emergency is not substantiated.
Offender should submit this grievance in the normal manner.

Chief Administrative Officer's Signature    Date

Coat (Blue Jean), Trimmers and my Radio, etc. These same Officers then were asked questions, replied, then left the building. I then made inquiry to the cell-house Lt. Michelle about Whether or not Could we go back to our cells. Lt. Michelle then told inmates-Ward and Thomas out of cell #215, could go back to their cell, but Mr. Conner and myself were getting walked to Segregation, (Seg.). Mr. Conner and I then made inquiry as to why were we being walked. Lt. Michelle stated that he didn't know.

Minutes later, Assistant Warden-Reed and the cell-house Major-Lake came into the Bravo cell-house, in Which I attempted to stop both A/W Reed and MJR-Lake. A/W Reed stated that he would be back and to hold on. Thereafter, A/W Reed and MJR-Lake preceded to go to 2 Gallery. After leaving 4 Gallery and before leaving the building, I stopped A/W Reed, and told him my name, Which he said, I know who you are, you're the law clerk, right, the grievance and law suit, man... I replied, yeah, and asked him, "Did we have a right to know why we were being walked to Segregation?" A/W Reed, responded, "yeah, but you know why this happened to you." I told him, No! I don't know why. I/A shook-down our cell for like 2½ hours then just left. He said that he had just talked to Turner before they came over. So he was gonna go talk to him to see what they found. He then Whispered to Major Lake, "Dobbey had the nerve to put me in his grievance and law suit. A/W Reed then left the building.

Thereafter, Lt. Michelle walked past the holding cage /Bullpen where I stopped him that A/W Reed, had stated that we had a right to know why We Were being walked to Seg. Lt. Michelle then said "A Possible Tattoo Gun." I then Stated, "A Possible Tattoo Gun!!!! They either got a Tattoo Gun or they Don't!" Lt. Michelle then said, "Well that's What I.A. just called and said. I don't know what's going on, it's beyond me, I just follow orders."

Minutes later, our property boxes were brought from our cell and Lt. Michelle and C/O Herbert fixed Mr. Conner and myself a bag for Segregation of Clothing items and Cosmedics. I asked Could I get all my legal Material because I had Important Court deadlines, Lt. Michelle said, "Personal Property Will send it to you later. I also

3 oF 9.

**ILLINOIS DEPARTMENT OF CORRECTIONS**
## OFFENDER'S GRIEVANCE

| Date: October 15, 2009 | Offender: (Please Print) LESTER DOBBEY | ID#: R16237 |
|---|---|---|
| Present Facility: Stateville C.C. | Facility where grievance issue occurred: Stateville C.C. | |

**NATURE OF GRIEVANCE:**

- [ ] Personal Property
- [x] Staff Conduct
- [ ] Transfer Denial by Facility
- [ ] Mail Handling
- [ ] Dietary
- [ ] Transfer Denial by Transfer Coordinator
- [ ] Restoration of Good Time
- [ ] Medical Treatment
- [ ] Disability
- [ ] HIPAA
- [x] Other (specify): Retaliation

- [x] Disciplinary Report: 9 , 2 , 09     Stateville C.C.
  Date of Report          Facility where issued

**Note:** Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

**Complete:** Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
Chief Administrative Officer, only if EMERGENCY grievance.
Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

**Brief Summary of Grievance:** ASKED COULD WE get AN INVENTORY Sheet, SO WE Would Know WHAT WAS IN OUR PROPERTY boxes OR WAS Anything missing. Lt. Michelle SAID, personal property Will get it to you too.

Therebeit, At Approximately 2:30 pm. Lt. Michelle WALKED Mr. CONNER AND MYSELF to the F-HOUSE Segregated/Writ/OVERFLOW - population Unit.

