Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert Dow, Jr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 3965 | **DATE** | 11/2/2010 |
| **CASE TITLE** | Lester Dobbey (#R-16237) v. Michael Randle, et al. | | |

**DOCKET ENTRY TEXT**

Defendants' motion [19] requesting that the Court complete § 1915 review of Plaintiff's amended complaint is granted. For the reasons stated below, Plaintiff's amended complaint is dismissed without prejudice to submitting a second amended complaint. Plaintiff is granted thirty days in which to submit a second amended complaint (plus a judge's copy and service copies), in accordance with this order. Failure to submit a second amended complaint within thirty days of the date of this order may result in summary dismissal of this case. The Clerk is directed to provide Plaintiff with an amended civil rights complaint form and instructions along with a copy of this order. Plaintiff's motions [8, 9, and 11] are denied as moot as they relate to Plaintiff's original complaint, which was superseded by the filing of the amended complaint.

■[ For further details see text below.]   Docketing to mail notices.

# STATEMENT

Plaintiff, a state prisoner, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that Defendants, correctional and administrative personnel for the Illinois Department of Corrections in Springfield and at Stateville Correctional Center, violated Plaintiff's constitutional rights by denying him care for multiple serious medical conditions and retaliating against him for filing grievances and lawsuits. The Court previously issued a minute order [6] allowing Plaintiff to proceed *in forma pauperis* and directing the Clerk to issue summonses for service on certain Defendants based on the allegations of Plaintiff's original complaint [1]. However, after the issuance of those summonses, Plaintiff filed an amended complaint [16]. His amended complaint alleges deliberate indifference to a serious medical condition with regard to abdominal pain, lower back pain, failure to provide testing for tuberculosis, issues with medication, and failure to provide him with eye glasses. Plaintiff's amended complaint is 57 pages long, contains 272 paragraphs, and makes allegations against 11 new Defendants, 17 in total. Defendants have moved for a review of the amended complaint pursuant to 28 U.S.C. § 1915A. Defendants' motion [19] is granted. Plaintiff's amended complaint is unacceptable as it is in violation of FED R. CIV. P. 8(a) and *George v. Smith*, 507 F.3d 605 (7th Cir. 2007).

Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to " 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.' " *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson,* 355 U.S. 41, 47, (1957)). To satisfy the notice pleading requirements of FED. R. CIV. P.

| STATEMENT |
|---|

8(a)(2), Plaintiff need only state his legal claim and provide "some indication . . . of time and place." *Thompson v. Washington*, 362 F.3d 969, 970-71 (7th Cir. 2004). Plaintiff's "blunderbuss" complaint does not present a short and plain statement of his claims calculated to place Defendants on notice of the claims against them. The Clerk is directed to send Plaintiff the amended civil rights complaint form, and Plaintiff is encouraged to use that form to provide only the information required by the form and FED. R. CIV. P. 8(a)(2), to inform Defendants what he alleges they did or did not do to violate his rights.

Additionally, Plaintiff must submit an amended complaint because Plaintiff has misjoined claims and defendants. In *George v. Smith*, 507 F.3d 605 (7th Cir. 2007), the U.S. Court of Appeals for the Seventh Circuit examined a similar prisoner complaint containing a laundry list of grievances. The Court of Appeals admonished the district court for failing to "question" the plaintiff's decision to "join 24 defendants, and approximately 50 distinct claims, in a single suit." *George*, 507 F.3d at 607. In the case at bar, Plaintiff has submitted a complaint that contains unrelated claims against different Defendants.

    As discussed in *George*,
> The controlling principle appears in Fed. R. Civ. P. 18(a): "A party asserting a claim to relief . . . may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party." Thus multiple claims against a single party prevent the sort of morass that this 50-claim, 24 defendant suit produced but also ensure that prisoners pay the required filing fees – for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees.

*George*, 507 F.3d at 607 (citing 28 U.S.C. § 1915(g)). Under *George*, Plaintiff's complaint containing distinct claims against unrelated defendants cannot stand. *Id.* at 606.

    Plaintiff makes four distinct deliberate indifference to medical care claims, some against common Defendants, and some against others. Plaintiff also makes an allegation of retaliation against a number of Defendants, some common, some distinct. Plaintiff must choose among the myriad of claims. Plaintiff may pursue multiple types of claims only to the extent that they involve a common Defendant. Otherwise, separate claims must be brought as separate suits.

    For the foregoing reasons, Plaintiff's amended complaint is dismissed without prejudice. Plaintiff must choose a single, core claim against multiple Defendants or any claims that he has against a single party to pursue under this case number. Any other claims Plaintiff may wish to prosecute against other Defendants must be brought in a separate lawsuit or lawsuits.

    Plaintiff is granted 30 days to submit a second amended complaint on the Court's required form. Plaintiff must write both the case number and the judge's name on the second amended complaint, sign it, and return it to the Prisoner Correspondent. **As with every document filed with the Court, Plaintiff must provide an extra copy for the judge; he must also submit a service copy for each Defendant named in the second amended complaint.** Plaintiff is cautioned that an amended pleading supersedes the original complaint and must stand complete on its own. Therefore, all allegations against all Defendants must be set forth in the amended complaint, without reference to the original complaint. Any exhibits Plaintiff wants the Court to consider in its threshold review of the second amended complaint must be attached, and each copy of the second amended complaint must include complete copies of any and all exhibits. Plaintiff is advised to keep a copy for his files. The Clerk will provide Plaintiff with an amended civil rights complaint form and instructions along with a copy of this order. If Plaintiff fails to comply within thirty days of the date of this order, the case will be summarily dismissed. However, Plaintiff will still be responsible for paying the filing fee.

| **STATEMENT** |
|---|
| Plaintiff has filed multiple motions [8, 9, 11] relating to his original complaint. As he has pled over that complaint, those motions are denied as moot. |