# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert Dow, Jr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 3965 | **DATE** | 5/4/2011 |
| **CASE TITLE** | Dobbey vs. Randle, et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion to alter or amend the Court's order of 11/2/2010 [28] is denied. Plaintiff's motions requesting that the Court complete § 1915 review of Plaintiff's proposed second amended complaint [32, 36] are granted. Plaintiff has submitted a second amended complaint containing two acceptable claims, but those claims have been inappropriately joined. Pursuant to Fed. R. Civ. P. 21, the Court severs Count 2 of Plaintiff's complaint and directs the Clerk to open a new case under a new case number. The Clerk is further directed to file Plaintiff's second amended complaint [30], his IFP application [3], and this order, in the newly opened case. Plaintiff may pursue Count 2 in the newly opened case, and the Court grants him IFP status in the new case based on the IFP application that he submitted in this case. If Plaintiff proceeds with both cases, he will be responsible for paying the filing fee for both cases. If Plaintiff does not wish to pursue Count 2 as a separate lawsuit, he must notify the Court within 30 days of the date of this order. The Clerk is ordered to issue summonses as to Defendants in this case, as detailed in this order, and the U.S. Marshals Service is directed to serve them. The Clerk is finally directed to send Plaintiff a Magistrate Judge Consent Form and Instructions for Submitting Documents along with a copy of this order.

■[ For further details see text below.]    Docketing to mail notices.

# STATEMENT

Plaintiff has submitted a motion seeking reconsideration of the Court's order of November 2, 2010, dismissing certain claims from his amended complaint. The motion is denied as moot as Plaintiff has since superseded the amended complaint with a proposed second amended complaint.

With respect to Plaintiff's second amended complaint, Plaintiff claims that Defendants, correctional and administrative personnel for the Illinois Department of Corrections in Springfield and at Stateville Correctional Center, violated his constitutional rights by denying him care for multiple serious medical conditions and retaliating against him for filing grievances and lawsuits. Specifically, Count 1 of the second amended complaint alleges deliberate indifference to a serious medical condition with regard to abdominal pain, and the quality of the medical treatment he received at Stateville while Count 2 alleges retaliation relating to various grievances and lawsuits Plaintiff filed. All told, Plaintiff's second amended complaint is 38 pages long, contains 169 paragraphs, and makes allegations against 17 Defendants. Plaintiff has twice moved for a review of the second

## STATEMENT

amended complaint pursuant to 28 U.S.C. § 1915A. Plaintiff's motions are granted. Nevertheless, despite the Court's admonitions in its order of November 2, 2011, Plaintiff's second amended complaint is unacceptable for the same reasons that his amended complaint was dismissed – namely, it does not satisfy the requirements of FED R. CIV. P. 8(a) and the Seventh Circuit's teachings in *George v. Smith*, 507 F.3d 605 (7th Cir. 2007).

The Seventh Circuit emphasized in *George* that unrelated claims against different defendants belong in separate lawsuits, not only "to prevent the sort of morass" produced by multi-claim, multi-defendant suits like this one, but also to ensure that prisoners pay all fees required under the Prison Litigation Reform Act, see 28 U.S.C. § 1915(b), (g). Complaints like this one should be rejected (*George*, 507 F.3d at 607), either by severing the action into separate lawsuits or by dismissing improperly joined defendants. See Fed. R. Civ. P. 21; *Owens v. Hinsley*, 635 F.3d 950, (7th Cir. 2011); *DirecTV, Inc. v. Leto*, 467 F.3d 842, 844-45 (3d Cir. 2006) (noting that "district judges have discretion to remedy misjoinders either by severing claims or dismissing them without prejudice"); *Elmore v. Henderson*, 227 F.3d 1009, 1012 (7th Cir. 2000) (explaining that Rule 21 expressly allows the judge to sever misjoined claims rather than dismissing them).

