UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LESTER DOBBEY (#R-16237), ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 10 C 3965 |
| ) | |
| ) | Hon. Robert M. Dow, Jr. |
| MICHAEL RANDLE, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff, an Illinois state prisoner, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that Defendants Zhang and Williams, health care providers at the Stateville Correctional Center, have violated his constitutional rights by acting with deliberate indifference to his serious medical needs. More specifically, Plaintiff alleges that these Defendants denied him adequate care and treatment for a stomach ailment. This matter is before the Court for ruling on Defendants Williams and Zhang's motion to dismiss the complaint for failure to state a claim and Plaintiff's motions to strike Defendants' reply [99] and for appointment of counsel [108]. For the reasons stated below, all three motions [91, 99, 108] are denied.

**I.     STANDARD ON A MOTION TO DISMISS**

It is well established that *pro se* complaints are to be liberally construed. *Kaba v. Stepp*, 458 F.3d 678, 681, 687 (7th Cir. 2006). *Pro se* submissions are held to a less stringent standard than formal pleadings drafted by lawyers. *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009). Rule 8(a)(2) of the Federal Rules of Civil Procedure requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "'give the defendant fair notice of what the * * * claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550

U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); *Windy City Metal Fabricators & Supply, Inc. v. CIT Tech. Fin. Servs., Inc*., 536 F.3d 663, 667 (7th Cir. 2008).

In addition, when considering whether to dismiss a complaint for failure to state a claim upon which relief can be granted, the Court assumes all factual allegations in the complaint to be true, viewing all facts–as well as any inferences reasonably drawn therefrom–in the light most favorable to Plaintiff. *Parish v. City of Elkhart*, 614 F.3d 677, 679 (7th Cir. 2010); *Bell Atlantic Corp*., 550 U.S. at 563 (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002)). A well-pleaded complaint may proceed even if it appears "that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." *Bell Atlantic Corp*., 550 U.S. at 556.

Nevertheless, the factual allegations in the complaint must be enough to raise a right to relief above the speculative level. *Bell Atlantic Corp*., 550 U.S. at 555. While a complaint does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than mere labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Bell Atlantic Corp*., 550 U.S. at 555 (citations omitted). The Court "need not accept as true legal conclusions, or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). "The complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 463 (7th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009)).

## II.    BACKGROUND

Plaintiff Lester Dobbey is an Illinois state prisoner, confined at the Stateville Correctional Center at all times relevant to this action. Defendant Liping Zhang was a staff physician at Stateville

during the time of the alleged violations. Defendant LaTonya Williams is a physician's assistant at the prison.

Plaintiff alleges the following facts, which are assumed to be true for purposes of the motion to dismiss: On September 30, 2008, Plaintiff was sent to the emergency room at the Health Care Unit at Stateville Correctional Center (hereinafter, "Stateville") because he was suffering from abdominal pain and blood in his stool. When he arrived, Plaintiff was examined by Defendant Williams. She found no sign of blood in his stool and provided no treatment for Plaintiff's pain.

On October 7, 2008, Plaintiff returned to the Health Care Unit at Stateville, again complaining of abdominal pain and other medical issues, and was seen by Defendant Zhang. Defendant Zhang's proposed treatment for Plaintiff's abdominal pain was for Plaintiff to rub his stomach 100 times per day. Defendant Zhang provided Plaintiff with no further treatment on October 7, 2008.

On October 12, 2008, Plaintiff filed a grievance with prison officials regarding his abdominal issues and seeking further medical treatment, either at the prison or at an outside hospital.

On March 21, 2009, Plaintiff suffered an injury while out in the yard and was taken to the Health Care Unit at Stateville. While being examined by Dr. Zhang, Plaintiff again complained about his ongoing abdominal pain and seeing blood in his stool. Plaintiff informed Defendant Zhang that he had previously been treated for his abdominal issues, but that the treatment had been ineffective. During the exam, Defendant Zhang asked Plaintiff if he was engaging in anal sex, and Plaintiff took offense, which led to an argument. Defendant Zhang did not examine Plaintiff further to determine the underlying cause of his abdominal issues.

3

On April 1, 2009, Plaintiff went to the Health Care Unit at Stateville for his annual physical. He again complained to Defendant Zhang of abdominal pain and blood in his stool, but Defendant Zhang again provided him with no treatment for his medical issues. After his unsatisfactory medical visit, Plaintiff filed another grievance complaining of ongoing and untreated or under-treated abdominal issues.

