UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

LESTER DOBBEY,

      Plaintiff,

v.

MICHAEL RANDLE, et al.,

      Defendants.

No. 10 C 3965

Magistrate Judge Mary M. Rowland

## ORDER

Plaintiff's Motion to Compel [197] is **GRANTED IN PART** and **DENIED IN PART**. All documents ordered produced shall be postmarked by April 21, 2014.

## STATEMENT

On February 1, 2013, Plaintiff served Liping Zhang, M.D., and Latonya Williams, P.A. (Defendants) with Plaintiff's First Request for Production of Documents. On or about August 21, 2013, Plaintiff served Defendants with his Second Request for Production of Documents. In spite of several requests by Plaintiff, including filing motions to compel, Defendants did not respond to the First and Second Request for Production of Documents until September 30, 2013.

In his Motion to Compel, Plaintiff seeks an order compelling the production of the information requested in his First and Second Request for Production. Plaintiff contends that Defendants' objections to the First Request for Production of Documents have been waived as untimely. (Mot. 1–7). While Defendants should have responded to Plaintiff's discovery requests within 30 days, Fed. R. Civ. P. 34(b)(2)(A), the Court exercises its discretion to rule on the merits of Defendants' objections. Nevertheless, Defendants are reminded of their obligations to respond to discovery without requiring Plaintiff to write letters demanding responses and to file motions to compel. Further incidents of this kind will result in modest sanctions to compensate Plaintiff for the money he spends on paper and ink in obtaining discovery responses to which he is entitled.

Defendants' "main objection … is that the documents requested are those of Wexford Health Sources Inc. and not of the actual[] [sic] defendants, Dr. Zhang and Ms. Williams, P.A." [Dkt. 202 at 1]. "[I]t is well-settled that discovery obligations require a party to produce more than merely the documents in its possession." *SRAM, LLC v. Hayes Bicycle Grp., Inc.*, 12 C 3629, 2013 WL 6490252 (N.D. Ill. Dec. 10, 2013). Rule 34(a)(1) calls for production of documents "in the responding party's

*possession, custody, or control.*" (Emphasis added.) The concept of "control" is construed broadly and "includes documents that a party has the legal right to obtain on demand." *Am. Soc'y for the Prevention of Cruelty to Animals v. Ringling Bros. and Barnum & Bailey Circus,* 233 F.R.D. 209, 212 (D.D.C. 2006). The fact that a document is generated by Dr. Zhang's employer, Wexford Health Sources, Inc., does not do away with Dr. Zhang's obligations under the Federal Rules of Civil Procedure to produce documents within his possession, custody or control.

After careful review of Plaintiff's Motion and Defendants' responses, the Court rules on Defendants' objections as follows:

**First Request for Production**

*Request No. 1*

**Sustained.** Defendants have produced the relevant policies in effect in and around 2008. The burden of producing the entire Prison Operations and Policies from 2007 through the present outweighs any benefits.

*Request No. 2*

**Overruled.** The Illinois Department of Corrections (IDOC) claims this is a "Wexford document." Dkt. 198 at 4. In an order issued on April 1, 2014, the Court ordered the IDOC to "file a description of any 'Wexford Quality Improvement Program or Manuals' in its possession, custody, or control, as defined by the Federal Rules of Civil Procedure, that were in effect during the period of September 2008 through June 2011."[Dkt. 207]. Defendants Zhang and Williams are also ordered to produce, by April 21, 2014, a description of any 'Wexford Quality Improvement Program or Manuals' in their possession, custody, or control, as defined by the Federal Rules of Civil Procedure that were in effect between September 2008 through June 2011. The Court will then consider the issues of relevance and burden.

*Request No. 3*

**Sustained.** Wexford's "Orientation and Physician's Handbook" and "Orientation and Physician's Assistant Handbook or Manuals" from 2007 to the present is overly broad and is not likely to lead to admissible evidence.

*Request No. 4*

**Sustained.** Insurance agreements and policies are not relevant at this stage of the case.

*Request No. 5*

**Sustained.** Settlements regarding Defendants Zhang and Williams are not reasonably likely to lead to admissible evidence.

*Request No. 6*

**Overruled.** To the extent the following policies exist and have not already been produced, Defendants shall produce Wexford's policies, guidelines, procedures, and protocols that were in effect around 2008 related to (A) Gastroenterology; (C) Bacterial Infections, Intestine, Abdomen; (E) Referrals for Off-Site/Outside Hospital Consultations; (F) Physical Exams; (G) Treatment Plans; and (I) Sick Call Request.

*Request Nos. 7–13*

**Sustained.** Requested records are in IDOC's possession, custody, and control and are the subject of a separate order by this Court. [Dkt. 206].

*Request No. 14*

**Overruled.** Defendants shall provide a list of judgments against Defendants Zhang and Williams in civil actions from 2008 through the present.

*Request No. 15*

**Sustained.** Defendants have produced Utilization Management records. All other Plaintiff's medical records are in IDOC's possession, custody, and control.

**Second Request for Production**

*Request No. 1*

**Overruled.** Defendants do not adequately substantiate how this request for grievance procedures is overbroad, vague, or not relevant. Defendants shall produce all Wexford grievance policies and procedures for health complaints, to the extent that there are any additional documents not produced with Exhibit A to Defendants' response to Plaintiff's First Production Request.

*Request No. 2*

**Overruled.** Defendants do not adequately substantiate how this request for health care standards is overbroad, vague, or "equally accessible to Plaintiff." Defendants shall produce the "National Commission of Correctional Health Care (NCCHC) Standards" *which pertain to type of treatment at issue in this case*, which are in Defendants' possession, custody, or control.