ONE September 9, 2009 % S. BROWN, Served me with A disciplinary REPORT that WAS WRITTEN on 9/2/09 by I/A TURNER AND WITNESSED by I/A SchWARTz. The REPORT Alleged OFFENSES oF A: 308 CONtrabAND/UNAUthorized Property (BACK PAGE)

- [ ] Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

| Offender's Signature | R16237 | 10 , 15 , 09 |
|---|---|---|
| | ID# | Date |

(Continue on reverse side if necessary)

---

| **Counselor's Response** (if applicable) | |
|---|---|
| Date Received: ___/___/___ | [ ] Send directly to Grievance Officer    [ ] Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277 |

Response: _____

| Print Counselor's Name | Counselor's Signature | Date of Response |
|---|---|---|

---

| **EMERGENCY REVIEW** | |
|---|---|
| Date Received: ___/___/___ | Is this determined to be of an emergency nature?    [ ] Yes; expedite emergency grievance    [ ] No; an emergency is not substantiated. Offender should submit this grievance in the normal manner. |

_____
Chief Administrative Officer's Signature        Date

402 Health, Smoking or Safety Violations. (See Exhibit-A, the Disciplinary Report, Which is Attached).

On September 16, 2009 the Adjustment Committee commenced a hearing on the Disciplinary Report that was filed against me 9/2/09. The Committee consisted of Lt. Franklin and Counselor-K. Rabideau. Upon being seen by this Committee, I submitted a written, "Disciplinary Report Defense Statement. Thereafter, Lt. Franklin, read aloud the Disciplinary Report and the Charged Offenses, the: 308 Contraband/Unauthorized Property 402 Health, Smoking or Safety Violations. (See Exhibit-A). Then Lt. Franklin asked me, "How do you Plea?" I then plead "Guilty" to having the wire on my Radio, and verbally explained that the wire was soley for an antenna and AM/FM Reception. And Stated that, "I plea Not Guilty to the rest of the charges." I further explained that Attached to my Defense Statement, I attached an Affidavit from my Cellie William Conver #K66019, Regarding the trimmers that were found, where he states that the trimmers were his. (Also See Exhibit-B, the Affidavit of William Conver #K66019, Which is Attached). And then I further explained that I did not have any new Tattoos, And that majority of the Tattoos I have were never documented by J.D.O.C., and Showed him my Presentence Investigation Report to make the example, that, prior to me ever being admitted to J.D.O.C. the Circuit Court of Cook County had some documentation of a number of Tattoos I had, but, even they didn't completely document every Tattoo. (See and compare, Exhibits-C and D the Presentence Investigation Report and the Offender Tracking System Computerized Data/Information Sheet, Which is attached. And I explained that I had never been seen by I.A. upon my admittance About Tattoos, because I don't have any gang Tattoos.

Ms. Rabideau, stated aloud that she had previously ran into problems like this in the past, where guys did not have gang tattoos, And that tattoos the guys had were never documented, then later I.A. comes around and gets them.

Lt. Franklin, then asked me, "So you were not seen by I.A. Whenever you were admitted in?" I answered, "No." Lt. Franklin, then said, "Well, I.A. suppose to take pictures of all Tattoos when you are admitted. I'll talk to
→ Next Page →

ILLINOIS DEPARTMENT OF CORRECTIONS
**OFFENDER'S GRIEVANCE**

5 of 9.

| | | |
|---|---|---|
| Date: October 15, 2009 | Offender: (Please Print) LESTER DOBBEY | ID#: R16237 |
| Present Facility: Stateville C.C. | Facility where grievance issue occurred: Stateville C.C. | |

**NATURE OF GRIEVANCE:**

☐ Personal Property    ☐ Mail Handling    ☐ Restoration of Good Time    ☐ Disability
☒ Staff Conduct    ☐ Dietary    ☐ Medical Treatment    ☐ HIPAA
☐ Transfer Denial by Facility    ☐ Transfer Denial by Transfer Coordinator    ☒ Other (specify): Retaliation

☒ Disciplinary Report: 9, 2, 09     Stateville C.C.
                Date of Report             Facility where issued

Note: Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
     Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
     Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
     Chief Administrative Officer, only if EMERGENCY grievance.
     Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary
     administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief
     Administrative Officer.

**Brief Summary of Grievance:** them About that to see why NO pictures were taken when you first came in.·"I said, "Okay." Then the Hearing was concluded... I NEVER RECEIVED A SUMMARY REPORT.

ON September 29, 2009 I made inquiry to Counselor C. Harris, Regarding My status in Segregation. She informed me that I was found guilty on both charged offenses the 308 and 402, and sentenced to 3 months Segregation, 3 months Commissary Denial, and 3 months C-grade. And that the Plan dates were to end December 2, 2009.