The circumstances present in this case convince the Court that the appropriate course here is to sever the misjoined claims rather that dismissing one claim while endeavoring to instruct the *pro se* Plaintiff again on how to comply with *George*. At least for purposes of initial screening under Section 1915A, Plaintiff has two acceptable claims (Count 1 for deliberate indifference to medical care, and Count 2, for retaliation). In all likelihood, dismissal of the complaint under *George* would yield one of two results: Plaintiff would either (1) file a new lawsuit that properly asserted the severed claim or (2) file a third amended complaint again trying to shoehorn unrelated claims into the same lawsuit. In either case, the Court would be compelled to scrutinize what in all likelihood would be a lengthy and cumbersome complaint pursuant to 28 U.S.C. § 1915 before allowing both claims to proceed in separate lawsuits, which both would be assigned to this Court in any event. Rather than courting such a delay, the Court concludes that the more efficient route is severance.

Consistent with the foregoing discussion, pursuant to Fed. R. Civ. P. 21, he Court severs Count 2 of the proposed second amended complaint and directs the Clerk to open a new case, with a newly assigned case number for that case. The Court further directs the Clerk to add to the docket of the newly opened case, a copy of Plaintiff's IFP application from this case and a copy of this order. If for any reason Plaintiff does not wish to proceed either with this case or the newly opened case, Plaintiff must notify the Court within 30 days. Unless Plaintiff notifies the Court within 30 days that he does not want to pursue one or the other of the now severed cases, he will remain responsible for a separate filing fee in each case.

With respect to the remaining claim in this case (Count 1), Plaintiff has stated a colorable claim of deliberate indifference to a serious medical need against all Defendants. *Davis v. Carter*, 452 F.3d 686, 696 (7th Cir. 2006). While a more fully developed record may belie Plaintiff's allegations, Defendants must respond to the complaint. The Clerk shall issue summonses to Defendants Randle, Walker, Pierce, Miller, McCann, Shaw, Ramos, Hardy, Reed, Hosey, Thomas, Kissell, Turner, Thompson, Bass, Zhang, and Williams (hereinafter, "Defendants"), and send Plaintiff a Magistrate Judge Consent Form and Instructions for Submitting Documents along with a copy of this order.

The United States Marshals Service is appointed to serve Defendants. Any service forms necessary for Plaintiff to complete will be sent by the Marshal as appropriate to serve Defendants with process. The U.S. Marshal is directed to make all reasonable efforts to serve Defendants. With respect to former correctional employees who no longer can be found at the work address provided by Plaintiff, the Illinois Department of Corrections shall furnish the Marshal with Defendant's last-known address. The information shall be used only for purposes of effectuating service [or for proof of service, should a dispute arise] and any documentation of the address shall

| STATEMENT |
|---|

be retained only by the Marshal. Address information shall not be maintained in the Court file, nor disclosed by the Marshal. The Marshal is authorized to mail a request for waiver of service to Defendants in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service.

Plaintiff is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. Plaintiff must provide the original plus a judge's copy of every document filed. In addition, Plaintiff must send an exact copy of any Court filing to Defendants [or to defense counsel, once an attorney has entered an appearance on their behalf]. Every document filed must include a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the Court or returned to Plaintiff.

In short, Plaintiff may proceed in this case on Count 1 of his complaint, and Plaintiff must submit the necessary information and forms to the Marshals Service to effectuate service. With respect to Count 2 of Plaintiff's second amended complaint, it is severed pursuant to Fed. R. Civ. P. 21. The Clerk is directed to open a new case that will at present consist of Count 2 of the second amended complaint and assign the case a new case number. The Clerk is further directed to add Plaintiff's second amended complaint in this case, his IFP application from this case, and a copy of this order to the docket in the newly opened case. If Plaintiff does not wish to proceed either with this case or the newly opened case, Plaintiff must notify the Court within 30 days of the date of this order. Unless Plaintiff notifies the Court within 30 days that he does not want to pursue one or the other of the now severed cases, he will remain responsible for a separate filing fee in each case.