On June 10, 2009, Plaintiff saw Defendant Williams and again complained of abdominal pain and blood in his stool. Defendant Williams scheduled Plaintiff for a diagnostic procedure requiring him to provide a stool sample. On July 27, Plaintiff provided the stool sample to the medical laboratory. Defendant Williams reviewed and signed the results of the fecal test, which indicated that Plaintiff was suffering from an infection on July 28, 2009. Defendant Williams did not notify Plaintiff that he was suffering from an infection.

On August 14, 2009, Plaintiff had a mental health therapy session at which he complained of his abdominal pains and other medical issues. Dr. Woods, the psychologist, walked Plaintiff to the Health Care Unit where Plaintiff received no treatment, but was told that he would be scheduled for a sick call. On August 18, 2009, Defendant Zhang saw Plaintiff for his abdominal issues but she provided cursory evaluation and again provided ineffective treatment.

On June 16, 2010, Plaintiff saw Defendant Williams regarding his ongoing complaints of abdominal pain, and he inquired about the results of the stool sample he gave on July 27, 2009. Defendant Williams read him the results eleven months after the test had been administered, representing to Plaintiff that all the results appeared to be "in-range" or normal. Defendant Williams diagnosed Plaintiff with GERD (Gastro-esophageal Reflux Disease). According to Plaintiff, he

learned at a later date that Defendant Williams misrepresented the results of the fecal examination and that he had mucus present in his stool.

### III. ANALYSIS

Accepting Plaintiff's factual allegations as true, the Court concludes that his complaint states a viable Eighth Amendment claim against both Zhang and Williams. If Plaintiff can establish that Defendants acted with deliberate indifference to his abdominal and intestinal issues over a two-year period, then he may be entitled to relief under the Civil Rights Act. Accordingly, Defendants' motion to dismiss is denied.

Correctional officials and health care professionals may not act with deliberate indifference to an inmate's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Fields v. Smith*, 653 F.3d 550, 554 (7th Cir. 2011). Deliberate indifference has both an objective and a subjective element: the inmate must have an objectively serious medical condition, and the defendant must be subjectively aware of, and consciously disregard, the inmate's medical need. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Estelle*, 429 U.S. at 103-04; see also *Roe v. Elyea*, 631 F.3d 843, 862 (7th Cir. 2011). In the case at bar, Plaintiff's allegations satisfy both prongs.

Plaintiff arguably had an objectively serious medical condition. A serious medical condition is one that has been diagnosed by a physician as mandating treatment, or one that is so obvious that even a lay person would perceive the need for a doctor's attention. See *Edwards v. Snyder*, 478 F.3d 827, 830-831 (7th Cir. 2007); *Foelker v. Outagamie County*, 394 F.3d 510, 512-13 (7th Cir. 2005). A condition also is objectively serious if "failure to treat [it] could result in further significant injury or unnecessary and wanton infliction of pain." *Hayes v. Snyder*, 546 F.3d 516, 522 (7th Cir. 2008); see also *Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997).

Plaintiff describes abdominal pain and discomfort as well as blood in his stool. Plaintiff's condition was serious enough to warrant repeated examination by both Defendant Williams and Zhang and ultimately a diagnosis by Williams that Plaintiff suffered from GERD. GERD has been held to be an objectively serious medical condition. See *Toliver v. Ahmed*, Case No. 04 CV 309, 2008 U.S. Dist. LEXIS 21078, at *8 (S.D. Ill. March 8, 2008). Plaintiff's condition therefore meets the objective standard, at least at the pleading stage.