Request No. 3

**Sustained.** Defendants have produced the relevant policies in effect in and around 2008. The burden of producing the entire Prison Operations and Policies from 2007 through the present outweighs any benefits.

*Request No. 4*

**Sustained.** Wexford's "Orientation Handbook and/or Manuals for Physicians, Dentists, Nurse Practitioners and Physician Assistants" are not relevant to the claims at issue.

*Request No. 5*

**Overruled.** "The Illinois Medical Studies Act (MSA), 735 ILCS 5/8–2101 *et seq.,* protects the records, reports, notes, and the like, of hospitals, hospital committees, medical societies, and other review groups used in the course of internal quality control or medical study for the purpose of improving morbidity and mortality, or for improving patient care." *Buechel v. United States*, 08 C 132, 2010 WL 3613930, at *1 (S.D. Ill. Sept. 8, 2010). However, original records pertaining to patients are not covered under the Act. 735 ILCS 5/8–2101. Moreover, federal courts have declined to recognize a state evidentiary privilege when doing so would impose a substantial cost to federal substantive and procedural policy, particularly when a plaintiff would be precluded from pursuing his federal claims. *See Univ. of Penn. v. EEOC,* 493 U.S. 182, 193, 202 (1990) (refusing to create a new common-law privilege protecting records relating to the peer review process in a Title VII action, finding the records should be produced in part because it was the very peer review process itself that was at issue); *Mem'l Hosp. for McHenry County. v. Shadur,* 664 F.2d 1058, 1059 (7th Cir. 1981) (holding that the state privilege should not apply when the peer review records sought directly related to the allegations challenging the peer review process); *U.S. v. State of Ill.,* 148 F.R.D. 587, 590–91 (N.D. Ill. 1993) (refusing to recognize the Illinois Medical Studies Act evidentiary privilege in a federal civil rights case because doing so would thwart the purpose of the underlying federal statute); *accord Clemmer v. Office of Chief Judge*, 544 F. Supp. 2d 722, 726–27 (N.D. Ill. 2008).

Defendants shall produce Annual Performance Reviews and Peer Reviews of Drs. Ghosh and Zhang and LaTanya Williams for 2008 and 2009 to the Court for *in camera* review by April 21, 2014.

*Request No. 6*

**Sustained.** On April 1, 2014, the Court determined that any marginal relevance of these minutes is outweighed by the burden in producing meeting minutes. *See* April 1, 2014 Order ("Under the circumstances, the Court finds that any marginal relevance is outweighed by the burden to IDOC in producing the meeting minutes. *See Widermyre v. Transamerica Commercial Fin. Corp.*, 95 C 1329, 1995 WL 548642, at *1 (N.D. Ill. Sept. 13, 1995) ("Where materials sought to be discovered have arguable relevance, the Federal Rules of Civil Procedure direct courts to limit or deny discovery where the burden to the producing party outweighs the needs of the requesting."); Fed. R. Civ. P. 26(b)(2)(C)(iii) (courts may limit discovery if "the burden or expense of the proposed discovery outweighs its likely benefit"); *accord Malibu Media, LLC v. John Does 1–6*, 291 F.R.D. 191, 197 (N.D. Ill. 2013).").

*Request Nos. 7–8*

**Sustained.** Defendants have produced the relevant policies in effect in and around 2008. The burden of producing the entire Prison Operations and Policies from 2007 through the present outweighs any benefits.

*Request No. 9*

**Sustained.** Wexford's "Specialty Referral Studies and Chronic Clinic Studies for Medical Care at Stateville" from 2008 to present are not reasonably likely to lead to admissible evidence.

*Request No. 10*

**Sustained**. Pharmacy policies, procedures, and manuals are not reasonably likely to lead to admissible evidence.

*Request No. 11*

**Sustained.** Defendants have produced the relevant portions of the Utilization Management Guide (UMG) in effect in and around 2008. The burden of producing the entire UMG from 2007 through the present outweighs any benefits.

*Request No. 12*

**Overruled without prejudice.** Defendants do not adequately substantiate how a request for the "Summary of Policy Recommendations for Periodic Health Examination" in effect in and around 2008 is overbroad, vague, not relevant, or *privileged*. By April 21, 2014, the defendants shall file a clarification to this response.

*Request No. 13*

**Sustained.** Requested records are in IDOC's possession, custody, and control.

*Request Nos. 14–17*

**Overruled.** Defendants do not adequately substantiate how these requests for information related to Dr. Zhang's resignation, and Dr. Zhang's and Williams's alleged mismanagement of inmates are overbroad, vague, not relevant, or privileged. As discussed above, the Medical Studies Act creates a state-law privilege not binding in this action.

Defendants shall produce the information requested in Request Nos. 14, 15, 16, and 17 to the Court for *in camera* review by April 21, 2014.

*Request No. 18*

**Overruled without prejudice.** Defendants do not adequately explain how Wexford's "Master Problem List for Stateville's Health Care Unit" and improvement list is not relevant, would be overly burdensome to produce, or why it is contained

within patients' medical files and therefore implicates HIPAA. By April 21, 2014, the defendants shall file a clarification to this response.

*Request No. 19*

**Sustained.** Catalogs of Wexford policies and procedures are not reasonably likely to lead to admissible evidence.

*Request No. 20*

**Sustained.** Catalogs of NCCHC and ACA standards are not reasonably likely to lead to admissible evidence.

*Request No. 21*

**Sustained.** The master list of Wexford policies and procedures is not reasonably likely to lead to admissible evidence.


Dated: April 7, 2014                             *Mary M Rowland*