ON October 3, 2009 Lt. Franklin worked in [BACK PAGE]

☐ Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

Offender's Signature         R16237     10, 15, 09
                                 ID#          Date

(Continue on reverse side if necessary)

---

**Counselor's Response** (if applicable)

Date Received: ___/___/___    ☐ Send directly to Grievance Officer    ☐ Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277

Response: _____

_____

_____

_____

Print Counselor's Name          Counselor's Signature          Date of Response

---

**EMERGENCY REVIEW**

Date Received: ___/___/___

Is this determined to be of an emergency nature?

☐ Yes; expedite emergency grievance
☐ No; an emergency is not substantiated. Offender should submit this grievance in the normal manner.

Chief Administrative Officer's Signature          Date

ILLINOIS DEPARTMENT OF CORRECTIONS
OFFENDER'S GRIEVANCE (Continued)

F-House as the 3 to 11pm Cell-house Lieutenant. Lt. Franklin commenced to do Rounds, and walk around every gallery of the cell-house. Upon him reaching 2 gallery, in which, I am housed in Cell # 252, I stopped him to make inquiry as to his conclusive findings regarding my Disciplinary Hearing. My inquiry was specifically based on the 402 Health, Smoking, or safety violations, in which, he found me guilty.

I re-showed Lt. Franklin the Disciplinary Report and Evidence that I had submitted. He said that he did recall the Report and evidence, and that he had talked to I.A. after the hearing and that I.A. gave him information based on my initial admittance to I.D.O.C. 10/11/02, and that they said I had to many Tattoos.

I again informed him that I had never been seen by I.A., nor had I ever been photographed by I.A. about my Tattoos upon me being admitted to I.D.O.C. on 10/11/02, neither in August of 2005. And I further explained to him that on February 10/2005, I was released from I.D.O.C. Custody, care, control and Jurisdiction. Where then the Cook County Department of Corrections gained, custody, care, control and Jurisdiction of me on February 10,2005, due to the First Judicial Appellate Court of Illinois, vacated my sentence to I.D.O.C, on October 8, 2004. (See, Exhibit-E, the Appellate Court's Order, which is attached). And further explained, that I was Re-Admitted to I.D.O.C., on August 29th or 30th, 2005, in which, again I was never seen or photographed by I.A., and that is me being admitted to I.D.O.C. twice. I told him that I have approximately 2 dozen undocumented Tattoos.

And as I continued to talk to him, I told him that he even found me guilty of the pair of Trimmers after I attached to my Defense Statement, an affidavit from my Cellie William Conner # K66018, stating that the Trimmers found in our cell were his. (Again see Exhibit-B). He then said that, "Well, that don't matter because I didn't max you out when I.A. told him not to be lenient. I told him that this was only my second Disciplinary Report against me since 10/11/02 and my first time in Segregation. He told me then to put in for a Time-Cut. I made inquiry as to how would I go about doing so, He told me to submit

ILLINOIS DEPARTMENT OF CORRECTIONS
## OFFENDER'S GRIEVANCE

| Date: October 15, 2009 | Offender: (Please Print) LESTER DOBBEY | ID#: R16237 |
|---|---|---|

| Present Facility: Stateville C.C. | Facility where grievance issue occurred: Stateville C.C. |
|---|---|

**NATURE OF GRIEVANCE:**

- ☐ Personal Property
- ☒ Staff Conduct
- ☐ Transfer Denial by Facility
- ☐ Mail Handling
- ☐ Dietary
- ☐ Transfer Denial by Transfer Coordinator
- ☐ Restoration of Good Time
- ☐ Medical Treatment
- ☐ Disability
- ☐ HIPAA
- ☐ Other (specify): _____

☒ Disciplinary Report: 9 / 2 / 09    Stateville C.C.
     Date of Report      Facility where issued

Note: Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
    Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
    Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
    Chief Administrative Officer, only if EMERGENCY grievance.
    Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary
    administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief
    Administrative Officer.

Brief Summary of Grievance: At Request to my Counselor, whereas the Counselor fills out a form and submits it to the Adjustment Committee, where then he would submit it to the Warden. In which, then our conversation was concluded.

I write this grievance against I/a Turner and I/a Schwartz for falsely charging me with violating I.D.O.C. Rules without first properly investigating the allegations that were alleged in the Disciplinary Report, regarding the 402 Health, Smoking, or Safety Violations. (Back page?)