Plaintiff also states facts that suggest deliberate indifference. To satisfy the subjective component, a prisoner must demonstrate that the defendant in question was aware of and consciously disregarded the inmate's medical need. *Farmer*, 511 U.S. at 837; *Estelle*, 429 U.S. at 103-04; *Hayes v. Snyder*, 546 F.3d 516, 522 (7th Cir. 2008). The fact that a prisoner has received some medical treatment does not necessarily defeat his claim; deliberate indifference to a serious medical need can be manifested by "blatantly inappropriate" treatment (*Greeno v. Daley*, 414 F.3d 645, 654 (7th Cir. 2005) (emphasis in original)), or by "woefully inadequate action," as well as by no action at all. *Reed v. McBride*, 178 F.3d 849, 854 (7th Cir. 1999); *Allen v. Wexford Health Sources, Inc.*, 2011 WL 2463544, *1 (N.D. Ill. Jun. 17, 2011). The subjective element of deliberate indifference encompasses conduct such as the refusal to treat a prisoner's chronic pain (*Jones v. Simek*, 193 F.3d 485, 490 (7th Cir. 1999)), or erroneous treatment based on a substantial departure from accepted medical judgment, practice, or standards. *Roe*, 631 F.3d at 857; *Vance v. Peters*, 97 F.3d 987, 992 (7th Cir. 1996).

In the case at bar, Plaintiff contends that he suffered from abdominal pain and discomfort and had blood in his stool for almost two years, and that the movants personally and directly ignored his supplications that he was in great pain and that he needed additional treatment. Plaintiff further

6

alleges that his laboratory tests indicated mucus in his stool and Defendant Williams both lied about the results and did not treat him for the condition.

As Defendants point out, neither medical malpractice nor a mere disagreement with a doctor's medical judgment amounts to deliberate indifference. *Berry v. Peterman*, 604 F.3d 435, 441 (7th Cir. 2010); *Estelle*, 429 U.S. at 106; *Greeno*, 414 F.3d at 653. A prisoner has no right to choose his course of treatment. *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008). Nevertheless, "[a] prison physician cannot simply continue with a course of treatment that he knows is ineffective in treating the inmate's condition." *Arnett v. Webster*, 658 F.3d 742, 754 (7th Cir. 2011) (citing *Greeno*, 414 F.3d at 655). Furthermore, "[e]ven a few days' delay in addressing a severely painful but readily treatable condition suffices to state a claim of deliberate indifference." *Smith v. Knox County Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012). Plaintiff's allegations of delayed and denied treatment state a cognizable claim for relief under 42 U.S.C. § 1983 against Defendants Zhang and Williams. Defendants' arguments that Plaintiff received constitutionally adequate medical care are more appropriately raised by way of a motion for summary judgment.

Plaintiff has filed two additional motions: one to strike Defendants' reply to his response to their motion to dismiss and the other for appointment of counsel. Both are denied. In his motion to strike, Plaintiff argues that Defendants' reply is prejudicial in that it alleges that he neglected to attach a medical record to his third amended complaint that indicates that he tested negative for *H. pylori*, a bacterial infection. However, Plaintiff's contention is not that he suffers from *H. pylori*, but from Gastro-esophageal Reflux Disease (GERD). While Plaintiff represents the condition as a bacterial infection, whether it is or not is not relevant to whether he suffers from an objectively

serious medical condition requiring treatment. Consequently, having considered both sides' arguments, Plaintiff's motion to strike is denied.

Plaintiff's motion for appointment of counsel is likewise denied. There is no constitutional or statutory right to counsel in federal civil cases. See *Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010); *Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). Nevertheless, the district court has discretion under 28 U.S.C. § 1915(e)(1) to request counsel for an indigent litigant. See *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007). Plaintiff has proven himself able to adequately represent himself thus far. The case at the present time does not involve complex discovery or an evidentiary hearing, and Plaintiff's current pleadings indicate that he has the presence of mind and intellectual capability to continue representing himself at this stage of the proceedings. Accordingly, his motion for the appointment of counsel is denied without prejudice. See *Pruitt,* at 656-59.

**IV.     CONCLUSION**

In sum, Plaintiff's allegations are sufficient to state a cognizable federal claim against Defendants Zhang and Williams. Accordingly, Defendants' motion to dismiss [91] is denied. Defendants Zhang and Williams are directed to answer or otherwise plead within twenty-one days of the date of this order. Plaintiff's motion to strike Defendants' reply [99] and motion for appointment of counsel [108] also are denied. After further factual development, it may be appropriate for either party (or both parties) to file a properly supported motion for summary judgment. In the meantime, the Court encourages the parties to explore the possibility of settlement prior to the next status hearing in this case. This matter remains set for a status conference before Magistrate Judge Nolan on August 9, 2012, at 9:30 a.m.

Date: August 16, 2012          _____
                                Robert M. Dow, Jr.
                                United States District Judge