Secondly, because these same I.A. members knew prior

☐ Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

    _(signature)_      R16237    10, 15, 09
    Offender's Signature       ID#       Date

(Continue on reverse side if necessary)

---

### Counselor's Response (if applicable)

Date Received: ___/___/___    ☐ Send directly to Grievance Officer    ☐ Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277

Response: _____

Print Counselor's Name      Counselor's Signature      Date of Response

---

### EMERGENCY REVIEW

Date Received: ___/___/___    Is this determined to be of an emergency nature?
  ☐ Yes; expedite emergency grievance
  ☐ No; an emergency is not substantiated. Offender should submit this grievance in the normal manner.

Chief Administrative Officer's Signature      Date

to Writing the Disciplinary Report that I WAS Admitted to I.D.O.C. twice, 1st on 10/11/02, And 2nd on 8/29 or 30/05.

Third, BECAUSE I have had All my Tattoos prior to being Admitted to I.D.O.C,.

Fourth, becAuse Lt. Franklin Found me guilty on the pair of Altered Trimmers, Where I presented evidence that the owner of the Trimmers made claim.

Fifth, because Lt. Franklin Found me guilty of the 402 offense, When he Knew there WAS Not Any protocol Followed When I WAS Admitted 10/11/02, 8/29 or 30/05, or 9/2/09 by these I.A. members to substantiate the Allegations.

Sixth, because I believe that these SAME I.A. members came to search my cell on 9/2/09, in some Form of harassment or Retaliation, due to my Status of Filing grievances And civil litigation.

And last becAuse I WAS Fired From my Legal Research Institutional Job; And I NEVER got A Adjustment Committee Summary.

Relief Requested: (1) I would like to have the pair of Trimmers that I WAS Found guilty on to be expunged From my record, due to my cellie William Conver #K66018 told the Adjustment Committee that they were his. (See, Exhibit-B).

(2) I would like the Reviewing personnel, reviewing this grievance, to review my master File And Answer Whether or not I WAS Released From I.D.O.C. Custody, Care, control And Jurisdiction on February 10, 2005?

(3) I would like the Reviewing Personnel, reviewing this grievance, to review my master File And Answer Whether or not I WAS Re-Admitted to I.D.O.C. Custody, Care, Control And Jurisdiction on or About August 29th or 30th, 2005?

(4) BASED on my Re-Admittance 8/29 or 30/05, Wouldn't the 402 Health, Smoking, or Safety Violations Charged have to be

ILLINOIS DEPARTMENT OF CORRECTIONS
**OFFENDER'S GRIEVANCE**

| Date: October 15, 2009 | Offender: (Please Print) LESTER DOBBEY | ID#: R16237 |

| Present Facility: Stateville C.C. | Facility where grievance issue occurred: Stateville C.C. |

**NATURE OF GRIEVANCE:**

- ☐ Personal Property
- ☒ Staff Conduct
- ☐ Transfer Denial by Facility
- ☐ Mail Handling
- ☐ Dietary
- ☐ Transfer Denial by Transfer Coordinator
- ☐ Restoration of Good Time
- ☐ Medical Treatment
- ☐ Disability
- ☐ HIPAA
- ☐ Other (specify): _____

☒ Disciplinary Report: _9 , 2 , 09_    Stateville CC
　　　　　　　　　　Date of Report　　　Facility where issued

**Note:** Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

**Complete:** Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
Chief Administrative Officer, only if EMERGENCY grievance.
Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

Brief Summary of Grievance: based on the Re-admittance date Rather than the original date I was admitted to I.D.O.C. ?

(5) I want the 402 Health, Smoking, or Safety Violations Charged Expunged from my Record.

(6) I want my Job back.

(7) I want I/A Turner and I/A Schwartz to be suspended 60 days without pay, and removed from the Internal
Relief Requested: Affairs Unit, for their lack of professionalism and Abuse of Authority.

(8) No Retaliation.    (End of Grievance).

☐ Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

_[signature]_ R16237    10 , 15 , 09
Offender's Signature　　　　ID#　　　　Date

(Continue on reverse side if necessary)

---

**Counselor's Response (if applicable)**

Date Received: ___/___/___

☐ Send directly to Grievance Officer
☐ Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL. 62794-9277.

Response: _____

Print Counselor's Name ___ Counselor's Signature ___ Date of Response ___

---

**EMERGENCY REVIEW**

Date Received: ___/___/___

Is this determined to be of an emergency nature?
☐ Yes; expedite emergency grievance
☐ No; an emergency is not substantiated. Offender should submit this grievance in the normal manner.

Chief Administrative Officer's Signature ___ Date ___

ILLINOIS DEPARTMENT OF CORRECTIONS
**OFFENDER'S GRIEVANCE** (Continued)

**EXHIBIT-H**

RESPONSE TO OFFENDER'S GRIEVANCE

| Grievance Officer's Report |
|---|

**Date Received:** November 2, 2009     **Date of Review:** December 21, 2009     **Grievance #** (optional): 2482

**Offender:** Lester Dobby     **ID#:** R16237

**Nature of Grievance:** DR 200801881/1 – STA 9/2/2009

^^^ FILED TIMELY ^^^

**Facts Reviewed:** Grievant received a DR on 9/2/09 for 308 and 402. Grievant denies receiving new tattoos while in IDOC custody.

Grievance officer finds that DR was reviewed and determined by the Adjustment Committee that they are reasonably satisfied of the offender's guilt. Per OTS, grievant was admitted on 10/11/02. Per INTEL, body marks, tattoos, scars are all properly documented upon admission. Grievance officer cannot substantiate the incident occurred any other way than reported. DR upheld, disciplinary sanctions and procedures imposed are in max capacity.

**Recommendation:** Based upon a total of all available information, it is recommended that grievance be DENIED. Unable to substantiate this incident occurred any other way than reported.

_Shaun Bass CCII_
Print Grievance Officer's Name                    Grievance Officer's Signature
(Attach a copy of Offender's Grievance, including counselor's response if applicable)

| Chief Administrative Officer's Response |
|---|

**Date Received:** 12-24-09        ☑ I concur      ☐ I do not concur      ☐ Remand

**Comments:**

Chief Administrative Officer's Signature                    12-24-09    Date

| Offender's Appeal To The Director |
|---|

I am appealing the Chief Administrative Officer's decision to the Director. I understand this appeal must be submitted within 30 days after the date of the Chief Administrative Officer's decision to the Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277. (Attach a complete copy of the original grievance, including the counselor's response, if applicable, and any pertinent documents.)

Offender's Signature                    ID#                    Date

**EXHIBIT-I**

ILLINOIS DEPARTMENT OF CORRECTIONS

## OFFENDER'S GRIEVANCE

| Date: 1-7-10 | Offender: (Please Print) LESTER DOBBEY | ID#: R16237 |
|---|---|---|

| Present Facility: Stateville C.C. | Facility where grievance issue occurred: Stateville C.C. |
|---|---|

Warden and Grievance Officer At Stateville C.C. Refused to investigate My Grievance Properly

**NATURE OF GRIEVANCE:**

- [ ] Personal Property
- [ ] Mail Handling
- [ ] Restoration of Good Time
- [ ] Disability
- [x] Staff Conduct
- [ ] Dietary
- [ ] Medical Treatment
- [ ] HIPAA
- [ ] Transfer Denial by Facility
- [ ] Transfer Denial by Transfer Coordinator
- [x] Other (specify): Refused to investigate My Grievance Properly

- [x] Disciplinary Report: 9 / 2 / 09     Stateville C.C.
       Date of Report                Facility where issued

**Note:** Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

**Complete:** Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:

Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
Chief Administrative Officer, only if EMERGENCY grievance.
Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

Brief Summary of Grievance: On 10/15/09 I filed a retaliatory grievance to Stateville C.C. grievance officer, based on a disciplinary report I was written on 9/2/09. The disciplinary charge of 402, was based on tattoos. Which the charge should have been expunged. The grievance officer refused to look into my Master File to verify my statement that on 10/8/09 the Appellate Court of Illinois 1st District vacated my sentence to J.D.O.C. and on 2/10/05 I was remanded to Cook County Jail, where J.D.O.C. lost parent jurisdiction, custody, _____ care, control of me. Therefore, my ticket should not have been based on my admittance 10/11/02. The
(Back Page)

- [ ] Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

_____ Offender's Signature     R16237     1, 7, 10
                    (Continue on reverse side if necessary)         ID#         Date

---

| **Counselor's Response** (if applicable) | | |
|---|---|---|
| Date Received: ___/___/___ | [ ] Send directly to Grievance Officer | [ ] Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277 |

Response: _____

_____

_____

_____

| Print Counselor's Name | Counselor's Signature | Date of Response |
|---|---|---|

---

| **EMERGENCY REVIEW** | |
|---|---|
| Date Received: ___/___/___ | Is this determined to be of an emergency nature? |
| | [ ] Yes; expedite emergency grievance |
| | [ ] No; an emergency is not substantiated. Offender should submit this grievance in the normal manner. |

| Chief Administrative Officer's Signature | | Date |
|---|---|---|

ILLINOIS DEPARTMENT OF CORRECTIONS
**OFFENDER'S GRIEVANCE** (Continued)

Disciplinary Report should have been based on when I was readmitted 8/29/05 back to I.D.O.C. which makes the 402 charges void.

The Grievance Officer did not investigate my Retaliation Claim.

Where also the Grievance Officer Attached to my Grievance and Response a Summary Result where the Warden signature was not on the Summary Result. (see, Summary Attached).

Relief Requested: I want the 9/2/08 Disciplinary Report Expunged From my Record And I want my institutional job back as a law clerk.

**EXHIBIT-J**



**Illinois**
Department of
**Corrections**

**PAT QUINN**
Governor

**MICHAEL P. RANDLE**
Director

1301 Concordia Court / P.O. Box 19277 / Springfield IL 62794-9277 / Telephone: (217) 558-2200 / TDD: (800) 526-0844

January 25, 2010

Lester Dobbey
Register No. R16237
Stateville Correctional Center

Dear Mr. Dobbey:

This is in response to your grievance received on January 14, 2010, regarding a disciplinary report dated September 2, 2009, which was alleged to have occurred at Stateville Correctional Center. This office has determined the issue will be addressed without a formal hearing.

In the grievance you allege that you have tatoos that are not documented by IDOC and that you didn't get them in IDOC custody.

This office has reviewed the disciplinary report, **200901881/1**, written by Officer Turner, citing you for the offenses of 308-Contraband/Unauthorized Property and 402-Health, Smoking or Safety Violations. A review of the Adjustment Committee summary indicates you were found guilty of 308 and 402. Recommended discipline was: 3-months C grade, 3-months segregation and 3-months commissary restriction. The Chief Administrative Officer concurred with the recommendation on 9/21/09.

The Grievance Officer's Report (2482) and subsequent recommendation dated December 21, 2009 and approval by the Chief Administrative Officer on December 23, 2009 have been reviewed.

Based on a total review of all available information and a compliance check of the procedural due process safeguards outlined in DR504, this office is reasonably satisfied the offender committed the offenses and recommends the grievance be denied.

FOR THE BOARD: _____
Jackie Miller
Administrative Review Board
Office of Inmate Issues

CONCURRED: _____
Michael P. Randle
Director

2/3/10

cc: Warden Hardy, Stateville Correctional Center
Lester Dobbey, Register No. R16237

**EXHIBIT-K**

LESTER DOBBEY-R16237
STATEVILLE CORRECTIONAL CENTER
P.O. BOX 112
JOLIET,ILLINOIS 60434


TO ALL I.D.O.C. INTERNAL AFFAIR UNITS/INTELLIGENCE AGENTS


RE: <u>Invoking Rights To The United States Constitution</u>

Dear Sirs:

     My name is Lester Dobbey. I am in pursuit of taking civil
actions against several IDOC Officials,including,but not limited
to Internal Affair Units/Intelligence Agents. I hereby invoke my
civil rights under the First,Fourth,Fifth,Sixth and Fourteenth
Amendments to the United States Constitution,and wish: Not to make
by any means of statements or declarations; Nor sign any documents;
Nor take any photographs of my person; Or affirmatively do any act
at the request of IDOC Internal Affair Units/Intelligence Agents
without the written consent of a U.S. Federal District Court, or
without having the presence of an attorney.

                                   Respectfully,

                                   /s/

                                   Lester Dobbey-R16237
                                   This Year of 2010.


cc: U.S. District Court-Northern District of Illinois
    Attorney No.1
    Attorney No.2
    Director of IDOC Michael P. Randle
    Warden Marcus Hardy of Stateville C.C.
    Stateville C.C. I.A. Units/Intel Agents